UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JEFFREY DESKOVIC,                                    **ANSWER**

                              Plaintiff,             07 Civ. 8150 (KMK)

        -against-

CITY OF PEEKSKILL, PUTNAM COUNTY,
WESTCHESTER COUNTY, DAVID LEVINE,
THOMAS MCINTYRE, WALTER BROVARSKI,
EUGENE TUMOLO, JOHN AND JANE DOE
SUPERVISORS, DANIEL STEPHENS, LOUIS
ROH, MILLARD HYLAND and ALAN TWEED,

                              Defendants.
-----------------------------------------------------------------X

        For the answer to the complaint of the plaintiff in the above entitled case,

defendants Putnam County and Daniel Stephens, by their attorneys, SANTANGELO

RANDAZZO & MANGONE LLP, say:

        1.      Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "1" of plaintiff's complaint.

        2.      Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "2" of plaintiff's complaint.

        3.      Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "3" of plaintiff's complaint.

        4.      Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "4" of plaintiff's complaint except admit that

new DNA testing established that the semen found on A.C.'s body came from Cunningham, who subsequently confessed, pled guilty to, and was convicted of the crime.

     5.    Defendants deny the allegations contained in paragraph "5" of plaintiff's complaint.

     6.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "6" of plaintiff's complaint.

     7.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of plaintiff's complaint.

     8.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of plaintiff's complaint.

     9.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of plaintiff's complaint.

     10.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of plaintiff's complaint.

## JURISDICTION

     11.    The allegations contained in paragraph "11" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court.

     12.    The allegations contained in paragraph "12" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court.

     13.    Defendants deny the allegations contained in paragraph "13" of the plaintiff's complaint except admit that plaintiff served a notice of claim and refer all questions of

law to this Honorable Court.

14.     Defendants admit the allegations contained in paragraph "14" of the plaintiff's complaint.

## VENUE

15.     The allegations contained in paragraph "15" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refer any and all questions of law to this Honorable Court.

## JURY DEMAND

16.     No response required.

## PARTIES

17.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "17" of plaintiff's complaint

18.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "18" of plaintiff's complaint.

19.     Defendants admit that the allegations contained in paragraph "19" of the plaintiff's complaint that the defendant Putnam County is a municipality that is a political subdivision of the State of New York, was the employer of defendant Stephens and refer all other questions of law to this Honorable Court.

20.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of plaintiff's complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21" of plaintiff's complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "22" of plaintiff's complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of plaintiff's complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of plaintiff's complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of plaintiff's complaint.

26.     Defendants admit the allegations contained in paragraph "26" of the plaintiff's complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of plaintiff's complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of plaintiff's complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of plaintiff's complaint.

## FACTS

### The Crime and Initial Investigation

30.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of plaintiff's complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of plaintiff's complaint.

32.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of plaintiff's complaint.

33.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "33" of plaintiff's complaint.

34.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of plaintiff's complaint.

35.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of plaintiff's complaint.

36.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of plaintiff's complaint.

37.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of plaintiff's complaint.

38.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38" of plaintiff's complaint.

39.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39" of plaintiff's complaint.

40.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "40" of plaintiff's complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "41" of plaintiff's complaint.

42.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42" of plaintiff's complaint.

43.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43" of plaintiff's complaint.

**Peekskill Police Focus on Peekskill High School for Suspects**

44.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44" of plaintiff's complaint.

45.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "45" of plaintiff's complaint.

46.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "46" of plaintiff's complaint.

47.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47" of plaintiff's complaint.

48.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "48" of plaintiff's complaint.

49.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "49" of plaintiff's complaint.

**The PPD Defendants Conceal Material, Exculpatory and Impeachment Evidence**

50.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of plaintiff's complaint.

51.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" of plaintiff's complaint.

52.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of plaintiff's complaint.

53.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "53" of plaintiff's complaint.

## The Investigation Focuses on Jeffrey Deskovic

54.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "54" of plaintiff's complaint.

55.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of plaintiff's complaint.

56.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of plaintiff's complaint.

57.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of plaintiff's complaint.

