UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEFFREY DESKOVIC,                                    **ANSWER AND CROSS-CLAIMS**

                Plaintiff,              07 Civ. 8150 (KMK)(GAY)
                                                     TRIAL BY JURY DEMANDED

    -against-

CITY OF PEEKSKILL, PUTNAM COUNTY
WESTCHESTER COUNTY, DAVID LEVINE,
THOMAS McINTYRE, WALTER BORVARSKI,
EUGENE TUMOLO, JOHN and JANE DOE,
SUPERVISORS, DANIEL STEPHENS, LOUIS
ROH, MILLARD HYLAND, and ALLEN TWEED,

                Defendants.
-----------------------------------------------------------x

      Defendants, County of Westchester, Louis Roh and Millard Hyland, by their

attorneys, Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, of counsel to Westchester

County Attorney Charlene Indelicato, as and for their Answer to plaintiff's Complaint, state

as follows:

## **NATURE OF THE ACTION**

1.    Defendants deny knowledge or information sufficient to form a belief as to the

    allegations contained in paragraph "1".

2.    Defendants deny knowledge or information sufficient to form a belief as to the

    allegations contained in paragraph "2", except admit that the victim identified in the

    complaint as "A.C." was murdered and raped.

3.    Defendants deny the allegations contained in paragraph "3".

4.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4", except admit that Steven Cunningham subsequently confessed, pled guilty to, and was convicted of the crimes involving the victim A.C.

5.      Defendants deny the allegations contained in paragraph "5".

6.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6".

7.      Defendants deny the allegations contained in paragraph "7".

8.      Defendants deny the allegations contained in paragraph "8".

9.      Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9".

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10".


## JURISDICTION

11.     Defendants admit the allegations contained in paragraph "11".

12.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" and respectfully refer all questions of law to this court for resolution.

13.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "13", except admit that a Notice of Claim was served upon defendant Westchester County on December 19, 2006, more than thirty (30) days have elapsed since service of that Notice of Claim and no offer of settlement has been made.

14.    Defendants admit the allegations contained in paragraph "14".


## VENUE

15.    Defendants admit the allegations contained in paragraph "15".


## JURY DEMAND

16.    Defendants neither admit nor deny the allegations contained in paragraph "16", except to acknowledge that the plaintiff has requested a trial by jury.


## PARTIES

17.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17".

18.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18".

19.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19".

20.   Defendants deny the allegations contained in paragraph "20", except admit that defendant Westchester County is a political subdivision of the State of New York and was and continues to be the employer of defendants Roh and Hyland. The defendants respectfully refer all questions of law to this court for resolution.

21.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21".

22.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22".

23.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23".

24.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24", except admit that at the present time, defendant Tumolo is the Chief of Police of the Peekskill Police Department.

25.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25".

26.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26".

27.   Defendants admit the allegations contained in paragraph "27" to the extent that defendant Louis Roh is employed by the Westchester County Department of Laboratories and Research as a Deputy Medical Examiner.

28. Defendants admit the allegations contained in paragraph "28" to the extent that all times relevant herein, defendant Dr. Millard Hyland was employed by Westchester County Department of Laboratories and Research as Pathologist/Medical Examiner.

29. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29".

## FACTS

## THE CRIME AND INITIAL INVESTIGATION

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30".

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31".

32. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32".

33. Defendants admit the allegations contained in paragraph "33".

34. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34".

35. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35", except admit that members of the Peekskill Police Department collected evidence.

36.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "36".

37.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "37".

38.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "38".

39.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "39".

40.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "40", except admit that Steven Cunningham pled
        guilty to crimes involving A.C.

41.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "41".

42.     Defendants admit the allegations contained in paragraph "42".

43.     Defendants admit the allegations contained in paragraph "43".

## THE PEEKSKILL POLICE FOCUS ON
## PEEKSKILL HIGH SCHOOL FOR SUSPECTS

44.     Defendants deny knowledge or information sufficient to form a belief as to the
        allegations contained in paragraph "44".

45.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "45".

46.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46".

47.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47".

48.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "48".

49.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49".

