# COCHRAN NEUFELD & SCHECK, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick J. Brustin
Debi Cornwall

Jennifer E. Laurin
Monica R. Shah
Anna Benvenutti Hoffmann

Johnnie L. Cochran, Jr.
(1937-2005)

**MEMO ENDORSED**

JAN 14 2008

January 14, 2008

**By Facsimile**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Room 533
White Plains, NY 10601
Fax: 914-390-4152

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re:    <u>Deskovic v. City of Peekskill, et al.</u>, No. 07 Civ. 8150 (KMK)

Dear Judge Karas,

  Counsel for plaintiff Jeffery Deskovic writes, pursuant to Your Honor's individual practices, to respond to the January 9, 2008 letter of Assistant Attorney General John Knudsen, counsel for defendant Alan Tweed.[1] Plaintiff respectfully submits that the causes of action against Officer Tweed are properly venued in the Southern District of New York, and that Officer Tweed is properly joined as a defendant. Accordingly, plaintiff contends that any motion to dismiss on those grounds would be futile, and that leave to file such motion should be denied.

  Plaintiff's constitutional and state law claims against all defendants arise out of his 1990 wrongful conviction in Westchester County, at the age of seventeen, for the rape and murder of his Peekskill High School classmate. As the complaint details, Mr. Deskovic was imprisoned for sixteen years before his DNA exoneration and release in September 2006. Throughout much of his incarceration at Elmira Correctional Facility in New York, Mr. Deskovic endured physical and sexual abuse inflicted upon him by Officer Tweed - the psychological damage from which was greatly exacerbated by Mr. Deskovic's circumstances as an innocent man wrongly convicted. Mr. Deskovic brings claims against those who caused his wrongful arrest, prosecution, and conviction in Westchester County, and against Officer Tweed for violation of his Fourth, Eighth, and Fourteenth Amendment rights during his resulting incarceration.

---

[1] Leave to fax the instant response was granted, on today's date, by Eric in Your Honor's chambers.

Officer Tweed asserts that plaintiff's claims against him arose in the Western District of New York, where Elmira is located, and that therefore venue in the Southern District of New York is improper under the "transactional" venue provision of 28 U.S.C. § 1391(b)(2). Putting aside that the circumstances of Mr. Deskovic's wrongful conviction - which indisputably occurred in the Southern District of New York - are inextricably tied to the damages caused by Officer Tweed's conduct, Officer Tweed's argument entirely overlooks that venue is proper in the Southern District pursuant to the "residence" venue provision of 28 U.S.C. § 1391(b)(1). Venue is proper in the judicial district where *any* defendant resides, if all defendants reside within the state in which the action is brought. Based upon belief and information provided by opposing counsel, all defendants, including Officer Tweed reside within the State of New York. Moreover, multiple defendants live within the Southern District of New York, including but not limited to the City of Peekskill, Westchester County, and Putnam County - all corporations subject to personal jurisdiction within the Southern District, see 28 U.S.C. § 1391(c). Therefore, venue in the Southern District is proper as to plaintiff's claims against Officer Tweed.

Additionally, plaintiff submits that even if the claims against Officer Tweed did not satisfy the venue requirements of § 1391(b), the doctrine of pendent venue could be appropriately invoked by the Court to maintain those claims in the Southern District. See, e.g., Hsin Ten Enterprise USA, Inc. V. Clark Enterprises, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000) (exercise of pendent venue appropriate where claims "arise out of the same nucleus of operative fact" as properly venued claims). Not only are plaintiff's innocence and the circumstances of his wrongful conviction relevant to the damages caused by Officer Tweed's actions, but, conversely, Mr. Deskovic's suffering during his incarceration, including by the actions of Officer Tweed, will be relevant to proving damages on the claims relating directly to Mr. Deskovic's wrongful arrest, prosecution, and conviction in Westchester County. Indeed, all defendants have stated cross-claims against Officer Tweed. Accordingly, "'judicial economy, convenience to the parties and the court system, avoidance of piecemeal litigation and fairness to the litigants'" all counsel in favor of litigating the claims against Officer Tweed in the same venue as plaintiff's other claims relating to his wrongful conviction. Id.

Finally, for the reasons just discussed, plaintiff's claims against Officer Tweed are properly joined with his other claims arising out of his wrongful arrest, prosecution, and conviction. Plaintiff's claims that his constitutional rights were violated during his imprisonment arise out of the same "series of . . . occurrences" that began with his wrongful conviction, and will present "question[s] of fact" in common with the other claims. Fed. R. Civ. P. 20(a).

Because Officer Tweed's motion to dismiss on venue and joinder grounds would be without basis, plaintiff respectfully submits that the Court should deny leave to file the motion.

The Clerk is respectfully requested to docket this letter.

Sincerely,

Nick Brustin

SO ORDERED

KENNETH M. KARAS U.S.D.J.
1/14/08

2

cc: (All Via Facsimile)
John E. Knudsen
Office of the Attorney General

Brian S. Sokoloff
Miranda Sokoloff Sambursky Slone Verveniotis LLP

James A. Randazzo
Santangelo Randazzo & Mangone LLP

Stuart Evan Kahan
Oxman Tulis Kirkpatrick Whyatt & Geiger, lLP

William Florence
City of Peekskill Department of Law