


**MEMO ENDORSED**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

January 9, 2008

By Hand

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street. Room 533
White Plains, New York 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

      Re:    Deskovic v. City of Peekskill
             07 Civ. 8150 (KMK)

Dear Judge Karas:

      This letter is submitted to register with the Court that Officer Tweed intends to move to dismiss the complaint on the basis of improper venue, and accordingly we request a pre-motion conference as required by your individual practices. Alternatively, we request permission to file such a motion without a conference. Officer Tweed's response to the complaint is currently due on January 14, 2008. As set forth in more detail below, the allegations in the complaint against Officer Tweed are separate and independent of the remaining claims in this matter, and since the allegations against Officer Tweed occurred, and he resides in, the Western District of New York, those claims should be dismissed as improperly venued pursuant to F.R.C.P. Rule 12(b)(3).

      Initially, the claims against Officer Tweed are distinct from the remaining allegations in the complaint. The gravamen of the complaint is that all the individual defendants, with the exception of Officer Tweed, deliberately and maliciously manufactured a criminal case against the plaintiff, which led to plaintiff's incarceration. Officer Tweed is not alleged to be involved in that aspect of this complaint. Rather, plaintiff asserts that Officer Tweed conducted sexually inappropriate searches while he was incarcerated in Elmira Correctional facility. On its face, this claim is separate and distinct from the remaining aspects of this matter.

      When a complaint asserts multiple claims, venue must be proper for each claim. See, e.g., Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 736 (S.D.N.Y. 1996) ("In the case of multiple claims, proper venue must be established with respect to each cause of action asserted.") Here, plaintiff does not assert that venue is proper in this Court with respect to the claims against Officer Tweed. Compare Complaint, ¶ 15. Plaintiff notes that Officer Tweed

works at the Elmira Correctional facility, Comp., ¶ 29, and alleges that these improper searches occurred while he was incarcerated at Elmira. Id., ¶ 140. Elmira Correctional facility is located in Chemung County and venued in the Western District of New York. 28 U.S.C. § 112(d). Thus, plaintiff's complaint appears to admit that venue is not proper here for the claim against Officer Tweed.

Further, the claims against Officer Tweed are improperly joined with the claims against the other defendants. F.R.C.P. Rule 20 allows permissive joinder of plaintiffs when claims "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and have a "common" "question of law or fact." Both of these criteria must be satisfied for permissive joinder to be proper. See Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992). Here, neither of these criteria are satisfied. As set forth above, the claim against Officer Tweed is separate and distinct, and does not arise from the same "transaction" or "occurrence," or involve similar questions of fact. Further, plaintiff's claim against Officer Tweed sounds in the Eighth Amendment, and thus there is no common question of law with the other defendants.

Finally, there appears to be no judicial economy in keeping these cases together. Accordingly, we respectfully request a pre-motion conference on this issue, or alternatively permission to file a motion to dismiss pursuant to Rule 12(b)(3) for Officer Tweed. We also respectfully request that the Court adjourn Officer Tweed's response date until the Court rules on this request.

Respectfully submitted,

/s/ John E. Knudsen
John E. Knudsen
Assistant Attorney General
(212) 416-8625

cc:   Jennifer E. Laurin, Esq. (all via facsimile)
      Cochran Neufeld & Scheck, LLP

      Brian S. Sokoloff, Esq.
      Miranda Sokoloff Sambursky Slone Verveniotis LLP

      James A. Randazzo, Esq.
      Santangelo Randazzo & Mangone LLP

      Stuart Evan Kahan, Esq.
      Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP

      William Florence, Esq.
      City of Peekskill Department of Law

*[Handwritten order:]* The Court will hold a pre-motion conference on February 15, 2008, at 11:00. Defendant Tweed's time to answer or otherwise respond to the Complaint is stayed until then.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
1/14/08