*3d party summons issued*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JEFFREY DESKOVIC,

                 Plaintiff,

      -against-

CITY OF PEEKSKILL, PUTNAM COUNTY,
WESTCHESTER COUNTY, DAVID LEVINE,
THOMAS McINTYRE, WALTER BROVARSKI,
EUGENE TUMOLO, JOHN AND JANE DOE
SUPERVISORS, DANIEL STEPHENS, LOUIS
ROH, MILLARD HYLAND, GEORGE BOLEN,
and ALAN TWEED,

             Defendants.
--------------------------------------------------------------x
CITY OF PEEKSKILL, DAVID LEVINE,
THOMAS McINTYRE, and WALTER
BROVARSKY,

        Third-Party Plaintiffs,

      -against-

PETER INSERO and THE LEGAL AID SOCIETY
OF WESTCHESTER COUNTY,

        Third-Party Defendants.
--------------------------------------------------------------x

**THIRD-PARTY
COMPLAINT**

Docket No.
07 Civ. 8150 (KMK)



Defendants/third-party plaintiffs CITY OF PEEKSKILL, DAVID LEVINE,

THOMAS McINTYRE, and WALTER BROVARSKY, by their attorneys, MIRANDA

SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, complaining of third-party

defendants, PETER INSERO and THE LEGAL AID SOCIETY OF WESTCHESTER

COUNTY, set forth as follows:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## THE PARTIES

1.      Plaintiff is an individual who resides in the State of New York.

2.      Defendant/third-party plaintiff CITY OF PEEKSKILL was and is a municipal corporation that is a political subdivision of the State of New York.

3.      Defendant/third-plaintiff DAVID LEVINE is an individual who resides in the State of New York. At all times relevant to this matter, DAVID LEVINE was employed by the City of Peekskill Police Department.

4.      Defendant/third-party plaintiff THOMAS McINTYRE is an individual who resides in the State of New York. At all times relevant to this matter, THOMAS McINTYRE was employed by the City of Peekskill Police Department.

5.      Defendant/third-party plaintiff WALTER BROVARSKI is an individual who resides in the State of New York. At all times relevant to this matter, WALTER BROVARSKI was employed by the City of Peekskill Police Department.

6.      Third-party defendant PETER INSERO at all times relevant to this matter was a duly appointed attorney acting within the scope of his employment by the LEGAL AID SOCIETY OF WESTCHESTER.

7.      Third-party defendant LEGAL AID SOCIETY OF WESTCHESTER COUNTY at all times relevant to this matter was a legal services organization that provided legal representation to indigent criminal defendants in Westchester County, and was the employer of defendant PETER INSERO.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the claim arose in this district.

## FACTS

10.     Following an investigation by the Peekskill Police Department into the events surrounding the death of a teenage girl, Angela Correa, on January 25, 1990, plaintiff JEFFREY DESKOVIC was arrested by members of the Peekskill Police Department.

11.     At some point, either before or after his arrest, plaintiff JEFFREY DESKOVIC either retained or was assigned third-party defendants PETER INSERO and/or THE LEGAL AID SOCIETY OF WESTCHESTER COUNTY to represent him in connection with the investigation and/or criminal charges stemming from it.

12.     On February 27, 1990, plaintiff was indicted on three counts of murder in the second degree, one count of first degree rape, and one count of fourth degree possession of a weapon.

13.     In March 1990, after a request from the Peekskill Police Department for DNA testing of semen found inside Angela Correa's deceased body, the FBI reported that the semen did not match DNA from JEFFREY DESKOVIC. Those test results were given to the defense in advance of JEFFREY DESKOVIC's criminal trial.

14.     On December 7, 1990, plaintiff JEFFREY DESKOVIC was convicted by a Westchester County jury of murder, rape, and possession of a weapon. On January 18, 1991, plaintiff JEFFREY DESKOVIC was sentenced.

15.     PETER INSERO and/or THE LEGAL AID SOCIETY OF WESTCHESTER COUNTY represented JEFFREY DESKOVIC through his conviction and sentencing, including but not limited to at a pre-trial Huntley hearing, at trial, and at sentencing.

16.     On September 20, 2006, JEFFREY DESKOVIC's conviction was vacated and he was released from prison based upon a joint CPL § 440.10 motion by the Westchester County District Attorney's Office and counsel for JEFFREY DESKOVIC.

17.     On November 2, 2006, on motion of the Westchester County District Attorney, the indictment against JEFFREY DESKOVIC was dismissed on the ground of actual innocence.

18.     On September 18, 2007, plaintiff JEFFREY DESKOVIC commenced the instant action against CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS McINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, and ALAN TWEED. A copy of the complaint is annexed hereto as Exhibit "A".

19.     In the complaint, JEFFREY DESKOVIC asserts a number of federal and state claims arising from his arrest, prosecution, conviction, and sentencing. He seeks damages from each of those federal and state claims.

20.     On or about June 13, 2008, plaintiff filed an amended complaint, in which he amplified on and added to some of the existing claims and added as a defendant GEORGE

4

BOLEN, the Assistant District Attorney who prosecuted plaintiff. A copy of the amended

complaint is annexed hereto as Exhibit "B".

21.    On or about plaintiff JEFFREY DESKOVIC commenced an action for

negligence, gross negligence, and legal malpractice against PETER INSERO and the LEGAL

AID SOCIETY OF WESTCHESTER COUNTY in Supreme Court, Westchester County.

