UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

JEFFREY DESKOVIC,

                          Plaintiff,

                                                07 Civ. 8150 (KMK)(GAY)

            - against -

CITY OF PEEKSKILL, Et. Al,

                          Defendants.

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TWEED'S MOTION TO DISMISS

                          ANDREW M. CUOMO
                          Attorney General of the State of New York
                          Attorney for Defendant Tweed
                          120 Broadway
                          New York, New York 10271
                          (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFFREY DESKOVIC,

                     Plaintiff,                    07 Civ. 8150 (KMK)(GAY)

         - against -

CITY OF PEEKSKILL, Et. Al,

                     Defendants.
-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TWEED'S MOTION TO DISMISS

### Preliminary Statement

       This memorandum of law is submitted on behalf of defendant Alan Tweed, an employee of

the Department of Correctional Services ("DOCS") during the time relevant to this complaint, in

support of his motion to dismiss this matter because the claims against Tweed are improperly joined

and improperly venued in this District. The gravamen of this matter is that all the defendants except

Tweed manufactured and prosecuted a criminal case against the plaintiff in 1989-1990 that resulted

in plaintiff's incarceration. The claim against Tweed is that he conducted pat frisks on the plaintiff

in a sexually inappropriate manner starting in 2004 while plaintiff was incarcerated in Elmira

Correctional facility, which is located in the Western District of New York.

       The claims against Tweed are not properly joined with the remaining allegations since they

do not arise from the same transaction or occurrence as the remaining claims, nor do they involve

any similar question of fact or law. Given that the allegations admit that Tweed resides in and his

alleged conduct occurred in the Western District of New York, venue is not proper for the claims

against Tweed in this district. Accordingly, given that the claims against Tweed are improperly

joined with this matter, and are only properly venued in the Western District of New York, the

claims against Tweed must be dismissed pursuant to F.R.C.P. Rule 12(b)(3).

## Statement of Facts

Alan Tweed was serving as a corrections officer for DOCS at Elmira Correctional Facility during the time relevant to this incident. Amended Complaint, ¶ 31. Plaintiff asserts that on or after September 18, 2004, Tweed conducted pat frisks in a sexually inappropriate manner, specifically by removing the items in plaintiff's pockets rather than allowing plaintiff to remove them himself. Amended Complaint, ¶ 144-146.

## ARGUMENT

## STANDARD OF REVIEW

In determining a motion to dismiss for failure to state a claim under Rule 12(b), this Court must accept the allegations in the complaint as true. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); see also Leather v. Ten Eyck, 180 F.3d 420, 423 (2d Cir. 1999). When a motion for improper venue is made, plaintiff has the burden of proving that venue is proper. Dolson v. N.Y. State Thruway Auth., 2001 U.S. Dist. LEXIS 4283, *3 (S.D.N.Y. 2001).

## POINT I

## PLAINTIFF'S JOINDER OF THE CLAIMS AGAINST TWEED WITH THE REMAINING ALLEGATIONS IN THIS MATTER WAS IMPROPER AND IN VIOLATION OF F.R.C.P. RULE 20

F.R.C.P. Rule 20 allows permissive joinder of plaintiffs when claims "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and have a "common" "question of law or fact." Both of these criteria must be satisfied for permissive joinder to be proper. See Ginett

2

v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992). F.R.C.P. Rule 21 requires severance of improperly joined claims. Since the claims against Tweed are improperly joined with the remaining allegations, the Tweed claims should be severed.

Rule 20 permissive joinder is not satisfied here because the claims against Tweed are independent and distinct from the remaining allegations in this matter. The claims against all defendants except Tweed focus on plaintiff's arrest, prosecution and conviction for murder in 1989 and 1990. The allegations against Tweed start 14 years later, and claim that Tweed conducted pat frisks in a sexually inappropriate manner (by removing items from plaintiff's pockets during a pat frisk) while plaintiff was incarcerated. There is no allegation that Tweed was involved in any manner with plaintiff's arrest and prosecution. The claims against Tweed do not arise from the same transaction, occurrence, or series of transactions or occurrences as the remaining allegations in the complaint.

While Rule 20 does not define the "transaction or occurrence" requirement, that language is generally held to be satisfied when there exists a "logical relationship" between the claims sought to be joined. See Abraham v. Volkswagen of America, Inc., 795 F.2d 238, 251 (2d Cir. 1986) (allowed joinder of plaintiffs that all alleged damages caused by same car defect because claims were "logically related.") There is no allegation against Tweed that is logically related to any of the allegations against the remaining defendants. Rather, the claims are independent and distinct.

A case in this district is squarely on point. See Vlamakis v. Ross, 103 F.R.D. 398, 400 (S.D.N.Y. 1984), in which plaintiff originally sued a detective for essentially false arrest, and subsequently attempted to add claims of excessive force and harassment (among others) against DOCS correctional officials. The Court found that the claims against the DOCS personnel were "totally unrelated" to the allegations against the detective, and found joinder improper because the

3

allegations did not arise from same transaction or occurrence, and because there was no common question of law or fact. Id.

