UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEFFREY DESKOVIC,

                Plaintiff,                07 Civ. 8150 (KMK)(GAY)

      - against -

CITY OF PEEKSKILL, Et. Al,

                Defendants.
------------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT TWEED'S MOTION TO DISMISS


ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for Defendant Tweed</u>
120 Broadway
New York, New York 10271
(212) 416-8625


JOHN E. KNUDSEN
Assistant Attorney General
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JEFFREY DESKOVIC,

                Plaintiff,           07 Civ. 8150 (KMK)(GAY)

    - against -

CITY OF PEEKSKILL, Et. Al,

                Defendants.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TWEED'S MOTION TO DISMISS

### Preliminary Statement

This reply memorandum of law is submitted on behalf of defendant Alan Tweed in response to plaintiff's opposition and in further support of his motion to dismiss this matter. In his opposition, plaintiff does not assert that venue over the Tweed claims would be appropriate in this district standing alone. Plaintiff also does not assert that there are any common questions of law between the claims against the other defendants and the claims against Tweed. Rather, plaintiff's argument is that the claims are sufficiently related because all the defendants except Tweed falsely put him into prison (in 1989-1990) where Tweed inappropriately pat frisked him fourteen years later (in or after 2004). Reflecting the illogic of his position, plaintiff offers no case law directly supporting such a broad interpretation of the joinder criteria under Rule 20.

As set forth in Tweed's moving papers and in further detail below, both joinder criteria under Rule 20 are not satisfied, as these claims do not arise from the "same occurrence" and there is no "common question of fact" among them. Since plaintiff effectively concedes that venue over a severed Tweed claim would not be appropriate in this District, the Tweed claims should be dismissed.

## ARGUMENT

### POINT I

### OFFICER TWEED IS IMPROPERLY JOINED BECAUSE THE CLAIMS DO NOT ARISE FROM THE SAME OCCURRENCE, AND BECAUSE THERE IS NO COMMON QUESTION OF FACT OR LAW

Pursuant to F.R.C.P. Rule 20, Officer Tweed can be permissively joined in this matter only if the claims "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" ("same occurrence") and have a "common" "question of law or fact." Neither of these criteria are satisfied in this matter. Since both need to be satisfied for joinder to be proper, see Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1095 (2d Cir. 1992), the claims against Tweed need to be severed.

Plaintiff offers that the "same occurrence" criteria is satisfied because all the defendants except Tweed allegedly improperly put plaintiff in prison, so therefore anything that happened to plaintiff while in prison (including the claims against Tweed 14 years later) arises from that same occurrence. There is no case law to support such a broad interpretation of the "same occurrence" language, and adopting plaintiff's reasoning would essentially obliterate that criteria. While plaintiff asserts in general that the second criteria is satisfied, he offers no common question of law between these claims.[1] Further, the common question of fact he offers, the issue of liability for damages, is actually a separate and distinct requirement of Rule 20, and thus not a common question of fact. Accordingly, since neither criteria is satisfied, joinder is improper.

Initially, plaintiff offers that his "wrongful arrest and conviction" is part of the same "series

---

[1] Plaintiff's memo has a subsection entitled "The Claims Against Tweed Present Common Issues of Fact and Law," but no common question of law is raised by plaintiff in that section. Accordingly, our motion is undisputed as to that point. Further, as set forth in Tweed's moving papers, there is no apparent common question of law here, since the allegations against Tweed sound in the Eighth Amendment, while the claims against the other defendants sound in wrongful imprisonment.

2

of occurrences" as Tweed's allegedly unconstitutional pat frisk(s) commencing 14 years later. Plaintiff's Memo, pg 5. Plaintiff offers no case law directly supporting such a broad holding, and a court in this district has held to the contrary (the Vlamakis case set forth in our moving papers). Plaintiff cites only two district court cases for his proposition, Baergas v. City of New York, 2005 U.S. Dist. LEXIS 18785 (S.D.N.Y. 2005) and Lyons v. Lutheran Hospital of Indiana, 2004 U.S. Dist. LEXIS 20255 (S.D. Ind. 2004), neither of which is on point because both cases contained complaints alleging a direct connection between the defendants.

