UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY DESKOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 Civ. 8150 (KMK) |
| | ) | |
| CITY OF PEEKSKILL, PUTNAM COUNTY, | ) | |
| WESTCHESTER COUNTY, DAVID LEVINE, | ) | |
| THOMAS MCINTYRE, WALTER | ) | |
| BROVARSKI, EUGENE TUMOLO, JOHN | ) | |
| AND JANE DOE SUPERVISORS, DANIEL | ) | |
| STEPHENS, LOUIS ROH, MILLARD | ) | |
| HYLAND, GEORGE BOLEN, and ALAN | ) | |
| TWEED | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN OPPOSITION TO
DEFENDANT TWEED'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I.      Background                ...................................................................     1

II.     Legal Standard            ...................................................................     2

III.    Analysis                  ...................................................................     4

        A.      Venue Is Properly Pled In the Southern
                District          ...................................................................     4

        B.      Defendant Tweed Is Properly Joined as a
                Defendant         ...................................................................     4

                1. The Claims Against Tweed Arise From the Same
                   Occurrence or Series of Occurrences as the Claims
                   Against Other Co-Defendants        ...................................     4

                2. The Claims Against Tweed Present Common Issues
                   of Fact and Law       ...........................................................     7

                3. *Vlamakis* Does Not Govern This Motion  .......................     8

        C.      Should the Court Determine that Venue Is Improper,
                the Claims Against Tweed Should be Transferred Rather
                than Dismissed         .........................................................     9

IV.     Conclusion      ...................................................................     10

Plaintiff Jeffrey Deskovic, through counsel, respectfully submits this memorandum in opposition to defendant Alan Tweed's motion to dismiss claims against him on the ground that they are improperly joined and venued in the Southern District of New York.

## I.    Background

Plaintiff's constitutional and state law claims against all defendants arise out of his 1990 wrongful conviction in Westchester County, at the age of seventeen, for the rape and murder of his high school classmate.  Mr. Deskovic was imprisoned for sixteen years before finally, in 2006, DNA testing led to the discovery of the true perpetrator of the crime, and to Mr. Deskovic's release.  Amended Complaint ¶¶ 1–10.

Throughout much of his incarceration at Elmira Correctional Facility in Elmira, New York, Mr. Deskovic endured physical and sexual abuse inflicted upon him by Corrections Officer Alan Tweed.  *Id.* ¶ 9.  Specifically, over the many years that Jeffrey Deskovic was incarcerated at Elmira Correctional Facility, and on multiple occasions on or subsequent to September 18, 2004, Officer Tweed, in the course of conducting routine pat-down searches, repeatedly and contrary to prison policy subjected Mr. Deskovic to unnecessary, invasive, assaultive, and violative  physical contact, including contact of a sexual nature.  *Id.* ¶ 144.

Plaintiff's amended complaint names as defendants the individuals and municipalities whose actions caused his wrongful arrest, conviction, and sixteen years of incarceration, as well as Corrections Officer Tweed, whose abuse violated Mr. Deskovic's Fourth, Eighth, and Fourteenth Amendment rights, and contributed to and exacerbated Mr. Deskovic's physical and emotional suffering during his wrongful imprisonment.  Defendant Tweed seeks dismissal of claims against him on the basis that claims against him for injuries inflicted *during* Mr.

1

Deskovic's incarceration are, under Federal Rule of Civil Procedure 20, improperly joined to plaintiff's claims against other defendants alleged to have *caused* Mr. Deskovic's incarceration, and that therefore venue for claims against him does not lie in the Southern District but rather in the Western District of New York, where Elmira Correctional Facility is located.

Accepting plaintiff's well-pled allegations as true, all claims are properly venued in the Southern District of New York. Furthermore, because the claims against defendant Tweed arise out of the same series of occurrences as the claims against defendants who caused Mr. Deskovic's wrongful conviction, and because all claims share common issues of fact, defendant Tweed is properly joined as a defendant. Accordingly, the motion should be denied. In the alternative, should the Court deem defendant Tweed improperly joined as a defendant, the Court should, in lieu of dismissal, exercise its discretion to sever and transfer claims against defendant Tweed to the Western District of New York.

