UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X   No.: CV-07-8150 (KMK)(GAY)
JEFFREY DESKOVIC,

                Plaintiff,

vs.

CITY OF PEEKSKILL, PUTNAM COUNTY,
WESTCHESTER COUNTY, DAVID LEVINE,
THOMAS MCINTYRE, WALTER BROVARSKI,
EUGENE TUMOLO, JOHN AND JANE DOE            **WESTPORT'S REPLY IN**
SUPERVISORS, DANIEL STEPHENS, LOUIS         **IN SUPPORT OF MOTION TO**
ROH, MILLARD HYLAND, PETER INSERO, and      **DISMISS COUNT 3**
LEGAL AID SOCIETY OF WESTCHESTER            **(DESKOVIC D.E. 449,**
COUNTY,                                     **MCGARR D.E. 246)**

                Defendants.
_____X
LINDA MCGARR,                                         No. 07-CV-9488 (KMK)(GAY)

                Plaintiff,

vs.

CITY OF PEEKSKILL, WESTCHESTER
COUNTY, DAVID LEVINE, THOMAS
MCINTYRE, WALTER BROVARSKI, EUGENE
TUMOLO, JOHN AND JANE DOE
SUPERVISORS, DANIEL STEPHENS, LOUIS
ROH, AND MILLARD HYLAND,

                Defendants.
_____X
CITY OF PEEKSKILL,

                Third-Party Plaintiff,

vs.

WESTPORT INSURANCE CORPORATION as
successor-in-interest to NORTH RIVER
INSURANCE COMPANY,  WESTPORT INSURANCE
CORPORATION as successor-in-interest to
INTERNATIONAL INSURANCE
COMPANY, et.al.,
        Third-Party Defendants.

4834-2614-0175.1

## TABLE OF CONTENTS

I.  **Reply to Motion to Dismiss Count III** ................................................................................1

II. **Reply to City's Additional and Unauthorized Bad Faith Allegations**……....................7

III. **Conclusion**…………………………………………… ........................................................8

## TABLE OF AUTHORITIES

**Cases** ............................................................................................................................. PAGE NO.

*Chaffee v. Farmers New Century Ins. Co.*,
   2008 U.S. Dist. LEXIS 74334 (N.D.N.Y. Sept. 24, 2008) ..................................................... 5, 6

*Chernish v. Mass. Mut. Life Ins. Co.*,
   2009 U.S. Dist. LEXIS 9617 (N.D.N.Y. Feb. 10, 2009) ........................................................... 4

*Corazzini v. Litton Loan Services, LLP*
      2012 U.S. Dist. LEXIS 27398 (N.D.N.Y. March 23, 2012)……………………………4, 5

*Goldmark, Inc. v. Catlin Syndicate Limited*
   2011 U.S. Dist. LEXIS 18197 (E.D.N.Y. Feb. 24, 2011) ............................................................ 6

*Handy & Harman v. Am. Int'l Grp., Inc*,
   2008 NY Slip Op 32366U, 2008 N.Y. Misc. LEXIS 7522
   (Supreme Ct. Aug. 26, 2008)(unpublished) ............................................................................ 5, 6

*Higgins v. Monsanto*
    826 F. Supp. 751 (N.D.N.Y. 1994) .......................................................................................... 8

*Laskowski v. Liberty Mut. Fire Ins. Co.*,
     2011 U.S. Dist. 120778 LEXIS (N.D.N.Y. Oct. 19, 2011) ……………………………3, 4

*New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*,
   295 F.3d 232 (2nd Cir. 2002) ................................................................................................. 3

*O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.*,
   2010 U.S. Dist. LEXIS 71465 (S.D. N.Y. July 15, 2010) ........................................................ 6

*Partak v. Behrle*,
   2011 U.S. Dist. LEXIS 154410 (N.D.N.Y. Sept. 12, 2011). ..................................................... 7

*Pavia v. State Farm Mut. Auto Co.*,
     82 N.Y.2d 445, 626 N.E. 2d (1993) ……………………………………………………….3

