UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY DESKOVIC,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, PETER INSERO, and LEGAL AID SOCIETY OF WESTCHESTER COUNTY,<br>    Defendants.<br><br>LINDA MCGARR,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, PETER INSERO, and LEGAL AID SOCIETY OF WESTCHESTER COUNTY,<br>    Defendants. | Index No. 07-CV-8150 (KMK)(GAY)<br><br>Index No. 07-CV-9488 (KMK)(GAY)<br><br>**THIRD PARTY PLAINTIFF CITY OF PEEKSKILL'S MEMORANDUM OF LAW IN FURTHER OPPOSITON TO:**<br><br>(a) Westport Insurance Corporation's [and American Motorists Insurance Company's joinder to] "Motion to Dismiss Count III of the First Amended Third Party Complaints" in *Deskovic* and *McGarr* Actions;<br><br>(b) Defendant Insurers Who Issued Policies to the City of Peekskill Effective from December 31, 1991 to December 31, 1999 "Motion to Dismiss Count III" of the First Amended Third Party Complaints in *Deskovic* and *McGarr* Actions;<br><br>(c) Harco National Insurance Company's [a] Motion to Dismiss Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing – as stated in the Amended Third Party Complaints Submitted by the City of Peekskill in *Deskovic* and *McGarr* Actions, and [b] Motion Requesting that Certain Unauthorized Allegations be Struck. |
| CITY OF PEEKSKILL,<br>    Third-Party Plaintiff,<br>vs.<br><br>WESTPORT INSURANCE CORPORATION as successor-in-interest to NORTH RIVER INSURANCE COMPANY, WESTPORT INSURANCE CORPORATION as a successor-in-interest to INTERNATIONAL INSURANCE COMPANY, UNDERWRITERS AT LLOYD'S, LONDON, | |

*Caption continued on next page*
*Caption continued from previous page*

nydocs1-988388.4

| |
|---|
| CX REINSURANCE COMPANY LIMITED as successor-in-interest to CNA INTERNATIONAL REINSURANCE COMPANY, CX REINSURANCE COMPANY LIMITED as successor-in-interest to CNA REINSURANCE OF LONDON, LIMITED, |
| SPHERE DRAKE INSURANCE PLC, |
| ILLINOIS UNION INSURANCE COMPANY, |
| UNITED NATIONAL INSURANCE COMPANY, |
| TRAVELERS INDEMNITY COMPANY as successor-in-interest to GULF INSURANCE COMPANY, |
| AMERICAN MOTORISTS INSURANCE COMPANY as successor-in-interest to AMERICAN PROTECTION INSURANCE COMPANY, |
| AMERICAN MOTORISTS INSURANCE COMPANY as successor-in-interest to SPECIALTY NATIONAL INSURANCE COMPANY, |
| HARCO NATIONAL INSURANCE COMPANY, and |
| AMERICAN ZURICH INSURANCE COMPANY. |
| Third-Party Defendants. |

Having sought and been granted permission from the Court to file a sur-reply, Third-Party Plaintiff, the City of Peekskill (the "City of Peekskill" or the "City"), by its attorneys, submits this Memorandum of Law in Further Opposition to the following motions:

1. Westport Insurance Corporation's [and American Motorists Insurance Company's, as successor in interest to both American Protection Insurance Company and Specialty National Insurance Company, joinder to] "Motion to Dismiss Count III of the First Amended Third Party Complaints" in the *Deskovic* and *McGarr* Actions;

2

2. Defendant Insurers Who Issued Policies to the City of Peekskill Effective from December 31, 1991 to December 31, 1999 (Collectively referred to herein as the "London Group") "Motion to Dismiss Count III" of the First Amended Third Party Complaints in the *Deskovic* and *McGarr* Actions; and

3. Harco National Insurance Company's [a] Motion to Dismiss Count III – Breach of the Implied Covenant of Good Faith and Fair Dealing – as stated in the Amended Third Party Complaints Submitted by the City of Peekskill in the *Deskovic* and *McGarr* Actions, and [b] Motion Requesting that Certain Unauthorized Allegations be Struck.

## INTRODUCTION

1. In their respective reply papers, Westport Insurance Corporation ("Westport") and Harco National Insurance Company ("Harco") make several misleading claims to this Court. This sur-reply serves to clarify those issues.

