# NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick Brustin
Debi Cornwall

Anna Benvenutti Hoffmann
Emma Freudenberger
Chloe Cockburn
Sandy Henderson
Vanessa Buch

Johnnie L. Cochran, Jr.
(1937-2005)

September 20, 2012

**Via UPS Next Day Air**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

RE: ***Deskovic v. City of Peekskill, et al.*, 07-CV-8150 (KMK)(GAY)**
***McGarr v. City of Peekskill, et al.*, 07-CV-9488(KMK)(GAY)**

Dear Judge Karas:

    I write on behalf of Plaintiff Jeffrey Deskovic, with the Court's permission [D.E. 495], in response to attorney Lalit Loomba's letter of July 12, 2012, [D.E. 496] regarding his efforts on behalf of the Peekskill Defendants to reopen discovery. In the midst of summary judgment, Mr. Loomba sought authorizations from Mr. Deskovic to contact numerous medical professionals involved to some degree with his care during his 1990 detention at the Westchester County Medical Center. Plaintiff agreed to provide authorizations with respect to two of these professionals – Nurse Stephens and Doctor Miller – because their notes are directly relevant to Plaintiff's claim that he was shown numerous photographs of the crime scene and victim in this case. [*See* Stephens and Miller notes, Attached as Exhibit A.] Plaintiff opposes Mr. Loomba's request for authorizations as to the remaining professionals, on the grounds that, for all intents and purposes, fact discovery ended more than 18 months ago, and in any event these persons are not relevant to any material issues in this case. While counsel for Peekskill may rue their predecessor's failure to act when the time was ripe, that does not justify extending discovery in this long-running case. Mr. Deskovic is entitled to proceed to trial.

    On March 1, 2011, counsel for Peekskill informed your Honor on the record that the parties had told Magistrate Yanthis there were "no outstanding discovery issues" and it would not be necessary to see the Magistrate again in this case. [*See* Transcript of 3/1/11 conference, p.

1

52-3, attached as Exhibit B.] Your Honor confirmed that any remaining issues should come before you rather than to Magistrate Yanthis. [*Id.*] As attorney Jim Mitchell will recall, the parties then discussed discovery matters off the record. Specifically, the parties agreed that after years of discovery, there remained only a few matters to complete: the deposition of Mr. Guidarelli, a 30(b)(6) deposition of Mr. Guidarelli's employer, and the final days of McIntyre's deposition. Mr. Sokoloff for Peekskill stated that there might be some additional issues but he could not think of any at that time. The clear implication was that all that remained in this case were loose ends, potentially including some limited discovery on damages, and expert discovery.

Counsel for Peekskill, unhappy with this 18-month-old decision to draw discovery to a close, are now attempting to backtrack. In support of his application, Mr. Loomba cites a November 16, 2009 Order by Magistrate Yanthis directing the Westchester County Medical Center to make available for deposition any persons who might have had contact with Mr. Deskovic during his stay there, among other things. [D.E. 244]. This Order was issued at a completely different stage of the case, long before the March, 2011 conference discussed above. Nothing in the Order suggests that Peekskill should be entitled to investigate these witnesses at any time that suited them, including after filing summary judgment. Indeed, after securing this order in 2009, counsel for Peekskill made no effort to contact any such persons other than Charles Guidarelli, who was finally deposed on March 7, 2011.

The time has long passed for the sort of broad, fishing expedition proposed by Mr. Loomba. After sleeping on their rights, the Peekskill Defendants are no longer entitled to investigate and possibly depose dozens of new witnesses. Moreover, in addition to asserting these rights too late, Peekskill offers no explanation as to how this request is likely to produce discoverable evidence. Mr. Loomba suggests that these witnesses are relevant to the issue of damages. Yet out of the more than 16 years that Jeff was incarcerated, he spent only three months at the Westchester County Medical Center. It is difficult to imagine why Peekskill would need to depose every witness who saw him there, and Mr. Loomba articulates no reason.

Accordingly, to the extent Mr. Loomba's letter can be construed as a motion to reopen broad fact discovery and to compel Plaintiff to produce authorizations to contact the named witnesses, it should be denied in full. Plaintiff will continue to make good faith efforts to accommodate limited discovery requests relevant to the already-developed issues in this case, including authorizing contact with Nurse Stephens and Dr. Miller.[1] Plaintiff respectfully requests the opportunity to address this and any remaining discovery matters, including expert discovery, in a conference at the Court's convenience.

*The Court will hold a conference on October 31, 2012, at 3:00*

*So Ordered*
*9/25/12*

Respectfully Submitted,

Nick Brustin

---

[1] Plaintiff notes that these remaining odds and ends could have been addressed over the past year; instead, counsel to Peekskill chose to file a massive summary judgment motion that had no chance of success and which has consumed thousands of hours of the parties' time.

2