UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY DESKOVIC,

                        Plaintiff,

-v-

CITY OF PEEKSKILL, et al.,

                        Defendants.

Case Nos. 07-CV-8150 (KMK)
07-CV-9488 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

The Court conducted a status conference on November 27, 2012 to resolve a discovery dispute between Plaintiffs and the City of Peekskill, David Levine, and Thomas McIntyre (collectively, the "Peekskill Defendants"). After carefully considering the parties' submissions and arguments, the Court hereby adopts the following order:

The Peekskill Defendants' request for authorization to interview "certain doctors, nurses, therapists and other physical and mental health care providers who treated, cared for or otherwise supervised [Plaintiff] during 1990 during his stay at Westchester County Medical Center," (Dkt. No. 496) is hereby denied for the reasons stated on the record during the status conference, with the exception of Dr. Stanley Rothman. The Court hereby orders Plaintiff to provide necessary authorization for Peekskill Defendants' counsel to interview Dr. Stanley Rothman regarding his treatment of Plaintiff in 1990. The Peekskill Defendants are also hereby authorized to depose John Ryan. Otherwise, discovery as to liability has concluded; fact discovery, including as to damages, has concluded; and the only remaining discovery involves expert discovery as to damages.

The Peekskill Defendants' request that the Court release Plaintiff's Presentence Investigation Report is denied for the reasons stated on the record during the conference. The Peekskill Defendants must seek the Report from the sentencing court from Plaintiff's criminal trial. Under New York law, presentence investigation reports are confidential. *See* N.Y. Crim. Proc. Law § 390.50. Only a sentencing court has statutory authorization to waive confidentiality and permit disclosure of its presentence investigation report. *See Holmes v. State*, 528 N.Y.S.2d 686, 687 (App. Div. 1988) ("The court, as stated [in New York Criminal Procedure Law § 390.50], means the sentencing court. No other court is statutorily authorized to permit disclosure of this highly confidential material . . . ." (citation omitted)); *Thomas v. Scully*, 515 N.Y.S.2d 885, 886 (App. Div. 1987) ("[A] postsentencing application by a prison inmate for disclosure of his presentence report should be made, by a simple motion, directly to the court which imposed the sentence and not to some other court in the place of his confinement through the mechanism of a CPLR article 78 proceeding against prison authorities.").

To be sure, in a case such as this, in which a federal court exercises federal-question jurisdiction, evidentiary privileges are governed by federal law, rather than state law. *See Von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987). Nonetheless, the policy of comity "impels [the Court] to recognize" New York's interest in the confidentiality of presentence investigation reports, because this outcome "can be accomplished at no substantial cost to federal substantive and procedural policy." *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (internal quotation marks omitted). The Court's denial of the Peekskill Defendants' request is without prejudice to their renewing the request in the event that the sentencing court does not authorize disclosure of Plaintiff's Presentence Investigation Report.

The Parties are directed to file any further briefing regarding the Peekskill Defendants' request that the Court release Plaintiff's Mental Health Report by no later than Friday, December 14, 2012.

The Court directs the New York Department of Correction ("DOC") to submit an affidavit and any accompanying documents by no later than Friday, December 14, 2012, addressing whether the Court should grant the Peekskill Defendants' request that the Court release Parts II and III of Plaintiff's Inmate Status Report ("the ISR"). DOC specifically should indicate whether it is asserting that Parts II and III of the ISR qualify as "intra-agency materials which are not . . . final agency policy or determinations" under the New York Public Officers Law. *See* N.Y. Pub. Off. Law § 87(2)(g)(iii); *see also Martin v. N.Y.C. Transit Auth.*, 148 F.R.D. 56, 59 (E.D.N.Y 1993); *accord Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000). If DOC does not intend to assert this privilege, DOC should state so clearly. Plaintiff and the Peekskill Defendants must reply to any submission from DOC by January 4, 2013.

SO ORDERED.

Dated: November 28, 2012
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE