UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEFFREY DESKOVIC, | : |
| Plaintiff, | : Case Nos.  07-CV-8150 (KMK) |
| v. | : 07-CV-9488 (KMK) |
| CITY OF PEEKSKILL, PUTNAM COUTNY, DAVID LEVINE, THOMAS McINTYRE, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, and DANIEL STEPHENS, | : |
| Defendants. | : |
| LINDA McGARR, | : |
| Plaintiffs, | : |
| v. | : |
| CITY OF PEEKSKILL, DAVID LEVINE, THOMAS McINTYRE, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, and DANIEL STEPHENS, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO INTERVENE PURSUANT
TO FED. R. CIV. P. RULE 24(a)(2)**

Proposed Intervenor-Plaintiff, New York Municipal Insurance Reciprocal ("NYMIR"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure Rule 24(a)(2) for leave to intervene as of right as a plaintiff in the above actions by filing a complaint seeking a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C.§2201, that it is no longer obligated to defend or indemnify its insureds, County of Putnam and Daniel Stephens, in the above

actions.  The motion for leave to intervene is made on the grounds that NYMIR has direct and immediate interests in the above action that are not represented by the parties to the action.

NYMIR, as a proposed-intervenor, meets the four requirements for granting an intervention as of right.  Rule 24 of the Federal Rules of Civil Procedure states:

> (a)    **Intervention of Right.** Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Second Circuit has interpreted this Rule to be applied through the use of a four-part test which includes "(1) that the application is timely; (2) that the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) that the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) that the interest is not adequately protected by an existing party." *St. John's University, NY v. Bolton,* 450 Fed. Appx 81 [2d Cir 2011], quoting, *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871, 874 [2d Cir.1984].  These four requirements have been met by NYMIR.

**A.    The Motion is Timely**

In determining whether a motion to intervene is timely, the Second Circuit has considered the following elements: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any

delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *Hnot v. Wills Group Holdings, Ltd.*, 234 Fed. Appx.13 [2d Cir 2007], citing, *In re Bank of New York Derivative Litig.,* 320 F.3d 291 [2d Cir 2003]. The determination of timeliness is an equitable one, and is to be made based upon the totality of the circumstances*. Hnot*, 234 Fed. Appx. at 14.

Here, NYMIR's interests as an intervenor did not arise until plaintiff Deskovic narrowed the claims in his action against NYMIR's insureds, the County and Stephens. It is based upon the fact that plaintiff has narrowed his claims that NYMIR's coverage obligations to the County and Stephens have changed and that the instant request for intervention is necessary.

The first time that plaintiff Deskovic indicated that he intended to drop certain claims from his Third Amended Complaint was in a pre-motion letter to this Court dated April 27, 2011. *Exhibit C*. Such indication was found in a footnote wherein plaintiff's counsel stated that as respects the County, he intended to drop Count V (substantive due process), and as respects Stephens, he intended to drop all claims except for Count II (fabrication), Counts IV and XII (state and federal malicious prosecution), Count VIII (failure to intercede), and Count IX (conspiracy).

The discontinuance of these claims was never formally done or recognized until this Court issued its Opinion and Order dated September 25, 2012. *Docket No.505 at FN 10.* Until it was formally acknowledged by this Court that plaintiff had narrowed his

3

claims against NYMIR's insureds, a motion to intervene by NYMIR would have been premature. Thus, the instant application is timely.

    i. **The Timing of the Proposed Intervention Will Not Result in Any Prejudice To The Existing Parties**

The timing of the instant application will not result in prejudice to any existing party inasmuch as no further discovery is necessary in order for this Court to decide the issues of insurance coverage, and more specifically whether NYMIR has any continued obligation to defend the County and Stephens in the main action, that are alleged in the proposed Complaint.

**B. NYMIR Has A Legally Protected Interest Relating To The *Deskovic* Action That May Be Impaired Absent Intervention**

Where a carrier seeks to intervene in an action for the purpose of obtaining a declaration that it has no duty to either defend or indemnify a party to that action, the carrier has a sufficient interest in the action to warrant intervention under Rule 24(a). This position has been recognized by this Court and other federal courts. *See, American Home Products Corp. v. Liberty Mutual Ins. Co.*, 748 F.2d. 760 [2d Cir 1984]; *Knapp v. Hankins*, 106 F. Supp. 43 [ED Ill 1952].

In *American Home*, this Court held that the District Court did not abuse its discretion in denying Liberty Mutual's request for a declaration that it had not duty to defend or indemnify its insured in several underlying actions. 748 F. 2d 760. Liberty Mutual opposed the District Court's denial of declaratory relief in part on the basis that

under *Restor–A–Dent Dental Labs.,* 725 F.2d 871, it would not be permitted to intervene in the underlying lawsuits.  In concluding that Liberty Mutual's reliance on *Restor-A-Dent* was misplaced, this Court recognized that  unlike *Restor-A-Dent* wherein the carrier sought only an declaration that it had no obligation to *indemnify* its insured for any judgment that may be entered against it, in the case before it, Liberty Mutual sought a declaration that it had no duty to *defend or indemnify* its insured in the underlying action. Id. at 766.   This distinction was material to the application of Rule 24(a).   In distinguishing the two cases, the Court said,

