# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

By Facsimile (914) 390-4152

November 27, 2012

Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**MEMO ENDORSED**

Re:   Underlying Actions:
      *Deskovic v. City of Peekskill, et al.*, No. 07-CV-8150 (KMK)(GAY)
      *McGarr v. City of Peekskill, et al.*, No. 07-CV-9488 (KMK)(GAY)
      Third Party Actions:
      *City of Peekskill v. Westport Insurance Company, et al.*

Dear Judge Karas:

We represent Defendant and Third-Party Plaintiff City of Peekskill ("Peekskill") in the above-referenced Third Party Actions. In order that discovery may proceed on the "trigger" issue, an issue which the Third Party Defendants have indicated will shortly be before this Court, the City respectfully requests that a Rule 26 conference be scheduled as soon as possible. The Third Party Actions commenced in September 2011 and no such conference or other appropriate conference has been scheduled as of yet. If the Court is inclined not to order a conference – the City requests that it be permitted to serve document requests and seek deposition testimony with respect to the trigger issue.

On August 2, 2012, Peekskill informed the Third Party Defendants that Peekskill would seek limited discovery related to the issue of trigger. On October 23, 2012, Peekskill served the Third Party Defendants with discovery consistent with the limited discovery Peekskill had indicated back in August in open court that they would

New York, NY ■ Newark, NJ ■ Philadelphia, PA ■ Stamford, CT ■ Ventura, CA ■ Washington, DC
nydocs1-999443.3

**Anderson Kill & Olick, P.C.**

Hon. Kenneth M. Karas
November 27, 2012
Page 2

seek. The substance of the discovery sought is proper, limited and directly relevant to the issues of trigger which, will shortly be the subject of motion practice before the Court. However, both Westport Insurance Corporation as successor-in-interest to North River Insurance Company and to International Insurance Company, and the London Third Party Defendants,[1] joined by certain Third Party Defendants,[2] have objected to the timing and relevancy of the discovery requests and will not respond to Peekskill's limited discovery requests.

This limited discovery is particularly important because the Third Party Defendants have faced substantially the same trigger issue in various courts and may have taken varied positions on the issue. Indeed, in this case, Third Party Defendant American Zurich Insurance Company agrees with Peekskill that that the various policy periods may be required to respond and pay any settlement or judgment. In order that the trigger motion may be filed and resolved without unnecessary delay, Peekskill respectfully requests either (i) a Rule 26(f) conference be scheduled; or (ii) permission from the Court to serve the document requests attached hereto and to seek deposition

---

[1] Underwriters at Lloyd's, London; CX Reinsurance Company Limited as successor-in-interest to CNA International Reinsurance Company and CNA Reinsurance of London, Limited; Sphere Drake Insurance PLC; Illinois Union Insurance Company; United National Insurance Company (as to Policy Nos. CP62686; CPD62686; CP62831; CPD62831; and CPD62831).

[2] Westport Insurance Corporation as successor-in-interest to North River Insurance Company and to International Insurance Company; Illinois Union Insurance Company; United National Insurance Company; Travelers Indemnity Company as successor-in-interest to Gulf Insurance Company; and Harco National Insurance Company. American Motorists Insurance Company as successor-in-interest to American Protection Insurance Company and Specialty National Insurance Company join in the event its request for a stay of claims against it is denied.

nydocs1-999443.3

**Anderson Kill & Olick, P.C.**

Hon. Kenneth M. Karas
November 27, 2012
Page 3

testimony regarding the trigger issue. In the interim, Peekskill will hold the document requests in abeyance and withdraw the served interrogatories without prejudice.

Respectfully submitted,

*Steven J. Pudell*

Steven J. Pudell

cc: (via email)
Peter Meisels, Esq. (peter.meisels@wilsonelser.com)
James Mitchell, Esq. (jmitchell@stillmanfriedman.com)
Diane Houk, Esq. (dhouk@ecbalaw.com)
Debra Greenberger, Esq. (dgreenberger@ecbalaw.com)
Robert Delicate, Esq. (rdelicate@harwoodlloyd.com)
Vince Gelardi, Esq. (vg@vincentgelardi.com)
Nick Brustin, Esq. (nick@nsbcivilrights.com)
Darcy Ibach (dibach@lbbslaw.com)
Stephanie A. Nashban (nashban@lbbslaw.com)
Patrick Walsh (pwalsh@hww-law.com)
Bradley Klein (bklein@hww-law.com)
Marianne May (Marianne.may@clydeco.us)
David Dolendi (david.dolendi@sedgwicklaw.com)
Jessika Moon (jessika.moon@sedgwicklaw.com)
Catalina Sugayan (catalina.sugayan@sedgwicklaw.com)
Thomas Martin (tmartin@putneylaw.com)
Karen Dixon (karen.dixon@mbtlaw.com)
Matthew B. Anderson (matthew.anderson@mendes.com)
Michael Buckley (michael.buckley@rivkin.com)
Anthony Gambardella (anthony.gambardella@rivkin.com)
Janet Ford (jford@wff-law.com)
Robert Kelly (rkelly@coughlinduffy.com)
Christopher O'Leary (coleary@coughlinduffy.com)

