# HWW HinkhouseWilliamsWalsh LLP

Patrick T. Walsh
312.784.5412 (direct)
312.784.5499 (facsimile)
pwalsh@hww-law.com

December 4, 2012

**MEMO ENDORSED**

**VIA FEDERAL EXPRESS**

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    Underlying Actions: *Deskovic v. City of Peekskill, et al.*, No. 07-CV-8150; *McGarr v. City of Peekskill, et al.*, No. 07-CV-9488
             Third Party Action: *City of Peekskill v. Westport Insurance Co., et al.*

Dear Judge Karas:

I am writing on behalf of my clients, the London Market Insurers,[1] as well as certain Third Party Defendant Insurers (collectively, the "Joining Insurers")[2] in the above-captioned matter upon whom the City of Peekskill served its First Request for Production of Documents, dated October 23, 2012.

By letter dated November 27, 2012 to Your Honor, the City requested that discovery in the third-party coverage action, "limited" to the trigger of coverage issue, be allowed to move forward, even though Rule 12(b) motions to dismiss are still pending. For the Court's convenience, we have enclosed the City's letter and discovery requests herewith. For reasons discussed below, the Joining Insurers oppose the City's discovery requests based upon their inappropriate timing

---

[1] Certain Underwriters at Lloyd's, London; CX Reinsurance Company Limited, as successor-in-interest to CNA International Reinsurance Company; CX Reinsurance Company Limited, as successor-in-interest to CNA Reinsurance of London, Limited; RiverStone (UK) Limited, as successor-in-interest to Sphere Drake Insurance Limited (formerly known as Sphere Drake Insurance PLC); and United National Insurance Company (as to Policy Numbers CP62686; CPD62686; CP62831; and CPD62831 only, as identified in City of Peekskill's Amended Third Party Complaints).

[2] The following Third Party Defendants join in this letter: Westport Insurance Corporation (as successor-in-interest to both North River Insurance Company and International Insurance Company); Illinois Union Insurance Company; United National Insurance Company; Travelers Indemnity Company (as successor-in-interest to Gulf Insurance Company); and Harco National Insurance Company. American Motorists Insurance Company, as successor in interest to American Protection Insurance Company and Specialty National Insurance Company, also joins in this letter in the event its request for a stay of claims against it is denied.



and lack of necessity and relevancy. Moreover, Your Honor has already considered and rejected this very same proposal by the City.

**Inappropriate Timing**

The City requests a "Rule 26 conference as soon as possible," purportedly seeking "limited discovery" from the Joining Insurers as to the trigger of insurance coverage issue. (City's Ltr., at 1.) Specifically, the City requests that this Court order either: (i) a Rule 26(f) conference; or (ii) leave to serve its document requests AND conduct depositions on the trigger issue. (City's Ltr., at 2-3.)

The City's request for discovery is premature. As a threshold matter, the Rule 12(b)(6) motions filed by the Joining Insurers to dismiss the City's bad faith claims are still pending before Your Honor. (*See* Deskovic Dkt. Nos. 449-468; McGarr Dkt. Nos. 255-265.) The Joining Insurers have therefore not yet answered the City's complaint or stated any affirmative defenses. To allow discovery before the motions are decided would create peculiar parallel tracks that would only cause confusion and inefficiency.

Your Honor, in fact, has already considered and rejected the City's proposal on that basis. At the hearing held on August 2, 2012, pertinent excerpts of which are attached hereto, the Insurers briefly discussed the potential for Rule 12(c) motions on the pleadings relating only to the trigger of coverage issues. Such motions may in fact result in complete dismissal of the entire third-party action. (*See* 8/2/12 Tr. (rough version), at 52-58.)

The City counter-proposed that it be permitted to seek limited discovery as to the trigger issue while the Rule 12(b)(6) motions were pending. (*Id.* at 52-53.) Your Honor declined the City's proposal, stating that it would decide the Joining Insurers' motions first before making any decisions regarding discovery. (*Id.* at 55-56, 58.) The Court should continue to defer the question of discovery until after the motions to dismiss are resolved.

**Lack of Necessity**

The trigger issue concerns a fundamental question underlying the third-party action – whether any of the liability policies issued by the Joining Insurers were triggered during Mr. Deskovic's incarceration. The Joining Insurers believe the answer to this question is purely a matter of law that may be decided based upon the pleadings and the plain language of the subject policies, all of which have been incorporated by reference in the City's amended third-party complaint. No discovery is needed.

Given that motions on the pleadings on the trigger issue may result in final resolution of the third-party coverage action without the need for discovery, it is logical to postpone consideration of Rule 26(a) requirements until after the proposed motions are decided. The Joining Insurers



indeed emphasized this point at the August 2, 2012 hearing before Your Honor. (*See* 8/2/12 Tr., at 52-58.)

**Lack of Relevance**

The City claims it requires discovery because "Third Party Defendants have faced substantially the same trigger issue in various courts and may have taken varied positions on the issue." It fails, however, to explain why positions purportedly taken by different insurers in different cases and in different jurisdictions warrant fact discovery as to the trigger issue in this case. As indicated above, the trigger question is a matter of law that may be decided based upon the four corners of the pleadings and the four corners of the policies.