58.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "58" of plaintiff's complaint.

## PPD Investigators Exploit Jeffrey's Emotional and Psychological Vulnerabilities

59.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "59" of plaintiff's complaint.

60.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "60" of plaintiff's complaint.

61.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "61" of plaintiff's complaint.

62.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of plaintiff's complaint.

63.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "63" of plaintiff's complaint.

64.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "64" of plaintiff's complaint.

65.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" of plaintiff's complaint.

66.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "66" of plaintiff's complaint.

67.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "67" of plaintiff's complaint.

68.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "68" of plaintiff's complaint.

69.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "69" of plaintiff's complaint.

70.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "70" of plaintiff's complaint.

71.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "71" of plaintiff's complaint.

72.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "72" of plaintiff's complaint.

### Jeffrey Obtains Legal Counsel- Which the Defendants Disregard

73.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" of plaintiff's complaint.

74.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "74" of plaintiff's complaint.

75.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "75" of plaintiff's complaint.

76.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "76" of plaintiff's complaint.

77.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "77" of plaintiff's complaint.

78.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "78" of plaintiff's complaint.

79.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "79" of plaintiff's complaint.

80.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "80" of plaintiff's complaint and refer all questions of law to this Honorable Court.

### The PPD Defendants Conceal Their Fifth Amendment Violations

81.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" of plaintiff's complaint.

82.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of plaintiff's complaint and refer all questions of law to this Honorable Court.

83.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "83" of plaintiff's complaint.

84.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of plaintiff's complaint.

### The Police Question Jeffrey and Fabricate Additional Evidence of Guilt

85.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of plaintiff's complaint.

86.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86" of plaintiff's complaint.

87.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "87" of plaintiff's complaint.

88.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "88" of plaintiff's complaint.

**The Police Plan to Procure Jeffrey's Confession**

89.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "89" of plaintiff's complaint.

90.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "90" of plaintiff's complaint.

91.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "91" of plaintiff's complaint except admit that defendant Stephens performed polygraph "testing" out of a private, non-law enforcement office in Brewster, New York.

92.    Defendants deny the allegations contained in paragraph "92" of the plaintiff's complaint.

93.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "93" of plaintiff's complaint.

**The Coerced "Confession"**

94.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "94" of plaintiff's complaint.

95.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "95" of plaintiff's complaint.

96.    Defendants admit the allegations contained in paragraph "96" of the plaintiff's complaint except deny the allegation that Stephens was not identified as a law enforcement officer.

97.    Defendants admit the allegations contained in paragraph "97" of the plaintiff's complaint and defendants deny knowledge or information sufficient to form a belief as to whether plaintiff had eaten prior to arriving in Brewster.

98.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "98" of plaintiff's complaint.

99.    Defendants deny the allegations contained in paragraph "99" of the plaintiff's complaint.

100.    Defendants admit the allegations contained in paragraph "100" of the plaintiff's complaint.

101.    Defendants admit the allegations contained in paragraph "101" of the plaintiff's complaint that Stephens began to question Jeffrey concerning the rape and murder of A.C., deny the allegations that Stephens provided and/or suggested details to plaintiff and defendants deny knowledge or information sufficient to form a belief as to the remaining allegations.

102.    Defendants deny the allegations contained in paragraph "102" of the plaintiff's complaint.

103.    Defendants deny the allegations contained in paragraph "103" of the

plaintiff's complaint.

104.    Defendants deny the allegations contained in paragraph "104" of the plaintiff's complaint except admit the allegations that Stephens left the room.

105.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "105" of plaintiff's complaint.

106.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "106" of plaintiff's complaint.

107.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "107" of plaintiff's complaint.

108.    Defendants deny the allegations contained in paragraph "108" of plaintiff's complaint.

109.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "109" of plaintiff's complaint.

110.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "110" of plaintiff's complaint.

111.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "111" of plaintiff's complaint.

112.    Defendants deny the allegations contained in paragraph "112" of the plaintiff's complaint.

## Police Coerced, Fabricated, and Concealed Exculpatory Evidence Concerning Additional Investigation of Jeffrey Deskovic

113.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "113" of plaintiff's complaint.