## THE PPD DEFENDANTS CONCEAL MATERIAL, EXCULPATORY AND IMPEACHMENT EVIDENCE

50.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "50".

51.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "51".

52.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52".

53.   Defendants deny the allegations contained in paragraph "53".

## THE INVESTIGATION FOCUSES ON JEFFREY DESKOVIC

54.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54", except admit that in November, 1989 the plaintiff was sixteen years old and he attended Peekskill High School.

55.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55".

56.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56".

57.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57".

58.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58".

## PPD INVESTIGATORS EXPLOIT JEFFREY'S
## EMOTIONAL AND PSYCHOLOGICAL VULNERABILITIES

59.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59".

60.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60".

61.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "61".

62.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "62".

63.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "63".

64.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64", except admit that former Assistant District Attorney Robert Neary was present at the Peeskill Police Department Headquarters on December 12, 1989 and that ADA Neary requested that a representative of the Peekskill Police Department ascertain if Jeffrey Deskovic would consent to a polygraph examination.

65.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "65", except admit that Assistant District Attorney George Bolen was the Deputy Division Chief, Superior Court Trial Division in the Westchester County District Attorney's Office and was the trial attorney for the prosecution in the case brought against Jeffrey Deskovic.

66.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "66".

67.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "67".

68.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "68".

69.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "69".

70.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70".

71.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "71".

72.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72".

## JEFFREY OBTAINS LEGAL COUNSEL - WHICH THE DEFENDANTS DISREGARD

73.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "73".

74.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "74".

75.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "75".

76.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "76".

77.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "77".

78.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "78".

79.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79".

80.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80" and respectfully refer all questions of law to this court for resolution.

## THE PPD DEFENDANTS CONCEAL
## THEIR FIFTH AMENDMENT VIOLATIONS

81.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "81".

82.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "82", and respectfully refer all questions of law to this court for resolution.

83.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "83".

84.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "84".

## THE POLICE QUESTION JEFFREY AND
## FABRICATE ADDITIONAL EVIDENCE OF GUILT

85.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "85".

86.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "86".

87.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "87".

88.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "88".


## THE POLICE PLAN TO PROCURE JEFFREY'S CONFESSION

89.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "89".

90.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "90".

91.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "91", except admit that a polygraph examination

of plaintiff Jeffrey Deskovic was conducted by defendant Daniel Stephens in

Brewster, New York on January 25, 1990.

92.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "92".

93.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "93", except admit that no personnel from the Westchester County District Attorney's office was present at the polygraph examination conducted on January 25, 1990.

## THE COERCED "CONFESSION"

94.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "94", except admit that the plaintiff participated in a polygraph examination on January 25, 1990.

95.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "95".

96.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "96".

97.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "97".

98.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "98".

99.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "99".

100.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "100", except admit that defendant Stephens obtained plaintiff Jeffrey Deskovic's signature on documents in preparation for the polygraph examination.

101.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "101", except admit that the polygraph examination was administered by defendant Stephens.

102.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "102".

103.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "103".

104.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "104".

105.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "105".

106.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "106".

107.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "107".

108.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "108".

109.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "109".

110.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "110".

111.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "111".

112.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "112".

## POLICE COERCED, FABRICATED AND
## CONCEALED EXCULPATORY EVIDENCE CONCERNING
## ADDITIONAL INVESTIGATION OF JEFFREY DESKOVIC

113.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "113".

114.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "114".

115.    Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph "115".

**JEFFREY'S INDICTMENT IS PROCURED WITH
FABRICATIONS AND CONCEALMENT OF MATERIAL,
EXCULPATORY AND IMPEACHMENT EVIDENCE**

116.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "116", except admit that the plaintiff consented to have his blood drawn and that the plaintiff's blood sample, along samples taken from the victim A.C. were sent to the FBI laboratory for testing.

117.    Defendants deny the allegations contained in paragraph "117".

118.    Defendants deny the allegations contained in paragraph "118", except admit that the February, 1990 Grand Jury voted to indict the plaintiff on February 1, 1990 and the indictment was handed up to Judge Lange on February 27, 1990.