22.    In his complaint, JEFFREY DESKOVIC alleges:

> 79.    The negligence and gross negligence of Peter Insero and [LEGAL AID SOCIETY OF WESTCHESTER COUNTY] caused Jeffrey Deskovic to be wrongfully convicted and forced to serve nearly sixteen years in prison for a crime he did not commit.
>
> 80.    As a direct and proximate result of Insero's negligence and gross negligence, Jeffrey Deskovic suffered the following injuries and damages, which continue to date and will continue into the future: out-of-pocket legal expenses for appellate representation; loss of income; loss of professional opportunity; loss of educational opportunity; multiple physical assaults and batteries, including assaults of a sexual nature, and other physical injuries; pain and suffering; severe mental anguish; multiple suicide attempts; emotional distress; loss of family relationships; severe psychological damage; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of person freedome including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportuinity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and epxpression, for which he is entitled to monetary relief.

23.    Defendants/third-party plaintiffs CITY OF PEEKSKILL, DAVID LEVINE, THOMAS McINTYRE, and WALTER BROVARSKY incorporate the foregoing by reference.

## FIRST CAUSE OF ACTION

24.    In the course of providing legal representation to JEFFREY DESKOVIC, PETER INSERO and/or THE LEGAL AID SOCIETY OF WESTCHESTER COUNTY negligently failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community.  The acts of negligence of PETER INSERO and/or THE LEGAL AID SOCIETY OF WESTCHESTER COUNTY included but were not limited to: failing to retain psychological evaluations of JEFFREY DESKOVIC in connection with a potential claim that any inculpatory statements made to the police by JEFFREY DESKOVIC were not knowing and/or voluntary (and should, therefore, be suppressed) and/or for purposes of explaining to the jury in the criminal trial why JEFFREY DESKOVIC had given those inculpatory statements; failing to call JEFFREY DESKOVIC as a witness in the Huntley hearing on the issue of whether his inculpatory statements were knowing and/or voluntary; failing to call JEFFREY DESKOVIC as a witness during his criminal trial for purposes of explaining to the jury why he uttered inculpatory statements by him of which the jury was aware; failing to retain experts to obtain independent evaluations of false and/or baseless scientific arguments advanced by the State, including experts to evaluate the conclusions of DEPUTY MEDICAL EXAMINER ROH and to conduct hair analysis; failing to conduct a minimally adequate investigation into exculpatory DNA and other scientific evidence; failing adequately to cross-examine State

6

witnesses or otherwise present known and/or readily available evidence at trial; failing to inform JEFFREY DESKOVCI concerning the nature and implications of a known conflict of interest; failing to refuse representation of JEFFREY DESKOVIC in a situation where PETER INSERO and/or THE LEGAL AID SOCIETY OF WESTCHESTER COUNTY had a conflict of interest; failing to take reasonable steps to eliminate the conflict of interest; and negligently consuming alcohol in a manner that affected PETER INSERO's representation of JEFFREY DESKOVIC.

25.    If plaintiff JEFFREY DESKOVIC sustained the damages in the manner and at the time and place alleged in his amended complaint in this action through any carelessness, recklessness, negligence or intentional acts, or commissions or omissions other than plaintiff's own, then said damages were sustained in whole or in part by reason of the carelessness, recklessness, negligence or intentional acts, or commissions or omissions on the part of third-party defendants PETER INSERO and/or LEGAL AID SOCIETY OF WESTCHESER COUNTY, and, if any judgment is recovered herein against defendants/third-party plaintiffs CITY OF PEEKSKILL, DAVID LEVINE, THOMAS McINTYRE, and WALTER BROVARSKY, then defendants/third-party plaintiffs CITY OF PEEKSKILL, DAVID LEVINE, THOMAS McINTYRE, and WALTER BROVARSKY would be damaged thereby and would be entitled to indemnification and/or contribution on the basis of apportionment of responsibility for the alleged occurrence and entitled to judgment over and against third-party defendants PETER INSERO and LEGAL AID SOCIETY OF WESTCHESTER COUNTY for all or part of any verdict or judgment that plaintiff may recover against third-party plaintiffs CITY OF PEEKSKILL, DAVID LEVINE,

THOMAS McINTYRE, and WALTER BROVARSKY, together with costs, disbursements

and attorneys' fees for this action.

Dated: Mineola, New York
      July 5, 2008

                            MIRANDA   SOKOLOFF   SAMBURSKY
                            SLONE VERVENIOTIS, LLP
                            Attorneys   for   Defendants   CITY   OF
                            PEEKSKILL, DAVID LEVINE, THOMAS
                            McINTYRE, and WALTER BROVARSKY

                            By: _____
                                 BRIAN S. SOKOLOFF (bss-7147)
                            240 Mineola Boulevard
                            The Esposito Building
                            Mineola, New York 11501
                            (516) 741-7676
                            Our File No. 07-203

TO:   COCHRAN, NEUFELD & SCHECK, LLP
      Attorneys for Plaintiff
      99 Hudson Street
      New York, New York 10013

      OXMAN TULIS KIRKPATRICK WHYATT & GEIGER LLP
      Attorneys for Westchester County Defendants
      120 Bloomingdale Road
      White Plains, New York 10605

      SANTANGELO, RANDAZZO & MANGONE
      Attorneys for Putnam County Defendants
      151 Broadway
      Hawthorne, New York 10532

      STILLMAN, FRIEDMAN & SCHECTMAN, P.C.
      Attorneys for Defendant Tumolo
      425 Park Avenue
      New York, New York 10022

TO:    NEW YORK STATE DEPARTMENT OF LAW
       Attorneys for Defendant Tweed
       120 Broadway
       New York, New York 10271