Since both criteria of Rule 20 must be satisfied for joinder to be proper, Ginett, 962 F.2d at 1095, the fact that the allegations against Tweed do not rise from the same transaction or occurrence is by itself sufficient to hold that misjoinder exists. However, there also exists no common question of law or fact between the claims against Tweed and the allegations against the remaining defendants, see Vlamakis, 103 F.R.D. at 400, and thus the second prong is also not met. The complaint contains nothing to indicate that there are any common factual questions. There are also no common legal questions, given that plaintiff essentially asserts an Eighth Amendment excessive force claim against Tweed, while asserting claims sounding in false arrest and malicious prosecution against the remaining defendants. Thus, the allegations against Tweed do not have any common questions of law or fact with the remaining matter, and thus the claims against Tweed are improperly joined.

Finally, joining these two separate and distinct matters would not be efficient since a resolution of each matter will require different witnesses and legal theories. See Harris v. Spellman, 150 F.R.D. 130, 132 (N.D. Ill. 1993)( "Further, Rule 20 was drafted to promote judicial economy, a goal that is not served where (as here) the incidents underlying the claims are wholly separate [and] require entirely different proof.") Accordingly, these separate and distinct claims need to be severed.

Since the requirements of Rule 20 are not satisfied, the claims against Tweed are not properly joined with the remaining allegations in this matter, and thus the Tweed claims should be severed pursuant to Rule 21.

4

## POINT II

## THE CLAIMS AGAINST TWEED ARE ONLY PROPERLY VENUED IN THE WESTERN DISTRICT OF NEW YORK, AND SINCE VENUE IN THIS DISTRICT IS IMPROPER, THE CLAIMS SHOULD BE DISMISSED

Pursuant to 28 U.S.C. §1391(b), when jurisdiction is based upon a federal question (such as the case at hand), venue is proper in a district where one of the defendants resides or in a district where a substantial part of the events in question occurred. See 28 U.S.C § 1391(b).[1] "The plaintiff bears the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint." Astor Holdings, Inc. v. Roski, 2002 U.S. Dist. LEXIS 758, *21 (S.D.N.Y. 2002). Here, the allegations admit that the claims against Tweed on their own are not properly venued in this district, and since the Tweed claims must be severed, the claims against Tweed are improperly venued.

The Amended Complaint indicates that Tweed worked at Elmira Correctional Facility, ¶ 31, which is located in Chemung County and thus in the Western District of New York. 28 U.S.C. § 112(d). Tweed is thus a resident of the Western District of New York since, for venue purposes, public officials reside in the district in which they perform their official duties. See Amaker v. Haponik, 198 F.R.D. 386, 391 (S.D.N.Y. 2000). Further, the Amended Complaint also indicates that the alleged improper conduct occurred while plaintiff was incarcerated in Elmira Correctional, Am. Com. ¶ 144-146, and thus in the Western District. Based on the Amended Complaint, this claim against Tweed is only properly venued in the Western District.

Plaintiff does not affirmatively assert that venue is appropriate for the claims against Tweed in this district, but rather only that a "substantial part" of the events encompassed in this matter are properly venued. Am. Com. ¶ 15. Amended Complaint ¶ 16 does not properly state the criteria of

---

[1] The third prong of § 1391(b) is not relevant here since there are districts in which venue is appropriate.

§ 1391(b)(1), since the residence of the plaintiff is irrelevant for venue purposes in a federal question matter, and thus cannot be a basis for venue. On its face, the Amended Complaint's venue section does not support venue in this district over the specific claims against Tweed, and the other sections of the Amended Complaint indicate that the claim against Tweed is properly venued only in the Western District.

Finally, it is plaintiff's burden to demonstrate proper venue for each claim in the Amended Complaint. Astor Holdings, 2002 U.S. Dist. LEXIS 758 at *21 ("The plaintiff bears the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint."); see also Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 736 (S.D.N.Y. 1996) ("In the case of multiple claims, proper venue must be established with respect to each cause of action asserted.") Plaintiff must offer citation to the Amended Complaint indicating that venue over the Tweed claims is proper in this district to satisfy his burden. As demonstrated above, the Amended Complaint demonstrates only that the Tweed claims can be properly venued in the Western District.

Accordingly, venue is improper for the severed claim against Tweed, and thus should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

6

## CONCLUSION

For the reasons set forth in this Memorandum of Law, the claim against defendant Tweed

should be severed pursuant to F.R.C.P. Rule 21 and then dismissed as improperly venued pursuant

to F.R.C.P. Rule 12(b)(3).


Dated: New York, New York
     July 11, 2008

          Respectfully submitted,

          ANDREW M. CUOMO
          Attorney General of the
           State of New York
          Attorney for Defendant Tweed
          By:

          JOHN E. KNUDSEN (JK-2940)
          Assistant Attorney General
          120 Broadway
          New York, New York 10271
          (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
   of Counsel