Baergas is inapposite because there the complaint alleged a direct connection between the claims against his employer and against the city, namely that the arrest was just one part of the pattern of discriminatory conduct by the employer. 2005 U.S. Dist. LEXIS 18785 at *13-14 ("Plaintiff's allegations that the Macy's Defendants retaliated against him for complaints about discriminatory treatment by having him arrested and prosecuted based on false charges are sufficient to establish a 'logical relationship' between the employment and civil rights claims.") Lyons also is inapposite because there the complaint alleged that both defendants caused the death of the plaintiff. 2004 U.S. Dist. LEXIS 20255 at *17-18 ("[P]laintiff alleges explicitly in Count III, Paragraph 18 of the complaint against Medtronic that 'as a result of the defective condition of the Stimulator, Sandra died, and the Estate has suffered damages.' ... In evaluating misjoinder and severance, the critical fact here is that plaintiff is alleging that Mrs. Lyons' death was caused by both Medtronic and the hospital.") In contrast, no allegation exists of a direct connection between Tweed and the other defendants in this matter. In sum, neither of these cases remotely supports an argument for the joinder of Tweed in this matter.

As set forth in defendant Tweed's moving papers, Vlamakis v. Ross, 103 F.R.D. 398, 400 (S.D.N.Y. 1984) is soundly on point. Plaintiff attempts to distinguish this case by focusing on a legal

3

claim distinction between false arrest and wrongful conviction rather than addressing the criteria in Vlamakis where a very similar and comparable matter was deemed "totally unrelated" both factually and legally. Initially, while plaintiff attempts to distance himself from a false arrest allegation to avoid the conclusion of Vlamakis, this attempt is contradicted by the fact that all of plaintiff's arresting police officers are named as defendants in this case, and further by the fact that plaintiff's own opposition papers describe his claim as one for "wrongful arrest and conviction." Plaintiff's Memo, pg 5. In any event, the cited legal claim distinction allegedly supported by Heck v. Humphrey, 512 U.S. 477 (1994) is irrelevant because such a legal distinction does not contradict or effect the Vlamakis court's holding that claims against an arresting officer are "totally unrelated" to claims against DOCS employees. This holding is especially applicable here because plaintiff does not assert any similar question of law between the Tweed claims and the remaining aspects of this case, but only the existence of a similar question of fact. Despite plaintiff's attempt to distinguish this matter, Vlamakis indicates that the claims against Tweed are improperly joined.

Plaintiff offers two remaining arguments to satisfy the joinder criteria, but in reality it is the same argument re-phrased. To satisfy the "same occurrence" criteria, plaintiff offers that he should be allowed to argue that the acts of the other defendants caused, and therefore they are liable for, the alleged unconstitutional frisk(s) by Tweed. Plaintiff's Memo at 5-6. To satisfy the "common question of fact" criteria, plaintiff offers that the claims together are relevant for the issue of damages against both Tweed and the remaining defendants. Id. at 7. While neither of these positions satisfy the joinder criteria, both are really the same argument - that some of the defendants should be jointly and severally liable for plaintiff's alleged damages. This is stated as much in plaintiff's opposition. Id. ("As discussed above, well-established principles of causation permit [plaintiff] to adduce proof, pursuant to his well-pled allegations, that the defendants who caused his imprisonment are liable for

4

the full measure of damages he suffered during his sixteen years - including harm inflicted by Tweed as a result of that imprisonment.")

While plaintiff offers this joint and several liability claim in an effort to satisfy both criteria, Rule 20 requires plaintiff to separately assert that the defendants who plaintiff seeks to join are liable either jointly, severally or in the alternative. F.R.C.P. Rule 20(a)(2)(A) ("Defendants. Persons ... may be joined in one action as defendants if: (A) *any right to relief is asserted against them jointly, severally, or in the alternative* with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences")(emphasis added). Plaintiff asserts a wrong criteria in arguing that his claim for joint and several liability also satisfies the "same occurrence" and/or a "common question of fact" criteria. Such an interpretation would render superfluous the remaining criteria language in Rule 20, thereby violating a standard tenet of statutory construction law. See United States v. Peterson, 394 F.3d 98, 106 (2d Cir. 2005).