## II.    Legal Standard

As with any Rule 12(b) motion to dismiss, in assessing the sufficiency of allegations concerning joinder and venue this Court must "accept as true the factual allegations made in the complaint and draw all inferences in favor of the plaintiffs." *Elektra Entertainment Group, Inc. v. Barker Grandon v. Merrill Lynch & Co., Inc.*, 551 F. Supp. 2d 234, 238 (S.D.N.Y. 2008) (quoting *Grandon v. Merrill Lynch & Co., Inc.*, 147 F.3d 184, 188 (2d Cir.1998)).

Where subject matter jurisdiction is based upon the existence of federal questions, venue is proper in any judicial district where any defendant resides so long as all defendants reside in the state where the action is brought, 28 U.S.C. § 1391(b)(1), or in any district where a "substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. §

1391(b)(2). Plaintiff's amended complaint alleges both bases for venue in the Southern District. Amended Complaint ¶¶ 15–16.

As to joinder of claims and parties, Federal Rule 20 permits defendants to be joined in a single action when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *Perez v. Hawk*, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004). Courts in the Second Circuit have construed the "transaction or occurrence" requirement as encompassing any "logically related claims," and have further held that "[t]he requirements of Fed.R.Civ.P. 20(a) are to be interpreted liberally 'to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (quoting *A.I.A. Holdings, S.A. v. Lehman Bros. Inc.*, No. 97 Civ. 4978, 1998 WL 159059, at *5 (S.D.N.Y. April 1, 1998)); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (stating that under the Federal Rules "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) ("There is no rigid rule as to what constitutes the same transaction or occurrence for the purposes of joinder under Rule 20(a) and the Rule's requirements are to be liberally interpreted."). As to the second prong of common issues of law or fact, "[t]he requirement for commonality can be satisfied even if there is only one" shared legal or factual question among the joined claims or parties. *See, e.g., DirecTV, Inc. v. Lewis*, No. 03 Civ. 6241,

2004 WL 941805, at *6 (W.D.N.Y. Jan. 6, 2004); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001); *United States ex rel. Saunders Concrete Co. v. Tri-State Design Construction Co.*, 899 F. Supp. 916, 919 (N.D.N.Y. 1995) .

## III.    Analysis

### A.    Venue Is Properly Pled In the Southern District

Under 28 U.S.C. § 1391(b)(1), a civil action may be brought in the judicial district where any one defendant resides, so long as all of the defendants reside in the state where the action is brought.  The amended complaint alleges, and defendant Tweed does not dispute, that all defendants, including Tweed, reside in the State of New York, and that all defendants except Tweed reside within the Southern District.  Amended Complaint ¶¶ 16, 18–31.  Hence, so long as Corrections Officer Tweed is properly joined as a defendant in this action, the Southern District is an appropriate venue for claims against him.  *See Jackson v. Mukasey*, No. 806 Civ. 1284, 2006 WL 3313983, at *1 (N.D.N.Y. Nov. 14, 2006); *Madison v. Mazzuca*, No. 02 Civ.10299, 2004 WL 3037730 at *14 (S.D.N.Y. Dec. 30, 2004); *McCaskey v. Continental Airlines*, 133 F. Supp. 2d 514, 522–25 (S.D. Tex. 2001).[1]

### B.    Defendant Tweed Is Properly Joined as a Defendant

#### 1.    The Claims Against Tweed Arise From the Same Occurrence or Series of Occurrences as the Claims Against Other Co-Defendants

---

[1] As alleged in the amended complaint, plaintiff also contends that venue is appropriate under the "transactional" standard of 28 U.S.C. § 1391(b)(2). Amended Complaint ¶ 15. In the instant motion, defendant Tweed contends that he is improperly joined as a defendant under Rule 20(a), and, as discussed below, one of the two prongs of the Rule 20 permissive joinder standard is essentially the same "transaction or occurrence" test as that enumerated by Section 1391(b)(2). Because satisfaction of the Rule 20 standard necessarily dictates satisfaction of the transactional venue standard, plaintiff does not herein set forth a separate transactional venue analysis, but does not thereby waive the right to assert venue on that basis.