*Quick Response Commercial Division, LLC v. Travelers Property Cas. Co.*,
   2009 U.S. Dist. LEXIS 95438 (N.D. N.Y. Oct. 14, 2009) ....................................................... 4

*Smith v. General Accident Ins. Co.*
     91 N.Y.2d 648 N.E.2d 168 (1998) ……………………………………………………..3

*Taveras v. American Transit Ins. Co.*,
   33 Misc.2d 1210 (N.Y. Sup. Oct. 17, 2011) ................................................................................ 3

## **RULES AND STATUTES**

Fed. R. Civ. Pro. 12(b)(6) ………………………………………………………………………  1

Fed. R. Civ. Pro. 15(a)    …………………………………………………………………………8

Pursuant to Fed. R. Civ. Pro 12(b)(6), Third-Party Defendant, Westport Insurance Corporation, as successor-in-interest to North River Insurance Company and Westport Insurance Corporation, as successor-in-interest to International Insurance Company (collectively "Westport"), submit this Reply in support of Westport's Motion to Dismiss Count III of the First Amended Third-Party Complaints, Deskovic D.E. 447 and McGarr D.E. 245 and to strike certain unauthorized allegations.

Initially, Westport objects to the City's Statement of Facts, in which the City makes purported statements of facts without any citation to the record; inaccurately states certain relevant facts (such as the date of Jeffrey Deskovic's arrest)[1] and improperly includes argument. In so doing, the City attempts to convey the impression that it is Westport's fault, along with other insurers, that the City does not have sufficient insurance coverage for the lawsuits brought against them, when in fact, the parameters of coverage are governed by the terms and conditions of the policies the City, a sophisticated insured, chose to purchase.  All statements unsupported by citation and all arguments in the City's purported Statement of Facts should be disregarded.

## I.     Reply to Motion to Dismiss Count III

The arguments raised by the City in its opposition brief to Westport's Motion to Dismiss in Deskovic D.E. 449 and McGarr D.E. 246 are unavailing.  Most importantly, the City's

---

[1] The City complains that the insurers have "steadfastly refused to acknowledge that New York courts already have specifically recognized that all of the insurance policies from the time of the arrest (here, 1991) through ultimate exoneration (here, 2006) are triggered and are required to respond." The arrest was in January of 1990. Notwithstanding this typographical error, and in light of this statement, it is difficult to understand how the City can allege that the Westport wrongfully denied coverage under its 1988-1989 policy No. FTZ 51121 for the Deskovic and McGarr lawsuits since this policy expired before the conduct (arrest) giving rise to the underlying claims occurred. See D.E. 269-1. The City appears to believe that the mere fact that it purchased insurance policies guarantees that any claim asserted against it should be covered, regardless of the policy terms and provisions limiting or excluding coverage.

Response fails to directly address the binding New York decisions cited by Westport in its opening memorandum which establishes that New York law does not recognize an independent cause of action for bad faith where, as here, the breach of contract claim and the breach of good faith claim are based on the same allegations. Rather than responding to Westport's arguments, the City attempts to divert attention from the fact that New York does not recognize an independent claim for extra-contractual damages based on bad faith, by relying on statements of black letter insurance law, which, even if correct, have no relevance whatsoever to the issue of whether Count III of the First Amended Third-Party Complaints alleges a valid claim separate from the breach of contract claim alleged in Count II. For example, the City cites numerous insurance decisions on page 8 of its Response for the proposition that insurance companies owe their policyholders the duty to act in good faith when interpreting insurance provisions and evaluating coverage. Notwithstanding this, that duty does not obligate Westport to provide coverage greater than that provided by the terms and conditions of the Westport policies the City purchased.

Additionally, to garner support for its position that Count III states an independent cause of action under New York law, the City casts itself in a martyred light as the wronged policyholder who bought nothing more than a "'ticket' to sue" and characterizes the insurers, including Westport who has been providing the City with a defense under a reservation of rights under two of its policies, as the "bad guys" who "run from coverage." Stripped, however, of the City's gratuitous and irrelevant statements and innuendo, the issue before the Court on Westport's Motion to Dismiss remains whether the City has pled a valid independent claim for breach of the insurer's implied duty of good faith and fair dealing under New York law. The answer is clearly that it has not.