## HARCO AND WESTPORT'S MISREPRESENTATIONS

2. First, Harco incorrectly states to the Court that the City of Peekskill "cites no authority for [the] proposition" that the City's claim for breach of the duty of good faith and fair dealing and its claim for breach contract are not duplicative. Harco Reply, p. 2. The City of Peekskill cited New York case law holding that where an insurance company has breached the covenant of good faith and fair dealing, and has acted in bad faith with respect to its policy holder, a claim for extra-contractual damages can be maintained together with a separate claim for contractual damages for breach of contract. *See* City of Peekskill Opposition, pp. 8-12 (citing, e.g., *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 886 N.E.2d 127, 856 N.Y.S.2d 505 (2008); *Chernish v. Mass. Mut. Life Ins. Co.*, No. 5:08-CV-0957, 2009 WL 385418 (N.D.N.Y. Feb. 10, 2009); *Quick Response Commercial Div., LLC v. Travelers Prop. Cas. Co. of Am.*, No. 1:09-cv-00651, 2009 WL 3334600 (N.D.N.Y. Oct. 14, 2009) (J. Sharpe). Harco implicitly admits as much later in its brief, citing to the City of Peekskill's reliance on *Chernish* and *Quick Response*. Harco even recognizes that the *Chernish* court held that "New York law . . . allow[s] independent bad faith claims that also

3

assert[ ] consequential damages," and that the *Quick Response* court "declined to dismiss an insured's separate claim for the breach of the implied covenant [of good faith and fair dealing]." *See* Harco Reply, p. 3.

3. Second, Harco misstates the subsequent history of *Chernish* and *Quick Response*, stating that "[t]he two cases the City cites for support have been reversed." Harco Reply, p. 2. *Chernish* and *Quick Response* have not been reversed.

4. Harco later hedges, stating instead that "[t]he Northern District has since reversed itself." Harco Reply, p. 3. While there may be a conflict within the Northern District, the Courts in the cases cited by the City have not been reversed. In any event, the two cases cited by Harco to support this argument are easily distinguishable. Both Harco and Westport rely on *Laskowski v. Liberty Mut. Fire Ins. Co.*, No. 5:11-cv-340 (GLS/ATB), 2011 WL 4965454 (N.D.N.Y. Oct. 19, 2011), and *Corazzini v. Litton Loan Services LLP*, No. 1:09-CV-0199 (LEK/RFT), 2010 WL 1132683 (N.D.N.Y. March 23, 2010), in an attempt to argue that *Chernish* and *Quick Response* are inapplicable. Harco Reply, p. 3; Westport Reply, p. 4. However, *Laskowski* and *Corazzini* did not "reverse" or "reject" *Chernish*. Harco Reply, pp. 2-3; Westport Reply, p. 4. The *Laskowski* and *Corazzini* Courts simply dismissed the plaintiffs' causes of action for breach of the duty of good faith and fair dealing because, based on the fact-specific pleadings of those cases, the wrongs alleged were the same. *Laskowski*, 2011 WL 4965454, at *2; *Corazzini*, 2010 WL 1132683, at *6-7.[1] The City of Peekskill has alleged wrongdoings on the part of the Third-Party Defendants that do not form the basis of the City's cause of action for breach of contract. City of Peekskill Opposition, pp. 8-12. Westport also attempts to discredit *Quick Response* because "no subsequent New York court has relied on it

---

[1] *Corazzini* is also distinguishable because it is not an insurance coverage litigation case.

or even cited it." Westport Reply, p. 4. However, because *Laskowski* and *Corazzini* also have not been cited on this issue by New York courts, this argument does not carry much weight.[2]