> Liberty contends, relying on this Court's recent decision in *Restor-A-Dent Dental Laboratories*, *Inc. v. Certified Alloy Products, Inc*., 725 F.2d 871 (2d Cir 1984),  that the court abused its discretion because Liberty will not be bale to intervene in the Underlying Suits.  Its reliance on *Restor-A-Dent* is misplaced, however, since that case dealt only with the insurer's liability for damages in the event that judgment was entered against its insured in an underlying suit.  We ruled that such a contingent liability for damages did not amount to such an "interest relating to the property or transaction which is the subject of the action" that the insurer must be permitted to intervene as of right in the underlying suit pursuant to Fed. R. Civ. P. 24(a)(2). 725 F.2d at 874-76.  **In contrast, Liberty's interest herein the Underlying Suits is not limited to its potential liability for damages, but includes its obligation to defend the Underlying Suits as well.  Thus it seems highly unlikely that Liberty will not be allowed to intervene. (Emphasis added.)**

This distinction was also recognized by the District Court for the Eastern District of Illinois in *Knapp v. Hankins*, 106 F.Supp. 43 [ED Ill 1952]. In that case, *Highway Mutual Cas. Co*. (hereinafter "Highway") moved to intervene in an action and file a petition seeking a declaratory judgment. *Id*. Highway asserted that the policy it issued to

its insured was null and void and that it therefore was not obligated to defend or indemnify its insured in the underlying action. *Id*. at 45. In holding that Highway was entitled to intervene in the underlying action as a matter of right, the court concluded that Highway was an interested party and that the issue of whether Highway was obligated to defend its insured in the underlying action presented an actual controversy. Id. at 46 – 48.

Here, a disposition of the Underlying Action by means of a general tort verdict will impair NYMIR's ability to protect its interests. Thus, NYMIR has established a legally protected interest relating to the *Deskovic* Action that may be impaired absent intervention.

### C.     NYMIR's Interests Are Not Adequately Represented By Existing Parties

The requirement that the Intervenor show that its interests are not adequately represented by existing parties is satisfied if "the applicant shows that representation of his interest 'may be' inadequate" and the "burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America,* 404 US 528, 538 n.10, 92 S Ct 630, 636 [1972].

There is little doubt that NYMIR's interests in having its coverage obligations to the County and Stephens in the underlying action be determined is not adequately represented by other parties to the action. While the issues presented by NYMIR in its declaratory judgment complaint are intricately intertwined with the issues of the Underlying Action and will not prolong or confuse the issues to that action, NYMIR is not similarly situated with any other party to the action.

### D.     An Independent Basis of Subject Matter Jurisdiction Is Not Necessary

Since the intervention sought by NYMIR is as of right under Rule 24(a)(2), NYMIR need not show any independent basis for subject matter jurisdiction. *Assoc. of Contracting Plumbers of City of New York, Inc. v. Local Union No. 2*, 841 F. 2d 461 [2d Cir 1988]. Rather, this Court has supplemental jurisdiction over the issued raised in NYMIR's proposed complaint pursuant to 28 USC §1367(a). 6 MOORE'S FEDERAL PRACTICE, §24.22[2] (Matthew Bender 3d ed.); 16 MOORE'S FEDERAL PRACTICE, §106.46 (Matthew Bender 3d ed.)

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL, be permitted to intervene in the above action as a plaintiff as set forth in the annexed proposed Complaint for Declaratory Judgment.

Dated: Uniondale, NY
November 29, 2012

    Yours, etc.,

    CONGDON, FLAHERTY, O'CALLAGHAN,
    REID, DONLON, TRAVIS & FISHLINGER

    By: _____/S/_____

    Richard J. Nicolello (RN 4619)
    Attorneys for Proposed Plaintiff-Intervenor,
    New York Municipal Insurance Reciprocal
    333 Earle Ovington Blvd., Suite 502
    Uniondale, NY 11553
    rnicolello@cfolegal.com
    (516) 542-5900

TO:     **County of Putnam**
        Hon. Jennifer S. Bumgarner
        Putnam County Attorney
        Putnam County Department of Law
        48 Gleneida Ave.
        Carmel, NY 10512

        **Mr. Daniel Stephens**
        244 Gage Rd.
        Brewster, NY 10509

        **ECF Service List**:

        James A. Randazzo, Esq.
        Gaines, Gruner, Ponzini & Novick, LLP
        11 Martine Ave., 8th Floor
        White Plains, NY 10606
        (914) 288-9595
        Fax (914) 288-0850
        E-mail: jrandazzo@ggpnllp.com
        Counsel for Daniel Stephens and Putnam County in main action

        Stephen Wellinghorst, Esq.
        Robert Louis Delicate, Esq.
        Harwood, Lloyd, LLC
        130 Main St.
        Hackensack, NJ 07601
        (201) 359-3530
        E-mail: swellinghorst@harwoodlloyd.com
        Counsel for Daniel Stephens and Putnam County in main action

        Nick J. Brustein, Esq.
        Chloe Francis Cockburn, Esq.
        Deborah L, Cornwall, Esq.
        Jennifer Elizabeth Laurin, Esq.
        Sarah A. Crowley, Esq.
        Anna Benvenutti Hoffman, Esq.
        Nuefeld Scheck & Brustin, LLP
        99 Hudson St.
        New York, NY 10013
        (917) 237-0338
        Fax (212) 965-9084
        E-mail:nick@cnscivilrights.com

        chloe@nsbcivilrights.com
        debi@cnscivilrights.com
        jen@nsbcivilrights.com
        sarah@nsbcivilrights.com
        anna@nsbcivilrights.com
Counsel for Plaintiff Jeffrey Deskovic

Eric Hecker, Esq.
Elora Mukherjee, Esq.
Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000
Fax (212) 763-5001
E-mail: ehecker@ecbalaw.com
       wmukherjee@ecbalaw.com
Counsel for Plaintiff Linda McGarr