> Discovery will be stayed until the pending motions are decided.
>
> So Ordered -
>
> /s/ KMK
>
> 12/10/12

nydocs1-999443.3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY DESKOVIC,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, PETER INSERO, and LEGAL AID SOCIETY OF WESTCHESTER COUNTY,<br><br>    Defendants. | Index No. CV-07-8150 (KMK)(GAY)<br><br>**DEFENDANT AND THIRD-PARTY PLAINTIFF CITY OF PEEKSKILL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THIRD-PARTY DEFENDANT WESTPORT INSURANCE CORPORATION AS SUCCESSOR-IN-INTEREST TO NORTH RIVER INSURANCE COMPANY AND TO INTERNATIONAL INSURANCE COMPANY** |
| LINDA MCGARR,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF PEEKSKILL, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, AND MILLARD HYLAND,<br><br>    Defendants. | Index No. CV-07-9488 (KMK)(GAY) |
| CITY OF PEEKSKILL,<br><br>    Third-Party Plaintiff,<br>vs,<br><br>WESTPORT INSURANCE CORPORATION as successor-in-interest to NORTH RIVER INSURANCE COMPANY,<br><br>WESTPORT INSURANCE CORPORATION as a successor-in-interest to INTERNATIONAL INSURANCE COMPANY,<br><br>    *Caption continued on next page* | |

| *Caption continued from previous page* |
|---|
| UNDERWRITERS AT LLOYD'S, LONDON, |
| CX REINSURANCE COMPANY LIMITED as successor-in-interest to CNA INTERNATIONAL REINSURANCE COMPANY, |
| CX REINSURANCE COMPANY LIMITED as successor-in-interest to CNA REINSURANCE OF LONDON, LIMITED, |
| SPHERE DRAKE INSURANCE PLC, |
| ILLINOIS UNION INSURANCE COMPANY, |
| UNITED NATIONAL INSURANCE COMPANY, |
| TRAVELERS INDEMNITY COMPANY as successor-in-interest to GULF INSURANCE COMPANY, |
| AMERICAN MOTORISTS INSURANCE COMPANY as successor-in-interest to AMERICAN PROTECTION INSURANCE COMPANY, |
| AMERICAN MOTORISTS INSURANCE COMPANY as successor-in-interest to SPECIALTY NATIONAL INSURANCE COMPANY, |
| HARCO NATIONAL INSURANCE COMPANY, and |
| AMERICAN ZURICH INSURANCE COMPANY.        Third-Party Defendants. |

Pursuant to Federal Rule of Civil Procedure 34, Defendant and Third-Party Plaintiff City of Peekskill ("Peekskill"), by and through their attorneys, hereby request that Third-Party Defendant Westport Insurance Corporation as successor-in-interest to North River

2

nydocs1-995715.8

Insurance Company and to International Insurance Company ("Westport" or "Third-Party Defendant") produce for inspection and copying the following requested documents subject to the following instructions and definitions within thirty (30) days of their receipt.

## INSTRUCTIONS

1. In responding to this First Request for Production of Documents, the Third-Party Defendant is requested to furnish all information in its possession, custody or control, regardless of whether such information is possessed directly by the Third-Party Defendant or by the Third-Party Defendant's employees, agents, attorneys, accountants, auditors, investigators, or other representatives.

2. To the extent a request for production of documents is objected to, the Third-Party Defendant should set forth a complete basis for any such objection. If the Third-Party Defendant objects to only a portion of the particular request for production of documents, the Third-Party Defendant should specifically identify the portion of the request for production of documents to which the Third-Party Defendant is objecting and respond to the remainder of such request for production of documents completely.

3. If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information, the Third-Party Defendant should state the nature of the privilege claimed for each item of information (and, if the privilege is governed by state law, indicate the state's privilege rule being invoked) (including work product), describe such information in the most precise manner possible consistent with such claim of privilege, and set forth the basis on which the Third-Party Defendant claims privilege with sufficient specificity to permit the court to make a determination as to whether the claim of privilege is valid.