In particular, the City demands discovery on other policyholder files that involved innocence claims. (*See* City's Document Requests, Nos. 5-11.) Under this Circuit's case law, such other policyholder discovery has been found relevant only where interpretation of the policy required an exploration of extrinsic evidence to ascertain the meaning of pertinent provisions and terms. See *Champion Int'l Corp. v. Liberty Mut. Ins. Co.*, 128 F.R.D. 608, 611 (S.D.N.Y. 1989) (citing *Olin Corp. v. Insurance Co. of N. Am.*, No. 84 Civ. 1968 (S.D.N.Y. July 10, 1986) (Special Master denied motion to compel "similar claims" files in light of Judge's prior ruling that the interpretation of the insurance policy was not at issue); *Stonewall Ins. Co. v. National Gypsum Co.*, 1988 U.S. Dist. LEXIS 9938, at *9 (S.D.N.Y. Sept. 5, 1988) (granting *limited* discovery on similar claims when interpretation and application of standardized industry-wide terms were at issue in interpreting application of policies to asbestos claims).

A court must interpret insurance policies by the plain meaning of their language. "[C]ontracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense." *Dream Spa, Inc. v. Fireman's Fund Ins.*, 2008 U.S. Dist. LEXIS 8933, 10 (S.D.N.Y. Feb. 5, 2008) (internal quotations and citations omitted). Only where a court decides the policy's provisions or terms are ambiguous should it to look outside the four corners of the insurance contract to extrinsic evidence of intent and meaning. *See Andy Warhol Found. for the Visual Arts, Inc. v. Federal Ins. Co.*, 189 F.3d 208, 215 (2d Cir. N.Y. 1999).

The City has not demonstrated (or even alleged) any ambiguity in the Joining Insurers' policies. Therefore, the City is not entitled to embark on this unnecessary fishing expedition. Virtually all of the City's discovery requests seek such impermissible extrinsic evidence. The City suggests in its letter that a purported difference in positions between Zurich and the other insurers supports its call for discovery. Any such differences are likely the result of contrasting interpretations of law rather than policy language. Indeed, should a time come where the Court determines that a policy ambiguity exists and therefore it is necessary to go outside the four

corners of the insurance contracts, then such "other policyholder" discovery may be entertained. Until then, the City's requests for information on other innocence claims lack relevance.

The City's written discovery is also entirely burdensome, asking for an unlimited and vague universe of documents. By illustration, the last request seeks "[a]ll documents and communications concerning the Policies, including [c]ommunications between and among You, any insurance broker, any agent or intermediary, or any other insurance company or reinsurance company." (*See* City's Document Requests, No. 17.) Rule 26 permits the Court to guard parties against such burdensome and vague discovery. *See* Fed. R. Civ. P. 26(b)(2)(C); *see also Champion Int'l*, 128 F.R.D. at 611-612 (other policyholder disclosure should be limited so as not to be burdensome) (citing *Maryland Casualty v. W.R. Grace*, No. 83 Civ. 7451 (S.D.N.Y. March 4, 1986)). Such protection should be granted to the Joining Insurers here.

A number of the requests also seem geared toward obtaining information on the bad faith claim that the Joining Insurers are seeking to dismiss in their pending Rule 12(b)(6) motions. For instance, Request No. 14 seeks practice guidelines and procedures for claims handlers that "ensure... policyholders' claims are handled consistently and in good faith..." Such discovery requests are clearly premature given the Joining Insurers' pending motions to dismiss.

Therefore, even if Your Honor should decide to hold a discovery conference, the Joining Insurers believe the demands are subject to scrutiny for violating case law and statute, including without limitation, Rule 26(g)(B)(i),(ii),(iii), as they are unnecessary, improper, and unduly burdensome given the posture of the case, and also needlessly increase the cost of litigation.

In sum, there is no logical or efficient reason for engaging in discovery at this juncture of the litigation, whether limited or otherwise. The City's discovery requests further do not appear to be limited to the trigger issue as the City claims, but are instead overbroad. Joining Insurers therefore respectfully request that Your Honor: (1) decline the City's request for a discovery conference at this time; and (2) deny the City's request for leave to re-serve its discovery requests and take depositions.

Sincerely,
HINKHOUSE WILLIAMS WALSH LLP

Patrick T. Walsh

**The Clerk of the Court is respectfully requested to docket this letter.**

So Ordered.

12/10/12

Enclosures: (1) Third-Party Plaintiff City of Peekskill's November 27, 2012 letter with attached discovery requests; and
(2) August 2, 2012 Hearing Transcript (rough version).

HWW HINKHOUSE WILLIAMS WALSH LLP

cc: (via email)
  Peter Meisels, Esq. (peter.meisels@wilsonelser.com)
  James Mitchell, Esq. (jmitchell@stillmanfriedman.com)
  Diane Houk, Esq. (dhouk@ecbalaw.com)
  Debra Greenberger, Esq. (dgreenberger@ecbalaw.com)
  Robert Delicate, Esq. (rdelicate@harwoodlloyd.com)
  Vince Gelardi, Esq. (vg@vincentgelardi.com)
  Nick Brustin, Esq. (nick@nsbcivilrights.com)
  Darcy Ibach (dibach@lbbslaw.com)
  Stephanie A. Nashban (nashban@lbbslaw.com)
  Janet P. Ford (jford@wff-law.com)
  Marianne May (Marianne.may@clydeco.us)
  David Dolendi (david.dolendi@sedgwicklaw.com)
  Jessika Moon (jessika.moon@sedgwicklaw.com)
  Catalina Sugayan (catalina.sugayan@sedgwicklaw.com)
  Thomas Martin (tmartin@putneylaw.com)
  Karen Dixon (karen.dixon@mbtlaw.com)
  Matthew B. Anderson (matthew.anderson@mendes.com)
  Michael Buckley (michael.buckley@rivkin.com)
  Anthony Gambardella (Anthony.gambardella@rivkin.com)
  Steven J. Pudell (spudell@andersonkill.com)
  Vianny M. Pichardo (vpichardo@andersonkill.com)
  Robert Kelly (rkelly@coughlinduffy.com)
  Christopher O'Leary (coleary@coughlinduffy.com)