114.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "114" of plaintiff's complaint.

115.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "115" of plaintiff's complaint.

**Jeffrey's Indictment Is Procured With Fabrications and Concealment of Material, Exculpatory and Impeachment Evidence**

116.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "116" of plaintiff's complaint.

117.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "117" of plaintiff's complaint.

118.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "118" of plaintiff's complaint.

119.    Defendants deny the allegations contained in paragraph "119" of the plaintiff's complaint.

**DNA Evidence Exonerates Jeffrey- But the Prosecution Continues**

120.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "120" of plaintiff's complaint.

121.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "121" of plaintiff's complaint.

122.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "122" of plaintiff's complaint.

123.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "123" of plaintiff's complaint.

124.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "124" of plaintiff's complaint.

125.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "125" of plaintiff's complaint.

126.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "126" of plaintiff's complaint.

127.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "127" of plaintiff's complaint.

128.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "128" of plaintiff's complaint.

129.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "129" of plaintiff's complaint.

### Prosecutorial and Police Misconduct Deprive Jeffrey of a Fair Trial

130.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "130" of plaintiff's complaint.

131.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "131" of plaintiff's complaint.

132.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "132" of plaintiff's complaint.

133.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "133" of plaintiff's complaint.

134.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "134" of plaintiff's complaint.

135.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "135" of plaintiff's complaint.

**Mr. Deskovic's Incarceration and Efforts to Prove His Innocence**

136.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "136" of plaintiff's complaint except admit the allegation that plaintiff was convicted and sentenced to fifteen years to life in prison.

137.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "137" of plaintiff's complaint.

138.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "138" of plaintiff's complaint.

139.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "139" of plaintiff's complaint.

**Jeffrey Endures Physical and Sexual Assault by Correctional Officers**

140.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "140" of plaintiff's complaint.

141.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "141" of plaintiff's complaint.

142.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "142" of plaintiff's complaint.

**The Real Killer Is Identified and Jeffrey is Exonerated**

143.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "143" of plaintiff's complaint.

144.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "144" of plaintiff's complaint except admit to the allegation that Mr. Cunningham pleaded guilty.

145.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "145" of plaintiff's complaint.

146.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "146" of plaintiff's complaint except admit the allegation that plaintiff was released from prison.

147.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "147" of plaintiff's complaint.

## Policies and Customs of the PPD, the Westchester County District Attorney's Office, and the Westchester County Medical Examiner's Office

148.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "148" of plaintiff's complaint.

149.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "149" of plaintiff's complaint.

150.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "150" of plaintiff's complaint.

151.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "151" of plaintiff's complaint.

152.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "152" of plaintiff's complaint.

153.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "153" of plaintiff's complaint.

154.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "154" of plaintiff's complaint.

155.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "155" of plaintiff's complaint.

156.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "156" of plaintiff's complaint.

157.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "157" of plaintiff's complaint.

158.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "158" of plaintiff's complaint.

159.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "159" of plaintiff's complaint.

## DAMAGES

160.    Defendants deny the allegations contained in paragraph "160" of the plaintiff's complaint.

161.    Defendants deny the allegations contained in paragraph "161" of the plaintiff's complaint.

162.    Defendants deny the allegations contained in paragraph "162" of the plaintiff's complaint.

163.    Defendants deny the allegations contained in paragraph "163" of the plaintiff's complaint.

## ANSWERING COUNT I

### 42 U.S.C. § 1983 Claim Violation of Mr. Deskovic's Right Against Self-Incrimination and to a Fair Trial Against Defendants Levine, McIntyre, Tumolo, and Stephens