119.    Defendants deny the allegations contained in paragraph "119".

**DNA EVIDENCE EXONERATES JEFFREY -
BUT THE PROSECUTION CONTINUES**

120.    Defendants deny the allegations contained in paragraph "120", except admit that correspondence was received from the FBI Laboratory excluding the plaintiff as the source of the semen found on the vaginal swab taken from the victim.  Upon information and belief, Assistant District Attorney George Bolen and other representatives of the Westchester County District Attorney's Office were notified of the results from the FBI Laboratory.

121.    Defendants deny knowledge or information sufficient to form a belief as to the

-16-

allegations contained in paragraph "121".

122.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "122".

123.    Defendants deny the allegations contained in paragraph "123".

124.    Defendants deny the allegations contained in paragraph "124".

125.    Defendants deny the allegations contained in paragraph "125".

126.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "126".

127.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "127".

128.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "128".

129.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "129".

### PROSECUTORIAL AND POLICE
### MISCONDUCT DEPRIVE JEFFREY OF A FAIR TRIAL

130.    Defendants deny the allegations contained in paragraph "130".

131.    Defendants deny the allegations contained in paragraph "131".

132.    Defendants deny the allegations contained in paragraph "132", and respectfully refer the court to the trial transcript.

-17-

133.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "133".

134.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "134".

135.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "135".

## MR. DESKOVIC'S INCARCERATION AND EFFORTS TO PROVE HIS INNOCENCE

136.  Defendants admit the allegations contained in paragraph "136".

137.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "137", except admit that plaintiff filed both direct appeals regarding his conviction, as well as petitions in Federal Court to obtain his release.

138.  Defendants admit the allegations contained in paragraph "138".

139.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "139", except admit that the plaintiff filed a petition for *a writ of habeas corpus* which application was denied by United States District Court Judge Barbara Jones. Judge Jones' determination was affirmed by the United States Court of Appeals for the Second Circuit and the plaintiff's petition for certiorari was denied by the Supreme Court of the United States.

## JEFFREY ENDURES PHYSICAL AND SEXUAL
## ASSAULT BY CORRECTIONAL OFFICERS

140. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "140".

141. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "141".

142. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "142".


## THE REAL KILLER IS IDENTIFIED AND JEFFREY IS EXONERATED

143. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "143", except admit that current Westchester County District Attorney Janet DiFiore consented to conduct STR DNA testing on the semen found on the vaginal swab taken from the victim and to run the results of that testing against the available DNA data bases for convicted offenders.

144. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "144", except admit that the DNA profile was matched to Steven Cunningham who subsequently pled guilty to crimes involving A.C. and was sentenced.

145. Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "145".

146.   Defendants admit the allegations contained in paragraph "146".

147.   Defendants admit the allegations contained in paragraph "147".

## POLICES AND CUSTOMS OF THE PPD, WESTCHESTER COUNTY DISTRICT ATTORNEY'S OFFICE, AND THE WESTCHESTER COUNTY MEDICAL EXAMINER'S OFFICE

148.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "148".

149.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "149".

150.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "150".

151.   Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "151".

152.   Defendants deny the allegations contained in paragraph "152".

153.   Defendants deny the allegations contained in paragraph "153".

154.   Defendants deny the allegations contained in paragraph "154".

155.   Defendants deny the allegations contained in paragraph "155".

156.   Defendants deny the allegations contained in paragraph "156".

157.   Defendants deny the allegations contained in paragraph "157".

158.    Defendants deny the allegations contained in paragraph "158".

159.    Defendants deny the allegations contained in paragraph "159".


## DAMAGES

160.    Defendants deny the allegations contained in paragraph "160".

161.    Defendants deny the allegations contained in paragraph "161".

162.    Defendants deny the allegations contained in paragraph "162".

163.    Defendants deny the allegations contained in paragraph "163".


## COUNT I

**42 U.S.C. § 1983 CLAIM VIOLATION OF MR. DESKOVIC'S RIGHT AGAINST SELF-INCRIMINATION AND TO A FAIR TRIAL AGAINST DEFENDANTS LEVINE, McINTYRE, TUMOLO and STEPHENS**

164.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "164".

165.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "165".

166.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "166".

167.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "167".

168.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "168".