In any event, plaintiff also offers no concrete "common question of fact" between the claims against the other defendants and defendant Tweed. The question of facts pertaining to Tweed, which will need to be decided by the trier of fact, arise from Tweed's pat frisk(s) of the plaintiff while incarcerated at Elmira Correctional facility on or after September 18, 2004. The questions of fact in the claims against the other defendants pertain to the investigation and prosecution of the criminal trial against the plaintiff in 1989-1990. There is no logical common nucleus of facts connecting these claims, and plaintiff's opposition does not offer any concrete common question of fact among them. Since plaintiff also fails to offer any common question of law, the second joinder criteria is not satisfied.

Finally, joining these two separate and distinct matters would not be efficient since a resolution of each matter will require different witnesses and legal theories. See Harris v. Spellman,

5

150 F.R.D. 130, 132 (N.D. Ill. 1993)( "Further, Rule 20 was drafted to promote judicial economy, a goal that is not served where (as here) the incidents underlying the claims are wholly separate [and] require entirely different proof.")

Since the requirements of Rule 20 are not satisfied, the claims against Tweed are not properly joined with the remaining allegations in this matter, and thus the Tweed claims should be severed.

## POINT II

### THE CLAIMS AGAINST TWEED ARE IMPROPERLY VENUED IN THIS DISTRICT, AND THUS SHOULD BE DISMISSED

In addressing venue, plaintiff only argues that venue is appropriate in this District because that is where at least one other defendant resides. There is no argument that venue over the Tweed claims would be independently appropriate in this District, and plaintiff concedes that venue would be appropriate only if Tweed is properly joined. Plaintiff's Memo, pg. 4. Since, as demonstrated above, joinder is improper, venue for the Tweed claims is not appropriate in this District. Thus, pursuant to F.R.C.P. Rule 12(b)(3), the Tweed claims should be dismissed.

Plaintiff requests that the Tweed claims be transferred to the Western District of New York rather than be dismissed, claiming that dismissal would prejudice plaintiff at this point because the statute of limitations continues to run. It should be noted that Tweed raised this improper venue issue in or around December 2007, and formally with the Court on January 9, 2008, and thus any delay is attributable to plaintiff's own actions and decisions. Further, plaintiff's notation of the fact that he filed an amended complaint, which was after Tweed's indication that he will move to dismiss this matter on the basis of improper venue, further reinforces the fact that plaintiff made a deliberate choice to go ahead with the claims in this District despite the risk of dismissal. Given this landscape, dismissal rather than transfer is the appropriate remedy.

## CONCLUSION

For the reasons set forth in this and Tweed's moving Memorandum of Law, the claim against defendant Tweed should be severed pursuant to F.R.C.P. Rule 21 and then dismissed as improperly venued pursuant to F.R.C.P. Rule 12(b)(3).

Dated: New York, New York
       September 3, 2008

                                        Respectfully submitted,

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                         State of New York
                                        <u>Attorney for Defendant Tweed</u>
                                        By:

                                        _____
                                        JOHN E. KNUDSEN (JK-2940)
                                        Assistant Attorney General
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
  <u>of Counsel</u>

## DECLARATION OF SERVICE

JOHN E. KNUDSEN, hereby declares as follows:

That he is more than 18 years old and employed as an Assistant Attorney General in the office of ANDREW M. CUOMO, the Attorney General of the State of New York, Attorney for Defendant Tweed herein. On the 3rd day of September, 2008, he served the annexed **Reply Memorandum of Law in Support of Defendant Tweed's Motion to Dismiss** upon the following named person:

> Nick Brustin, Esq.
> Jennifer Laurin, Esq.
> Cochran Neufeld & Scheck
> 99 Hudson Street
> New York, NY 10013

attorneys for Plaintiff in the within entitled action, by way of the Electronic Case Filing System for the United States District Court, Southern District of New York, as well as by depositing true and correct copy thereof, properly enclosed in post-paid wrapper, in a post-office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271 directed to said attorneys at the address within the State designated by them for that purpose.

I hereby affirm under penalty of perjury that the foregoing is true and correct.

Executed on September 3, 2008

_____
JOHN E. KNUDSEN