Plaintiff's claims against defendant Tweed meet the first prong of Rule 20(a) because the abuse of Mr. Deskovic that was alleged to have occurred during his wrongful incarceration arose from the same series of occurrences – his wrongful arrest and conviction resulting in sixteen years of imprisonment - as the claims against other defendants in the case. Courts within and outside of the Second Circuit have held that similarly pled causal links may suffice under the Rule 20(a) permissive joinder standard. Thus, in *Baergas v. City of New York*, No. 04 Civ. 2944, 2005 WL 2105550 (S.D.N.Y. Sept. 1, 2005), the district court considered joinder of employment discrimination claims against Macy's department store with false arrest, malicious prosecution, and related civil rights claims against the City of New York and NYPD personnel. *Id.* at *1. The court rejected Macy's contention that the claims were improperly joined, finding that plaintiff's allegation that the store's unlawful employment practices led to his wrongful arrest and prosecution by the police defendants established a "logical relationship" among the employment discrimination and civil rights claims. *Id.* at *3–*4. Similarly, in *Lyons v. Lutheran Hospital of Indiana*, No. 104 Civ. 0728, 2004 WL 2272203 (S.D. Ind. Sept. 15, 2004), the district court held that a product liability claim against the defendant manufacturer for injuries that caused plaintiff to be hospitalized was, at the pleading stage, properly joined to claims for the negligence of the defendant hospital and doctors "that most immediately caused [the decedent's] death." *Id.* at *5.

The determination of logical relationship among claims made by the courts in *Baergas* and *Lyons* is consistent as well with hornbook principles of tort causation, applicable in Section 1983 claims: "[T]ort defendants . . . are responsible for the natural consequences of [their] actions," and "[t]hus, an actor may be held liable for those consequences attributable to

reasonably foreseeable intervening forces, including the acts of third parties." *Kernan v. City of New York*, 374 F.3d 93, 95 (2d Cir. 2005) (internal quotations omitted); *see also Jackson v. Sauls*, 206 F.3d 1156, 1168–69 (11th Cir. 2000) (holding in Section 1983 action against police for unlawful seizure and excessive force, that jury was entitled to find that the shooting of plaintiffs by third party civilian in a confrontation that followed the detention of plaintiffs by the defendant police was foreseeable outcome of the alleged illegal seizure). Moreover, where reckless or intentional acts are at issue - as is pled here against the defendants alleged to be responsible for Mr. Deskovic's wrongful conviction through their deliberate or reckless constitutional violations and related misconduct - "responsibility for harmful consequences should be carried further . . . than in the case of . . . mere[] negligen[ce]." Restatement (Second) of Torts § 435 B cmt. a (1965); *see also id.* § 501(2) ("The fact that the actor's misconduct is in reckless disregard of another's safety rather than merely negligent is a matter to be taken into account to determine whether . . . a jury may reasonably find that the actor's conduct bears a sufficient causal relation to another's harm to make the actor liable therefor."). The question of whether subsequent misconduct is sufficiently "foreseeable" to render a prior tortfeasor liable for its consequences is generally one for the jury, *see, e.g., Erony v. Alza Corp.*, 913 F. Supp. 195, 200 (S.D.N.Y. 1995); *Fagan v. AmerisourceBergen Corp*, 356 F.Supp.2d 198, 211 (E.D.N.Y. 2004), and, hence, well-pled allegations of foreseeability should be accepted as true at the motion to dismiss stage.