The case law discussed herein, as well as in Westport's opening memorandum on p. 9 and 10, unequivocally establishes that under New York law, a claim for breach of the implied covenant of good faith and fair dealing based on the same allegations supporting the breach of contract claim is duplicative and must be dismissed.  See also, *Laskowski v. Liberty Mut. Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 120778, *5 (N.D.N.Y. Oct. 19, 2011)("where the wrong alleged and the damages sought are the same, a breach of covenant of good faith and fair dealing claim is duplicative of a breach of contract claim and should be dismissed.").

Moreover, the City appears to misapprehend the basis on which Westport moves to dismiss Count III.  Ignoring the avalanche of New York authority cited at page 9 of Westport's opening memorandum standing for the proposition that a claim for breach of the implied covenant of good faith and fair dealing should be dismissed as duplicative of a breach of contract claim, the City focuses on four New York decisions -- : *Pavia v. State Farm Mut. Auto Co.*, 82 N.Y.2d 445, 626 N.E.2d (1993); *Taveras v. American Transit Ins. Co.*, 33 Misc.2d 1210 (N.Y. Sup. Oct. 17, 2011); *Smith v. General Accident Ins. Co.*, 91 N.Y.2d 648, 697 N.E.2d 168 (1998); and *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 295 F.3d 232 (2nd Cir. 2002), none of which have been cited by Westport.  The City, apparently believing these cases support its position that Count III states an independent cause of action, alleges that Westport "glossed over" these cases.  It is true that Westport does not rely on the aforementioned cases and for good reason, as these cases have no relevance here.  These cases stand for the proposition that New York law recognizes an independent claim for bad faith settlement practices under certain circumstances.  Whether New York law recognizes a claim for bad faith settlement practices is not at issue here.  What is at issue is whether the City has alleged an independent claim for bad faith in this breach of contract case and even a cursory review of the four cases

cited by the City establish that its reliance on them is misplaced.  None of these cases address the issue of whether a claim for the breach of the implied duty of good faith and fair dealing based on the insurer's alleged mishandling of the claim is duplicative of a breach of contract claim.  The four cases relied on by the City simply deal with what must be shown to establish that an insurer has acted in bad faith with respect to settlement practices.  They do not address the issue of whether a breach of contract claim is duplicative of a breach of the implied duty of good faith and fair dealing, nor were they decided in the context of a motion to dismiss. In short, these cases are totally irrelevant to the issue before the Court on Westport's Motion to Dismiss Count III.

The City appears to place substantial reliance on *Chernish v. Mass. Mut. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 9617 (N.D.N.Y. Feb. 10, 2009), citing it several times in its Response. However, the City's reliance on *Chernish* is misplaced, as subsequent New York courts have rejected *Chernish.*  See, *Lawkowsi Iv. Liberty Mut. Fire Ins. Co.* 2011, U.S. Dist. LEXIS 120778, *5 (N.D.N.Y. Oct. 19, 2011) where the court rejected plaintiffs' reliance on *Chernish*, noting that "[s]ubsequent case law in this District . . . has made clear that where the wrong alleged and the damages sought are the same, a breach of covenant of good faith and fair dealing claim is duplicative of a breach of contract claim and should be dismissed."  See also, *Corazzini v. Litton Loan Services LLP,* 2012 U.S. Dist. LEXIS 27398 (N.D.N.Y. March 23, 2010) (breach of the implied covenant cannot be maintained where the alleged breach is intrinsically tied to the damages resulting from a breach of contract.)  The City's reliance on *Quick Response Commercial Division, LLC v. Travelers Property Cas. Co.*, 2009 U.S. Dist. LEXIS 95438 (N.D.N.Y. Oct. 14, 2009), is equally unavailing as no subsequent New York court has relied on it or even cited it.