5. Third, Westport argues to the Court that "Count II and Count III [of the City's First Amended Complaint] allege the same wrong and pray for the same damages." Westport Reply, p. 5. However, the City of Peekskill's claim for breach of the covenant of good faith and fair dealing is not duplicative of its breach of contract claim, since the City of Peekskill's First Amended Complaint alleges more than just denial of coverage by the Third-Party Defendants in breach of the Third-Party Defendants' Policies. *See O.K. Petroleum Distribution Corp. v. Travelers Indem. Co.*, No. 09 Civ. 10273, 2010 WL 2813804, at *4 (S.D.N.Y. July 15, 2010). For example, the Third-Party Defendants' denial of coverage was not only improper, but also unreasonable. The Third-Party Defendants failed to properly investigate and settle the Underlying Action in a timely and fair manner. Instead, the City believes that the Third-Party Defendants denied the City of Peekskill coverage based on the size and type of claim, as well as other external considerations. The Third-Party Defendants deliberately or recklessly failed to place the City of Peekskill's interests on equal footing with their own interests at the expense of the City of Peekskill's exposure to potential liabilities in excess of the limits of the primary (and possibly umbrella) policies. Accordingly, the City of Peekskill has sufficiently alleged that the Third-Party Defendants breached the covenant of good faith that is separate and distinct from the Third-Party Defendants' breach of the Third-Party Defendants' Policies.

6. Next, Harco and Westport mischaracterize the holding in *O.K. Petroleum*. Harco asserts that "the Court in *O.K. Petroleum* granted the insurer's motion to

---

[2] *Corazzini* has been cited once for an entirely different legal issue. *Laskowski* has not been cited at all.

5

dismiss the implied covenant claims as duplicative." Harco Reply, p. 4. Similarly, Westport states that the court "dismissed the implied covenant claims as duplicative." Westport Reply, p. 6. While the claim for breach of the duty of good faith in *O.K. Petroleum* was ultimately dismissed, that dismissal was based on an entirely different legal issue.[3] In *O.K. Petroleum*, the Southern District held that the "Plaintiffs' bad faith claim was not duplicative of its breach of contract claim." *O.K. Petroleum*, 2010 U.S. Dist. LEXIS 71465, at *12. The court also stated that the "Plaintiffs allege[d] more than just denial of coverage by Defendants," and went on to detail why the allegations supporting the plaintiffs' claim for bad faith did not duplicate the allegations supporting the plaintiffs' claim for breach of contract. *Id.* at 10.

7. Harco asserts that the City of Peekskill's claim for breach of the duty of good faith and fair dealing should be dismissed on the basis that the City's "allegations . . . leave much open to question, proof, and debate." Harco Reply, p. 5. In so doing, Harco confuses the standards for a motion for summary judgment and a motion to dismiss. While Harco apparently thinks that the City's First Amended Complaint must have been supported by "proof," the City of Peekskill was only required to set forth a "short and plain statement" entitling it to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

8. Finally, Harco and Westport mischaracterize the March 27, 2012 hearing before this Court by citing limited portions of the transcript and referring to "the City's oral representations that the amendments would be limited to adding one defendant and excising

---

[3] The plaintiffs claim for breach of the duty of good faith and fair dealing was ultimately dismissed for failure to meet the pleading standard. The Southern District held that "[a]lthough Plaintiffs' bad faith claim was not duplicative of its breach of contract claim, the standard for pleading bad faith has not been met; therefore, Plaintiffs' bad faith claim is dismissed." *O.K. Petroleum, 2010 U.S. Dist. LEXIS 71465, at *12.*

previously dismissed insurers." Westport Reply, pp. 7-8.[4] The "oral representations" to which Harco and Westport refer include counsel for the City's statement that the First Amended Complaint would include "the same claims in the complaint, except adding Zurich defendant." Westport Reply, p. 7. It is clear, even from the limited portion of the transcript provided by Westport that counsel for the City is referring to the additional substantive claims that would be added to the complaint. Counsel never represented that the City would not add additional facts that came to light *after the original complaint was filed*. Counsel regrets any misunderstanding, and the limited post-complaint additional factual allegations which do not prejudice the third-party defendants should not be stricken.

## CONCLUSION

For the reasons set forth above and in the City of Peekskill's opposition memorandum of law, the various motions made by the Third-Party Defendants should be denied and the Third Count of the First Amended Complaint should be permitted to remain.

Dated: May 21, 2012

By: /s/ Steven J. Pudell
**ANDERSON KILL & OLICK, P.C.**
William G. Passannante
Steven J. Pudell
Vianny M. Pichardo
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
**ATTORNEYS FOR THIRD-PARTY PLAINTIFF CITY OF PEEKSKILL**

---

[4] Harco has incorporated "all of the arguments raised in Westport's reply memorandum, Point II." Harco Reply, p. 6.