3

(a) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

    (i) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    (ii) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(b) Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (a) above shall be furnished in writing at the time of the

4

nydocs1-995715.8

response to such discovery or disclosure, unless otherwise ordered by the court.

4. If the Third-Party Defendant asserts a privilege or other authorized protection from disclosure with respect to any request for production of documents requested herein, the Third-Party Defendant is required to provide a privilege log containing the following as to each item of information withheld:

(a) The type of information (*e.g.*, letter, notebook, telephone conversation, etc.);

(b) The date of the document or transaction involving the information;

(c) The names of each author and any and all participants with respect to the information;

(d) The names of any and all signatories of the document, if any;

(e) The name of the document's current custodian;

(f) The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and,

(g) A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

5. If the Third-Party Defendant objects to any request for production of documents on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, the Third-Party Defendant should state what the Third-Party Defendant contends to be the proper scope of the request for production of

5

nydocs1-995715.8

documents and respond in accordance with what the Third-Party Defendant contends is the proper scope.

6. Unless otherwise specified, the Third-Party Defendant's responses to Peekskill's First Request for Production of Documents directed to the Third-Party Defendants, including any production of documents by the Third-Party Defendant, shall be directed to Vianny Pichardo, Esq., Anderson Kill & Olick, P.C., 1251 Avenue of the Americas, 42nd Floor, New York, NY 10020, with the Documents organized in the manner specified in the last paragraph of FRCP 34.

7. These requests for production of documents are continuing in nature. Any information secured subsequent to the filing of the Third-Party Defendant's answers, which would have been included in the answers had it been known or available, is to be supplied by supplemental answers.

## DEFINITIONS

1. The definitions set forth in S.D.N.Y. L.R. Civil 26.3(c) are incorporated herein by reference.

2. The terms "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6

5. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d)

11. The term "Peekskill" shall refer to the City of Peekskill, a municipal corporation, as well as any office, subsidiary, partner, affiliate, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on behalf of Peekskill.

7

12. The terms "Third-Party Defendant," "You," "Your," and "Westport" shall refer to Westport Insurance Corporation and any corporate parent branch office, subsidiary, partners, affiliate officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on behalf of Westport Insurance Corporation, including on behalf of Westport Insurance Corporation as successor-in-interest to North River Insurance Company and to International Insurance Company.

13. The terms "Third-Party Defendant" and "Peekskill" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

14. The term "Policies" shall refer to all commercial general liability or umbrella liability insurance policies sold to Peekskill by You for the time period from 1988 through 2006, including but not limited to the policies bearing the following numbers:

| North River Policies | |
|---|---|
| Policy No. | Policy Period |
| FTZ 51121 | 12/31/1988 – 12/31/1989 |
| FTZ 51144 | 12/31/1989 – 12/31/1990 |
| FTZ 503-086942-8 | 12/31/1990 – 12/31/1991 |
| International Excess Policy | |
| Policy No. | Policy Period |
| 531-001915-2 | 12/31/1990 – 12/31/1991 |

15. The term "Underlying Actions" shall collectively refer to the following actions: *Jeffrey Deskovic v. City of Peekskill, Putnam County, Westchester County, David Levine, Thomas McIntyre, Walter Brovarski, Eugene Tumolo, John and Jane Doe Supervisors,*

8

nydocs1-995715.8

*Daniel Stephens, Louis Roh, Millard Hyland, Peter Insero, and Legal Aid Society of Westchester County*, Index No. CV-07-8150 (KMK)(GAY) and *Linda McGarr v. City of Peekskill, Westchester County, David Levine, Thomas McIntyre, Walter Brovarski, Eugene Tumolo, John and Jane Doe Supervisors, Daniel Stephens, Louis Roh, and Millard Hyland*, Index No. CV-07-9488 (KMK)(GAY).

16. The term "Claim" shall refer to Peekskill's claim for insurance coverage under the Policies in connection with the allegations contained in the Underlying Actions.

17. The term "Claims File" shall refer to the collection of materials assembled or examined or referred to by You, or any other party, in handling the Claims under the Policies.

18. The term "Underwriting Files" shall refer to the collection of materials assembled or examined or referred to by You in underwriting, drafting, marketing or selling the Policies.

19. The term "Claims Manuals" shall refer to, without limitation, instructional materials, guidelines, procedures or other documents, used for guidance, reference or training by any person involved in the handling of claims or potential claims under liability policies, however denominated, that were prepared or used by You at any time.