164.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

165.    Defendants deny the allegations contained in paragraph "165" of the plaintiff's complaint.

166.    Defendants deny the allegations contained in paragraph "166" of the plaintiff's complaint.

167.    Defendants deny the allegations contained in paragraph "167" of the plaintiff's complaint.

168.    Defendants deny the allegations contained in paragraph "168" of the plaintiff's complaint.

169.    Defendants deny the allegations contained in paragraph "169" of the plaintiff's complaint.

170.    Defendants deny the allegations contained in paragraph "170" of the plaintiff's complaint.

171.    Defendants deny the allegations contained in paragraph "171" of the plaintiff's complaint.

172.    Defendants deny the allegations contained in paragraph "172" of the plaintiff's complaint.

## ANSWERING COUNT II

**42 U.S.C. § 1983 Claim for Deprivation of Liberty Without Due Process of
Law and Denial of a Fair Trial by Fabricating Evidence,
Withholding Material, Exculpatory and Impeachment Evidence,
and Failing to Investigate in Violation of the
Fourteenth Amendment Against Defendants Levine, McIntyre,
Brovarski, Tumolo and Roh**

173.    Defendants repeat, reiterate and reallege each and every answer

in the foregoing paragraphs with the same force and effect as if set forth more fully at length

herein.

174.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "174" of plaintiff's complaint.

175.    Defendants deny the allegations contained in paragraph "175" of the

plaintiff's complaint.

176.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "176" of plaintiff's complaint.

177.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "177" of plaintiff's complaint.

178.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "178" of plaintiff's complaint.

179.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "179" of plaintiff's complaint.

180.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "180" of plaintiff's complaint.

181.    Defendants deny the allegations contained in paragraph "181" of the

plaintiff's complaint.

182.    Defendants deny the allegations contained in paragraph "182" of the
plaintiff's complaint.

183.    Defendants deny the allegations contained in paragraph "183" of the
plaintiff's complaint.

184.    Defendants deny the allegations contained in paragraph "184" of the
plaintiff's complaint.

### ANSWERING COUNT III

**42 U.S.C. § 1983 Claim for Malicious Prosecution in Violation of
the Fourth and Fourteenth Amendments Against Defendants
Levine, McIntyre, Tumolo, Stephens, and Roh**

185.    Defendants repeat, reiterate and reallege each and every answer
in the foregoing paragraphs with the same force and effect as if set forth more fully at length
herein.

186.    Defendants deny the allegations contained in paragraph "186" of the
plaintiff's complaint.

187.    Defendants deny the allegations contained in paragraph "187" of the
plaintiff's complaint.

188.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "188" of plaintiff's complaint.

189.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "189" of plaintiff's complaint.

190.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "190" of plaintiff's complaint.

191.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "191" of plaintiff's complaint.

192.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "192" of plaintiff's complaint.

193.    Defendants deny the allegations contained in paragraph "193" of the plaintiff's complaint.

194.    Defendants admit the allegations contained in paragraph "194" of the plaintiff's complaint that plaintiff was innocent and refer all other questions of law to this Honorable Court.

195.    Defendants deny the allegations contained in paragraph "195" of the plaintiff's complaint.

196.    Defendants deny the allegations contained in paragraph "196" of the plaintiff's complaint.

### ANSWERING COUNT IV

**42 U.S.C. § 1983 Claim for Engaging in Conduct that Shocks the Conscience in Violation of the Fourteenth Amendment Against Defendants Levine, McIntyre, Brovarski, and Tumolo**

197.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

198.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "198" of plaintiff's complaint.

199.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "199" of plaintiff's complaint.

200.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "200" of plaintiff's complaint.

201.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "201" of plaintiff's complaint.

## ANSWERING COUNT V

### 42 U.S.C. § 1983 Claim for Supervisory Liability Against PPD Supervisors

202.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

203.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "203" of plaintiff's complaint.

204.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "204" of plaintiff's complaint.

205.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "205" of plaintiff's complaint.

206.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "206" of plaintiff's complaint.

## ANSWERING COUNT VI

### 42 U.S.C. § 1983 Claim for Supervisory Liability Against Chief Medical Examiner Hyland

207.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

208.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "208" of plaintiff's complaint.

209.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "209" of plaintiff's complaint.

210.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "210" of plaintiff's complaint.

211.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "211" of plaintiff's complaint.

## ANSWERING COUNT VII

### 42 U.S.C. § 1983 Claim for Failure to Intercede Against Defendants Levine, McIntyre, Brovarski, Tumolo, and John and Jane Doe Supervisors

212.    Defendants repeat, reiterate and reallege each and every answer
in the foregoing paragraphs with the same force and effect as if set forth more fully at length
herein.