169.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "169" and respectfully refer all questions of law to this court for resolution.

170.    Defendants deny the allegations contained in paragraph "170" , except admit that portions of statements obtained from the plaintiff, including statements obtained on January 25, 1990 were introduced against the plaintiff during pretrial proceedings and at the criminal trial.

171.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "171".

172.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "172".


## COUNT II

**42 U.S.C. § 1983 CLAIM FOR DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW AND DENIAL OF A TRIAL BY FABRICATING EVIDENCE, WITHHOLDING MATERIAL, EXCULPATORY AND IMPEACHMENT EVIDENCE,  AND FAILING TO INVESTIGATE IN VIOLATION OF THE FOURTEENTH AMENDMENT AGAINST DEFENDANTS LEVINE, McINTYRE, BROVARSKI, TUMOLO and ROH**

173.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "173".

174.    Defendants deny the allegations contained in paragraph "174" and respectfully refer all questions of law to the court for resolution.

175.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "175".

176.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "176".

177.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "177".

178.    Defendants deny the allegations contained in paragraph "178".

179.    Defendants deny the allegations contained in paragraph "179".

180.    Defendants deny the allegations contained in paragraph "180".

181.    Defendants deny the allegations contained in paragraph "181".

182.    Defendants deny the allegations contained in paragraph "182".

183.    Defendants deny the allegations contained in paragraph "183".

184.    Defendants deny the allegations contained in paragraph "184".


## COUNT III

**42 U.S.C. § 1983 CLAIM FOR MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS LEVINE, McINTYRE, TUMOLO, STEPHENS and ROH**

185.    Defendants repeat, reiterate and reallege each and every admission and/or denial as

if more fully set forth herein in response to paragraph "185".

186.   Defendants deny the allegations contained in paragraph "186".

187.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "187".

188.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "188".

189.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "189".

190.   Defendants deny the allegations contained in paragraph "190".

191.   Defendants deny the allegations contained in paragraph "191".

192.   Defendants deny the allegations contained in paragraph "192".

193.   Defendants deny the allegations contained in paragraph "193".

194.   Defendants admit the allegations contained in paragraph "194".

195.   Defendants deny the allegations contained in paragraph "195".

196.   Defendants deny the allegations contained in paragraph "196".

## COUNT IV

**42 U.S.C. § 1983 CLAIM FOR ENGAGING IN CONDUCT THAT SHOCKS THE CONSCIENCE AND VIOLATIONS OF THE FOURTEENTH AMENDMENT AGAINST DEFENDANTS LEVINE, McINTYRE, BROVARSKI and TUMOLO**

197.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "197".

198.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "198".

199.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "199".

200.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "200".

201.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "201".


## COUNT V

**42 U.S.C. § 1983 CLAIM FOR SUPERVISORY LIABILITY AGAINST PPD SUPERVISORS**

202.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "202".

203.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "203".

204.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "204".

205.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "205".

206.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "206".


**COUNT VI**

**42 U.S.C. § 1983 CLAIM FOR SUPERVISORY LIABILITY AGAINST CHIEF MEDICAL EXAMINER HYLAND**

207.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "207".

208.    Defendants deny the allegations contained in paragraph "208".

209.    Defendants deny the allegations contained in paragraph "209".

210.    Defendants deny the allegations contained in paragraph "210".

211.    Defendants deny the allegations contained in paragraph "211".

## COUNT VII

## 42 U.S.C. § 1983 CLAIM FOR FAILURE TO INTERCEDE AGAINST DEFENDANTS LEVINE, McINTRYE, BROVARSKI, TUMOLO and JOHN AND JANE DOE SUPERVISORS

212.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "212".

213.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "213".

214.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "214".

215.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "215".

## COUNT VIII

## 42 U.S.C. § 1983 CIVIL RIGHTS CONSPIRACY CLAIM AGAINST DEFENDANTS LEVINE, McINTYRE, BROVARSKI, TUMOLO AND STEPHENS

216.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "216".

217.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "217".

218.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "218".

219.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "219".

## COUNT IX

### 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF PEEKSKILL

220.   Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "220".

221.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "221".

222.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "222".

223.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "223".

224.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "224".