Here, the "logical relationship" nexus required by Rule 20(a) is met by plaintiff's allegation that the Peekskill, Putnam County, and Westchester County defendants directly and proximately caused him to be incarcerated at Elmira Correctional Facility through their

6

deliberate and reckless violations of the Constitution and New York law. In the absence of the investigative and prosecutorial misconduct alleged against those defendants, the constitutional violations that were suffered by Mr. Deskovic at the hands of defendant Tweed could never have occurred. *See, e.g.*, Amended Complaint ¶ 168, 178, 190, 202, 259. Thus, at this pleading stage, the first prong of Rule 20 joinder is satisfied.

### 2. The Claims Against Tweed Present Common Issues of Fact and Law

Mr. Deskovic also meets the second requirement of Rule 20(a), which requires common questions of law or fact supporting joinder of the defendants.

First, the conduct of defendant Tweed and the physical and emotional harm to Mr. Deskovic as a consequence of Tweed's abuse will be relevant to the determination of damages for which all other defendants are jointly and severally liable as a result of causing Mr. Deskovic's wrongful incarceration. *See, e.g.*, Amended Complaint ¶ 168, Prayer for Relief; *see also* Amended Answers, Docket Entry 57, 59, 61, 62 (stating cross-claims for contribution against Tweed). As discussed above, well-established principles of causation permit Mr. Deskovic to adduce proof, pursuant to his well-pled allegations, that the defendants who caused his imprisonment are liable for the full measure of damages he suffered during his sixteen years – including harm inflicted by Tweed as a result of that imprisonment. *See, e.g., Kernan*, 374 F.3d at 95; *Jackson*, 206 F.3d at 1168–69; *see also* Restatement (Second) of Torts § 435 B (1965). The facts concerning Tweed's actions are therefore relevant to all claims pled in this action and joinder of the claims against him is proper and in the interest of judicial economy.

Second, because at least some of the facts concerning Mr. Deskovic's innocence and wrongful conviction are relevant to all claims, including those against defendant Tweed, there is

sufficient commonality of facts and law to permit joinder. In particular, because the psychological and emotional harm suffered by an innocent individual abused in prison is at least in some ways different in kind from the harm suffered by a guilty individual, Mr. Deskovic will almost certainly be entitled in any action against Mr. Tweed to offer proof of his innocence in connection with proving psychological damages attributable to Tweed's conduct. *See Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157 (E.D.N.Y. 2006) (considering in connection with plaintiff's damages in civil rights action that "testimony could persuade the jury that a lifetime of struggling with [cerebral palsy] left [the plaintiff] particularly susceptible to emotional harm flowing from the discrimination to which the defendants subjected him").

Because the claims against Tweed share issues of fact in common with claims against all other defendants, joinder is proper under Rule 20(a) and dismissal or transfer of the claims against Tweed would provide limited, if any, judicial economy. Accordingly, the motion should be denied.

### 3.    *Vlamakis* Does Not Govern This Motion

The primary case relied upon by defendant Tweed in support of his motion, *Vlamakis v. Ross*, 103 F.R.D. 398 (S.D.N.Y. 1984), is distinguishable. There, the *pro se* plaintiff was incarcerated in New York State, and brought false arrest claims against a detective responsible for his arrest. The plaintiff then sought leave to amend to name additional defendants, including New York corrections officials, who allegedly committed misconduct against the plaintiff following his conviction. In contrast to the instant case, the plaintiff in *Vlamakis* did not even contend that the subsequent claims bore any relationship to the misconduct in the underlying arrest that was alleged against the initial detective defendant. Moreover, as a matter of law

Vlamakis's claims against New York corrections officials could bear no relationship to the original false arrest claims because, unlike fair trial claims such as those pled here, false arrest damages *do not include* any period of incarceration subsequent to legal process being instituted. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (distinguishing wrongful conviction claims from false arrest claims, because "unlike the related cause of action for false arrest or imprisonment," malicious prosecution and related Section 1983 claims challenging constitutionality of criminal conviction "permit[] damages for confinement imposed pursuant to legal process").