In this case, Count II and Count III allege the same wrong and pray for the same damages. Count II for Breach of Contract alleges the insurers breached "or will breach" the policies by wrongly refusing to defend, reimburse defense costs or indemnify the City for the underlying lawsuit. By this Count, Peekskill requests compensatory, direct and consequential damages and reasonable attorneys' fees and expenses as well as pre and post judgment interest. (Deskovic D.E. 447, ¶225, 219;  (McGarr D.E. 245, ¶220, 221). Count III for Breach of the Implied Covenant of Good Faith and Fair Dealing reiterates the allegations of Count II. Peekskill alleges, "The Third-Party Defendants' Policies include an implied promise that Third-Party Defendants deal fairly and in good faith with Peekskill and do nothing to injure, frustrate, or interfere with Peekskill's rights to receive the benefits and peace of mind of the Third-Party Defendants' Policies." (Deskovic D.E. 447, ¶223, 225). (McGarr D.E. 245,  ¶224). Both counts seek consequential damages.  (Deskovic D.E. 447, Prayer for Relief ¶(c); McGarr D.E. 245, Prayer for Relief at ¶(c)). There can be no dispute that Count III is duplicative of Count II and must be dismissed.  The *Corazzini* court, citing to a number of earlier decisions stated, "Under New York law, parties to an express contract are bound by an implied duty of good faith, 'but breach of that duty is merely a breach of the underlying contract.'." *Corazzini,* 2010 U.S. Dist. LEXIS 27398 at *18.

Unable to find relevant New York law which support its argument that its claim for breach of the covenant of good faith and fair dealing is not duplicative of its breach of contract claim, the City cites to *Handy & Harman v. Am. Int'l Grp., Inc,* 2008 NY Slip Op 32366U, 2008 N.Y. Misc. LEXIS 7522 (Supreme Ct. Aug. 26, 2008)(unpublished), *Goldmark, Inc. v. Catlin Syndicate Limited*, 2011 U.S. Dist. LEXIS 18197 (E.D.N.Y. Feb. 24, 2011); and *Chaffee v. Farmers New Century Ins. Co.*, 2008 U.S. Dist. LEXIS 74334 (N.D.N.Y. Sept. 24, 2008) to

support its claim for extra-contractual damages despite the fact that none of these cases recognized the right of a claimant alleging breach of contract to also bring a separate claim for breach of the covenant of good faith and fair dealing. *Handy & Harman v.Am. Int'l Grp., Inc*, 2008 NY Slip Op 32366U, 2008 N.Y. Misc. LEXIS 7522, *8  (Supreme Ct. Aug. 26, 2008)(unpublished)(court held that plaintiff's second cause of action against the insurer alleging a tort claim for breach of the duty of good faith did not state a separate, independent cause of action); *Goldmark, Inc. v. Catlin Syndicate Limited*, 2011 U.S. Dist. LEXIS 18197, *12 (E.D.N.Y. Feb. 24, 2011)("recovery of consequential damages constitutes additional recovery under the contract itself, and is not . . . an independent cause of action. . . claim for consequential, extra-contractual damages is properly part of their breach of contract claim and not a separate cause of action"); *Chaffee v. Farmers New Century Ins. Co.*, 2008 U.S. Dist. LEXIS 74334, *15 (N.D.N.Y. Sept. 24, 2008)("the Court finds that Plaintiffs' claim for consequential, extra-contractual damages is properly part of their breach-of-contract claim and not a separate cause of action subject to dismissal on a Rule 12(c) motion.") Indeed, these cases explain that while a breach of contract claim may pray for consequential damages, a claim for consequential damages may not, under New York law, be asserted as an separate claim independent from the breach of contract claim.  Although the City argues *O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co*., 2010 U.S. Dist. LEXIS 71465 (S.D. N.Y. July 15, 2010), ---which dismissed the implied covenant claims as duplicative--- supports its position that an independent claim for extra-contractual damages exits, it ignores the Court's finding that egregious conduct must be alleged in order to sustain any independent claim, whether sounding in tort or in contract.  *Id.*  11-12.  Here, the purported allegations of bad faith do not even

remotely allege the requisite egregious conduct required to sustain a claim for the breach of the implied covenant of good faith and fair dealing.