20. The term "Underwriting Manuals" shall refer to, without limitation, instructional materials, guidelines, procedures or other documents, used for guidance, reference or training by any person involved in the underwriting of liability policies, however denominated, that were prepared or used by You at any time.

21. The term "Innocence Claims" shall refer to any claim by any policyholder for insurance coverage in connection with any allegations, claims or suits brought against such policyholder concerning personal injuries such as, but not limited to, malicious prosecution,

9

violation of civil rights, false/wrongful arrest, false/wrongful detention, false/wrongful imprisonment, or false/wrongful conviction.

## FIRST REQUEST FOR PRODUCTION

1. True and accurate copies of the Policies, including any drafts thereof.

2. All documents and communications concerning the existence, or the terms, of any of the Policies of which you contend you possess anything less than a complete version.

3. All documents and communications, including brochures, pamphlets, marketing materials, and information literature, generated, used, or disseminated by You regarding the coverage provided by the Policies.

4. All documents and communications concerning Your coverage position in connection with the Claim, including Your position as to which Policies, policies at issue in this action, or policy periods are triggered.

5. All documents and communications concerning the reasons for Your coverage position in connection with the Claim, including Your position as to which Policies, policies at issue in this action, or policy periods are triggered.

6. All documents and communications identifying all law suits or judicial proceedings, including but not limited to arbitration, to which You are or were a party that involved claims for insurance coverage for Innocence Claims.

7. All documents and communications identifying any claim for insurance coverage made against you for an Innocence Claim at any time.

8. All documents and communications concerning any other law suits or judicial proceedings, including but not limited to arbitration, to which You are or were a party that involved claims for insurance coverage for Innocence Claims.

9. All documents and communications concerning Your coverage position with respect to trigger in any other law suits or judicial proceedings, including but not limited to arbitration, to which You are or were a party that involved claims for insurance coverage for Innocence Claims.

10. All documents and communications identifying all law suits or judicial proceedings to which You are or were a party that involved claims by a municipality, public entity, or public official for insurance coverage for Innocence Claims.

11. All documents and communications concerning Your coverage position with respect to trigger in any other law suits or judicial proceedings to which You are or were a party that involved claims by a municipality, public entity, or public official for insurance coverage for Innocence Claims.

12. All documents and communications concerning the handling of the Claims under the Policies, including all Claims Files, however denominated, maintained by you relating to the Claims and any Documents that you used, reviewed or prepared in connection with your review of the Claims for insurance coverage.

13. All documents and communications concerning the underwriting of the Policies, including all Underwriting Files.

14. All documents and communications concerning bulletins, standards, practices, guidelines, instructions, procedures or policies for handling claims for insurance coverage under the Policies and to ensure that your policyholders' claims are handled

11

consistently and in good faith, prepared or used by you at the time the Claims were submitted to you, including but not limited to, any and all Claims Manuals or similar Documents or Communications.

15. All documents and communications concerning bulletins, standards, practices, guidelines, instructions, procedures or policies for underwriting the Policies that were in effect at the time you underwrote and sold the Policies, including but not limited to, any and all Underwriting Manuals or similar Documents or Communications.

16. All documents and communications, including any reports, sent to or received from any consultant or expert for You concerning the Claim or the Underlying Actions.

17. All documents and communications concerning the Policies, including Communications between and among You, any insurance broker, any agent or intermediary, or any other insurance company or reinsurance company.

18. All documents and communications concerning the creation, negotiation, sale, drafting, underwriting, interpretation, and issuance of the Policies, including but not limited to Communications between or among You, any insurance broker, any agent or intermediary, or any other insurance company or reinsurance company.

Dated:   October 23, 2012

By: _____
ANDERSON KILL & OLICK, P.C.
William G. Passannante
Steven J. Pudell
Vianny M. Pichardo
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF CITY OF PEEKSKILL

TO:

Darcy Ibach
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, IL 60661
dibach@lbbslaw.com
Tel: (312) 463-3339

Stephanie A. Nashban
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, New York 10005
nashban@lbbslaw.com
Tel: (212) 232-1300

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2012, I served a copy of Defendant and Third-Party Plaintiff City of Peekskill's First Request for Production of Documents to the Third-Party Defendant Westport Insurance Corporation as successor-in-interest to North River Insurance Company and to International Insurance Company on the following attorney(s) of record via e-mail and regular mail:

Darcy Ibach
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, IL 60661
dibach@lbbslaw.com
Tel: (312) 463-3339

Stephanie A. Nashban
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, New York 10005
nashban@lbbslaw.com
Tel: (212) 232-1300

_____
Vianny Pichardo

14

nydocs1-995715.8