213.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "213" of plaintiff's complaint.

214.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "214" of plaintiff's complaint.

215.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "215" of plaintiff's complaint.

## ANSWERING COUNT VIII

### 42 U.S.C. § 1983 Civile Rights Conspiracy Claim Against Defendants Levine, McIntyre, Brovarski, Tumolo, and Stephens

216.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

217.    Defendants deny the allegations contained in paragraph "217" of the plaintiff's complaint.

218.    Defendants deny the allegations contained in paragraph "218" of the plaintiff's complaint, including all subparts thereof.

219.    Defendants deny the allegations contained in paragraph "219" of the plaintiff's complaint.

## ANSWERING COUNT IX

### 42 U.S.C. § 1983 Claim Against the City of Peekskill

220.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

221.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "221" of plaintiff's complaint.

222.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "222" of plaintiff's complaint.

223.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "223" of plaintiff's complaint.

224.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "224" of plaintiff's complaint.

225.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "225" of plaintiff's complaint.

## ANSWERING COUNT X

### 42 U.S.C. § 1983 Claim Against Westchester County

226.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

227.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "227" of plaintiff's complaint.

228.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "228" of plaintiff's complaint.

229.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "229" of plaintiff's complaint.

230.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "230" of plaintiff's complaint.

231.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "231" of plaintiff's complaint.

232.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "232" of plaintiff's complaint.

233.    Defendants deny knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "233" of plaintiff's complaint.

234.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "234" of plaintiff's complaint.

235.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "235" of plaintiff's complaint.

236.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "236" of plaintiff's complaint.

## ANSWERING COUNT XI

### 42 U.S.C. § 1983 Claim for Unreasonable Search and Unnecessary and Wanton Infliction of Pain in Violation of the Fourth, Eighth, and Fourteenth Amendments Against Defendant Tweed

237.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

238.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "238" of plaintiff's complaint.

239.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "239" of plaintiff's complaint.

240.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "240" of plaintiff's complaint.

241.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "241" of plaintiff's complaint.

## ANSWERING COUNT XII

### State Law Claim for Malicious Prosecution Against Defendants Levine,

## McIntyre, Tumolo, Stephens, and Roh

242.    Defendants repeat, reiterate and reallege each and every answer
in the foregoing paragraphs with the same force and effect as if set forth more fully at length
herein.

243.    Defendants deny the allegations contained in paragraph "243" of the
plaintiff's complaint.

244.    Defendants deny the allegations contained in paragraph "244" of the
plaintiff's complaint.

245.    Defendants deny the allegations contained in paragraph "245" of the
plaintiff's complaint.

246.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "246" of plaintiff's complaint.

247.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "247" of plaintiff's complaint.

248.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "248" of plaintiff's complaint.

249.    Defendants deny knowledge or information sufficient to form a belief as
to each and every allegation contained in paragraph "249" of plaintiff's complaint.

250.    Defendants deny the allegations contained in paragraph "250" of the
plaintiff's complaint.

251.    Defendants admit the allegations contained in paragraph "251" of the
plaintiff's complaint that plaintiff was innocent and refer all other questions of law to this
Honorable Court.

252.    Defendants deny the allegations contained in paragraph "252" of the plaintiff's complaint.

253.    Defendants deny the allegations contained in paragraph "253" of the plaintiff's complaint.

## ANSWERING COUNT XIII

### State Law Claim for Intentional or Reckless Infliction of Emotional Distress Against Defendants Levine, McIntyre, Brovarski, Tumolo, Stephens, and Roh

254.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

255.    Defendants deny the allegations contained in paragraph "255" of the plaintiff's complaint.

256.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "256" of plaintiff's complaint.

257.    Defendants deny the allegations contained in paragraph "257" of the plaintiff's complaint.

## ANSWERING COUNT XIV

### State Law Claim for Negligent Infliction of Emotional Distress Against Defendants  Levine, McIntyre, Brovarski, Tumolo, Stephens, and Roh

258.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

259.    Defendants deny the allegations contained in paragraph "259" of the plaintiff's complaint.

260.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "260" of plaintiff's complaint.