225.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "225".

## COUNT X

### 42 U.S.C. § 1983 CLAIM AGAINST WESTCHESTER COUNTY

226. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "226".

227. Defendants deny the allegations contained in paragraph "227".

228. Defendants deny the allegations contained in paragraph "228".

229. Defendants deny the allegations contained in paragraph "229".

230. Defendants deny the allegations contained in paragraph "230".

231. Defendants deny the allegations contained in paragraph "231".

232. Defendants deny the allegations contained in paragraph "232".

233. Defendants deny the allegations contained in paragraph "233".

234. Defendants deny the allegations contained in paragraph "234".

235. Defendants deny the allegations contained in paragraph "235".

236. Defendants deny the allegations contained in paragraph "236".

## COUNT XI

### 42 U.S.C § 1983 CLAIM FOR UNREASONABLE SEARCH AND UNNECESSARY AND WANTON INFLICTION OF PAIN IN VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT TWEED

237. Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "237".

238.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "238".

239.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "239".

240.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "240".

241.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "241".

## COUNT XII

## STATE LAW CLAIM FOR MALICIOUS PROSECUTION AGAINST DEFENDANTS LEVINE, McINTYRE, TUMOLO, STEPHENS and ROH

242.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "242".

243.    Defendants deny the allegations contained in paragraph "243".

244.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "244" .

245.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "245".

246.    Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "246".

247.   Defendants deny the allegations contained in paragraph "247".

248.   Defendants deny the allegations contained in paragraph "248".

249.   Defendants deny the allegations contained in paragraph "249".

250.   Defendants deny the allegations contained in paragraph "250".

251.   Defendants admit the allegations contained in paragraph "251".

252.   Defendants deny the allegations contained in paragraph "252".

253.   Defendants deny the allegations contained in paragraph "253".


**COUNT XIII**

**STATE LAW CLAIM FOR INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LEVINE, McINTYRE, BROVARSKI, TUMOLO, STEPHENS, and ROH**

254.   Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "254".

255.   Defendants deny the allegations contained in paragraph "255".

256.   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "256".

257.   Defendants deny the allegations contained in paragraph "257".

## COUNT XIV

**STATE LAW CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS LEVINE, McINTYRE, BROVARSKI, TUMOLO, STEPHENS, and ROH**

258.  Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "258".

259.  Defendants deny the allegations contained in paragraph "259".

260.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "260".

261.  Defendants deny the allegations contained in paragraph "261".


## COUNT XV

### RESPONDEAT SUPERIOR CLAIM
### AGAINST THE CITY OF PEEKSKILL

262.  Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "262".

263.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "263".

264.  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "264".

## COUNT XVI

### RESPONDEAT SUPERIOR CLAIM AGAINST PUTNAM COUNTY

265.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "265".

266.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "266".

267.    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "267".

## COUNT XVII

### RESPONDEAT SUPERIOR CLAIM AGAINST WESTCHESTER COUNTY

268.    Defendants repeat, reiterate and reallege each and every admission and/or denial as if more fully set forth herein in response to paragraph "268".

269.    Defendants deny the allegations contained in paragraph "269", except admit that at all times relevant to the complaint, defendant Roh was employed by defendant County of Westchester as a Deputy Medical Examiner.

270.    Defendants deny the allegations contained in paragraph "270".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

271.  Plaintiff's complaint should be dismissed as defendant Roh is entitled to absolute immunity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

272.  The defendants are entitled to dismissal of plaintiff's complaint as the actions undertaken by representatives of the Westchester County District Attorney's office are protected by absolute immunity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

273.  The plaintiff's cause of action asserted against defendant Dr. Millard Hyland for supervisory liability should be dismissed as that claim fails to state a cause of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

274.  Plaintiff's claims against Dr. Roh for malicious prosecution, both pursuant to state law, and pursuant to 42 U.S.C. § 1983, are subject to dismissal as those claims fail to state a cause of action against Dr. Roh and further, since the elements of those claims cannot be established as against defendant Roh.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

275. The complaint fails to set forth a basis upon which an award of punitive damages may be based.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