In contrast to *Vlamakis*, Mr. Deskovic's claims are premised on violations of his fair trial rights and resultant wrongful conviction through the actions of Peekskill, Putnam County, and Westchester County officials. Because those defendants are legally responsible for Mr. Deskovic's resulting incarceration, Tweed's actions during Mr. Deskovic's confinement are, unlike in *Vlamakis*, part of the same "series of occurrences," and implicate common factual issues. *See* Fed. R. Civ. P. 20(a). Accordingly, *Vlamakis* provides no basis for dismissal.

C.     **Should the Court Determine that Venue Is Improper, the Claims Against Tweed Should be Transferred Rather than Dismissed**

In the event that the Court determines that defendant Tweed is not properly joined as a defendant and that the claims against him are therefore not properly venued in the Southern District, plaintiff respectfully requests that the Court deny Tweed's request for dismissal, and instead exercise its discretion to sever and transfer the claims against defendant Tweed to the Western District of New York.

28 U.S.C. § 1406(a) grants the Court authority in the interest of justice, where a case is filed "laying venue in the wrong division or district," to "transfer such case to any district or

9

division in which it could have been brought." Furthermore, the Second Circuit has held that, where individual claims or defendants are improperly venued, a district court may exercise its discretion to sever those claims pursuant to Federal Rule of Civil Procedure 21 in order to permit their transfer to an appropriate district. Fed. R. Civ. P. 21; *see Wyndham Associates v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir. 1968); *Melendez v. Wilson*, No. 04 Civ. 0073, 2006 WL 2621083, at *10 (S.D.N.Y. Sept. 12, 2006).

Here, defendant Tweed concedes that venue over the claims against him would be proper in the Western District of New York. Severance of the claims against him can be accomplished readily and simply, and no prejudice would flow to him by transfer in lieu of dismissal. On the other hand, the interests of justice would be substantially served by transfer, particularly given that a three-year statute of limitations would again begin to run on plaintiff's claims against Tweed – which have now been pending in this court for nearly a year, and have already been the subject of an amended complaint. Requiring plaintiff to begin anew in the Western District of New York would prejudice Mr. Deskovic's recovery against defendant Tweed (already limited to a period subsequent to September 2004), and would not serve interests of judicial economy.

## IV.     Conclusion

For the foregoing reasons defendant Tweed's motion to dismiss should be denied.

Respectfully submitted,

August 12, 2008

By: _____
Nick Brustin (NB 0605)
Jennifer E. Laurin (JL 9668)
Cochran, Neufeld & Scheck, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Tel: 212- 965-9081

10

Fax: 212-965-9084
Attorneys for Plaintiff Jeffrey Deskovic

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Memorandum in Opposition was served via electronic mail and U.S. Mail, on August 12, 2008, upon:

Jim Randazzo
Santangelo Randazzo and Mangone
151 Broadway
Hawthorne, NY 10532
Jrandazzo@ssrlegal.com

Lori Anne Fee
Wellinghorst & Fronzuto
4 Franklin Ave.
Ridgewood, New Jersey 07450
lafee@w-f-law.com

John Knudsen
Office of the Attorney General
120 Broadway
New York, NY 10271
john.knudsen@oag.state.ny.us

James Mitchell
Stillman Friedman and Shechtman, P.C.
425 Park Ave.
New York, NY 10022
jmitchell@stillmanfriedman.com

Stuart Kahan
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP  120 Bloomingdake Rd.
White Plains, NY 10605
skahan@oxmanlaw.com

William Florence
City of Peekskill Department of Law
City Hall
840 Main Street
Peekskill, NY 10566
williamflorence@mac.com

Brian Sokoloff
Miranda Sokoloff Sambursky Slone
Verveniotis LLP
The Esposito Building
240 Mineola Boulevard
Mineola, NY 11501
BSokoloff@msssv.com

Jennifer E. Laurin