## II.     Reply to City's Additional and Unauthorized Bad Faith Allegations.

Additionally, the City's attempt to justify the inclusion of additional factual allegations in the Amended Third-Party Complaints also fail. The City greatly exceeded the scope of the Court Order granting the City's oral request to file an amended pleading. In an attempt to obfuscate this fact, the City focuses on the standards under which amendments can be allowed. Those standards, however, are not determinative of the scope of the amendments the Court in fact granted herein. It is well-settled that the decision to grant or deny a motion to amend is committed to the sound discretion of the court. *Partak v. Behrle*, 2011 U.S. Dist. LEXIS 154410, *16 (N.D.N.Y. Sept. 12, 2011). In this case, at the March 27, 2012 hearing, the City made an oral motion for leave to amend the Third-Party Complaints, representing that its request to amend was a limited one, as evidenced by the following:

> **Mr. Passannante** (the City's counsel): The main points that the City was hoping to get out on the insurance side were the points I mentioned at the outset, and that is to get an answer to our outstanding complaint with the one addition, with the same claims in the complaint, except adding Zurich defendant. Ex. C at Tr.25:3-8.
>
> * * *
>
> **Mr. Passannante:** Well, your Honor, with respect to the amendments mentioned by Harco, in terms of subtracting policy, I think what has happened is, one of the insurance companies that was in a later period was dismissed out at the beginning of the year. For the same reason, it may be that we have policies in there, and frankly, if the policy and the time of the events match up, we're happy to amend to remove them.
>
> **The Court:** Do you want to add Zurich?
>
> **Mr. Passannante:** We want to add Zurich.
>
> **The Court:** Beyond that, you don't want to make any other changes.
>
> **Mr. Passannante:** Other than what Your Honor determines with regard to the motions to dismiss . . . .Ex. C. at Tr. 39:22-25, Tr. 40: 1-10

* * *

**The Court:** So then, assuming that the amended complaint comes in, the only thing that's different is that Zurich is in . . . Ex. C at Tr. 40: 16-17.

(Ex. C, Excerpt of Transcript of March 27, 2012 hearing).

As the transcript makes clear, the City did not either advise the Court or the parties that it intended to add numerous factual allegations to Count III.  Nevertheless, the City argues that it did not exceed the scope of the Court's grant to amend the Third-Party Complaint because the Minute Order issued after the hearing simply states that the City shall amend the Third Party Complaints by April 6, 2012.  The City asserts that it is "unaware of any other order dealing with the filing of the . . amended complaint."  The City's attempt to justify the addition of new "bad faith" factual allegations is disingenuous at best, as the fact that the Minute Order did not include the oral exchange between the Court and the City as to the scope of the intended amendments in no way alters the fact that the Court granted leave to amend based on the City's oral representations that the amendments would be limited to adding one defendant and excising previously dismissed insurers. The additional factual allegations should be stricken. *Higgins v. Monsanto*, 826 F. Supp. 751, 754 (N.D.N.Y. 1994)(adding allegations beyond the scope of the Court's order granting leave to amend the complaint violates Fed. R. Civ. P. 15(a) and are invalid).

## CONCLUSION

For the reasons articulated herein, as well as those presented in Westport's Memorandum in Support of its Motion to Dismiss, Westport respectfully request that this Court enter an Order

dismissing Count III of the City's First Amended Third Party Complaints and the related "Bad Faith" factual allegations with prejudice and for such further relief as the Court deems just and appropriate.