261.    Defendants deny the allegations contained in paragraph "261" of the plaintiff's complaint.

## ANSWERING COUNT XV

### Respondeat Superior Claim Against the City of Peekskill

262.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

263.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "263" of plaintiff's complaint.

264.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "264" of plaintiff's complaint.

## ANSWERING COUNT XVI

### Respondeat Superior Claim Against Putnam County

265.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

266.    Defendants deny the allegations contained in paragraph "266" of the plaintiff's complaint except admit that defendant Stephens acted as an agent of, and in the sope

of his employment with, defendant Putnam County.

267.    Defendants deny the allegations contained in paragraph "267" of the plaintiff's complaint.

## ANSWERING COUNT XVII

### Respondeat Superior Claim Against Westchester County

268.    Defendants repeat, reiterate and reallege each and every answer in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

269.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "269" of plaintiff's complaint.

270.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "270" of plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

271.    At all times relevant hereto, defendant Stephens acted in good faith and took appropriate action in the discharge of his official duties.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

272.    Defendant Stephens, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

273.    Defendant Stephens at all relevant times acted in accordance with all laws, rules and regulations and pursuant to his statutory authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

274.    Any conduct which is alleged by plaintiff is ***de minimis*** and unsubstantial and as such the allegations fail to establish a claim under U.S.C. Section 1983.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

275.    The complaint on file herein fails to state a claim upon which relief can be granted.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

276.    Any harm which came to plaintiff was a direct and proximate result to plaintiff's own actions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

277.    That plaintiff's claim or damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 USC Section 1981a).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

278.    Plaintiff failed to comply with the requirements of General Municipal Law Section 50-e et seq.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

279.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

280.    Plaintiff's claim are barred by the doctrine of res judicata.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

281.    Plaintiff's claim are barred by the doctrine of collateral estoppel.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the

plaintiff be dismissed, together with the costs and disbursements of this action and attorney's fees

awarded to the defendants.

Dated: Hawthorne, New York
December 4, 2007

Respectfully submitted,

SANTANGELO RANDAZZO & MANGONE LLP

By: _____

James A. Randazzo (0156)
Attorneys for Defendants- Putnam County and
Daniel Stephens
151 Broadway
Hawthorne, New York 10532
(914) 741-2929

TO:    COCHRAN, NEUFELD & SCHECK LLP
       Attorneys for Plaintiff- Jeffrey Deskovic
       99 Hudson Street, 8th Floor
       New York, New York 10013
       (212) 965-9081


       OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP
       Attorney for Defendants- Westchester County, Louis Roh and Millard Hyland
       120 Bloomingdale Road
       White Plains, New York 10605
       (914) 422-3900

       MIRANDA SOKOLOFF SAMBURSKY SLONE & VERVENIOTIS, LLP
       Attorney for Defendants-City of Peekskill, David Levine,
       Thomas McIntyre and Walter Brovarski
       240 Mineola Boulevard
       The Esposito Building
       Mineola, New York 11501
       (516) 741-7676

## CERTIFICATE OF SERVICE

I, JAMES A. RANDAZZO, hereby certify that on December 4, 2007, I served the within ANSWER upon all parties, by Electronic Case Filing, the address as provided to defendant by notification from this Court:

TO:    COCHRAN, NEUFELD & SCHECK LLP
Attorneys for Plaintiff- Jeffrey Deskovic
99 Hudson Street, 8th Floor
New York, New York 10013
(212) 965-9081


OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP
Attorney for Defendants- Westchester County, Louis Roh and Millard Hyland
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900

MIRANDA SOKOLOFF SAMBURSKY SLONE & VERVENIOTIS, LLP
Attorney for Defendants-City of Peekskill, David Levine,
Thomas McIntyre and Walter Brovarski
240 Mineola Boulevard
The Esposito Building
Mineola, New York 11501
(516) 741-7676

_____
James A. Randazzo (JR-0156)