276. Plaintiff's claim against Westchester County pursuant to 42 U.S.C. § 1983 should be dismissed as the plaintiff has failed to provide appropriate facts to support the claim that the defendant failed to supervise, train, and discipline Assistant District Attorneys as well as representatives of the Westchester County Medical Examiner's office.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

277. The individual defendants are entitled to qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

278. To the extent that plaintiff asserts claims against the Westchester County District Attorney's office, those claims are barred by the Eleventh Amendment Doctrine of Sovereign Immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

279. Plaintiff's claims are barred by res judicata and collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

280.    Plaintiff's claims are barred in whole or in part by applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

281.    Plaintiff's damages resulted from actions of third parties over whom the answering

defendants have no authority.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

282.    Plaintiff was not damaged as a result of any policy, practice, custom or procedure of

Westchester County.

## AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS CITY OF PEEKSKILL, PUTNAM COUNTY, DAVID LEVINE, THOMAS McINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, DANIEL STEPHENS, and ALAN TWEED

283.    If plaintiff sustained any injuries as alleged, other than through its own negligence,

and if the answering defendants are found liable to plaintiff for any portion of those

damages, then such liability shall derive from the carelessness, recklessness,

negligence or intentional acts, or commission or omissions, on the part of the co-

defendants City of Peeksill, Putnam County, David Levine, Thomas McIntyre, Walter

Brovarski, Eugene Tumolo, Daniel Stephens and Alan Tweed, without any

carelessness, recklessness, negligence, or intentional actions, or commissions, or

-36-

omissions on the part of the answering defendants and, accordingly, the answering

defendants are entitled to common-law and/or contractual indemnification over and

against co-defendants City of Peekskill, Putnam County, David Levine, Thomas

McIntyre, Walter Brovarski, Eugene Tumolo, Daniel Stephens and Alan Tweed for

the amount of any such award.

**AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS CITY OF PEEKSKILL, PUTNAM COUNTY, DAVID LEVINE, THOMAS McINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, DANIEL STEPHENS, and ALAN TWEED**

284.    If plaintiff sustained the damages in the manner and at the time and place alleged

through any carelessness, recklessness, negligence or intentional acts, or commissions

or omissions other than plaintiff's own, then said damages were sustained in whole

or in part by reason of the carelessness, recklessness, negligence, or intentional acts,

or commissions or omissions on the part of co-defendants City of Peekskill, Putnam

County, David Levine, Thomas McIntyre, Walter Brovarski, Eugene Tumolo, Daniel

Stephens and Alan Tweed, and, if any judgment is recovered herein against the

answering defendants, then the answering defendants would be damaged thereby and

would be entitled to contribution on the basis of apportionment of responsibility for

the alleged occurrence and entitled to judgment over and against co-defendants City

of Peekskill, Putnam County, David Levine, Thomas McIntyre, Walter Borvarski,

Eugene Tumolo, Daniel Stephens and Alan Tweed, for all or part of any verdict or

judgment that plaintiff may recover against the answering defendants, together with costs, disbursements and attorneys' fees for this action.

**WHEREFORE**, it is respectfully requested that the plaintiff's complaint be dismissed in its entirety and that the answering defendants be awarded judgment in their favor, together with such other and further relief as this court deems just and proper.

Dated:    White Plains, New York
          December 6, 2007

                                        Stuart E. Kahan        (SK-7767)
                                        Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
                                        *Of Counsel to Westchester County Attorney Charlene
                                        Indelicato   Attorneys for defendants Westchester
                                        County, Louis Roh and Millard Hyland*
                                        120 Bloomingdale Road
                                        White Plains, New York 10605
                                        (914) 422-3900 - office
                                        (914) 422-3636 - facsimile
                                        skahan@oxmanlaw.com

TO:    Cochran Neufeld & Scheck, LLP
       99 Hudson Street - 8th Floor
       New York, New York 10013

       Brian Sokoloff, Esq.
       Miranda Sokoloff Sambursky Slone Verveniotis, LLP
       240 Mineola Blvd.
       Mineola, New York 11501

       James A. Randazzo, Esq.
       Santangelo Randazzo & Mangone, LLP
       151 Broadway
       Hawthorne, New York 10532