Dated: Chicago, Illinois

May 14, 2012

Respectfully Submitted,

*/s/ Darcy L. Ibach*
_____
LEWIS BRISBOIS BISGAARD & SMITH LLP

Darcy L. Ibach
Counsel for Third Party Defendants
Westport Insurance Corporation as successor in interest to International Insurance Company, Westport Insurance Corporation as successor in interest to North River Insurance Company

Darcy L. Ibach
dibach@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams Street – Suite 300
Chicago, IL  60661
(312) 345-1718 T
(312) 345-1778 F

Stephanie A. Nashban
Nashban@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
77 Water Street – Suite 2100
New York, New York  10005
(212) 232-1300 T
(212) 232-1399 F

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically by means of the Court's CM/ECF electronic filing systems on this 14th day of May, 2012, upon all counsel of record.

/s/ Darcy L. Ibach
_____

**TO: SERVICE LIST**

Plaintiff, Jeffrey Deskovic
Barry C. Scheck
Cochran, Neufeld & Scheck, LLP
99 Hudson Street
New York, NY  10013
(212) 965-9081
(212) 965-9084 (fax)

Plaintiff, Linda McGarr
Elora Mukherjee
Emery Celli Brinckerhoff & Abady LLP
75 Rockerfeller Plaza
20th Floor
New York, NY  10019
(212) 763-5000
(212) 763-5001  (fax)

Defendant/Third Party Plaintiff
William Gorman Passannante
Anderson Kill & Olick P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000
(212) 278-1733  (fax)
wpassannante@andersonkill.com

Defendant
James A. Mitchell
Stillman & Friedman
425 Park Avenue

New York, NY  10022
(212) 223-0200
(212) 223-1942 (fax)
jmitchell@stillmanfriedman.com

Defendant/Third Party Plaintiff
Peter Alexander Meisels
Wilson Elser Moskowitz Edelman & Dicker LLP
(White Plains)
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
(914) 323-7001 (fax)
peter.meisels@wilsonelser.com

Cross-Claimant Daniel Stephens
James A. Randazzo
Gelardi & Randazzo LLO
800 Westchester Ave, Suite S-608
Rye Brooke, NY  10573
(914) 328-5590
(914) 328-5591 fax
jrandazzo@ggpnllp.com

Third Party Defendants
Underwriters at Lloyd's London
CX Reinsurance Company Limited, as
Successor-In-Interest to CNA Intl.
Reinsurance Company
CX Reinsurance Company Limited, as
Successor-In-Interest to CNA
Reinsurance of London, Limited
Sphere Drake Insurance, PLC
Patrick T. Walsh
Jill A. Kaplan
Bradley M. Klein
Hinkhouse Williams Walsh LLP
180 Stetson Avenue – Suite 3400
Chicago, Il  60601
pwalsh@hww-law.com
(312) 784-5412
jkaplan@hww-law.com
(312) 784-5421

Matthew B. Anderson
Mendes & Mount, LLP

750 Seventh Avenue
NY, NY 10019

Third Party Defendant
United National Insurance Company
Catalina Sugayan
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York  10004-2400
(212) 422-0202
Catalina.sugayan@sedgwicklaw.com

Third Party Defendant
Illinois Union Insurance Company
Marianne May
Clyde & Co. US LLP
200 Campus Dr. Suite 300
Florham Park, NJ 07932
Marianne.may@clydeco.us


Third Party Defendant
Travelers Indemnity Company as
Successor-In-Interest to Gulf
Insurance Company

Thomas A. Martin
Putney Twombly Hall & Hirson LLP
521 5th Avenue
New York, New York  10175
(212) 682-0200

Third Party Defendant
American Motorists Insurance Company, as
Successor-In-Interest to American Protection
Insurance Company, American Motorists
Insurance Company, as Successor-In-Interest
to Speciality National Insurance Company

Karen M. Dixon
Meckler Bulger Tilson Maric & Pearson
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
Karen.Dixon@mbtlaw.com
(312) 474-7913
(312) 474-7898  (fax)

Anthony R. Gambardella
Rivkin Radler
926 RXR Plaza
Uniondale, NY  11556-0926
(515) 357-3091
(516) 357-3333 (fax)
anthony.gambardella@rivkin.com

Third Party Defendant
Harco National Insurance Company
Janet P. Ford
White Fleischner & Fino
61 Broadway, 18th Floor
New York, New York 10006
jford@wff-law.com