# NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

Peter J. Neufeld
Barry C. Scheck
Nick Brustin
Debi Cornwall

Anna Benvenutti Hoffmann
Emma Freudenberger
Vanessa Buch
Aaron Scherzer
Alexandra Lampert

Johnnie L. Cochran, Jr.
(1937-2005)

**MEMO ENDORSED**

February 5, 2013

**Via Next Day Air**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

RE: *Deskovic v. City of Peekskill, et al.*, 07-CV-8150 (KMK)(GAY)
*McGarr v. City of Peekskill, et al.*, 07-CV-9488(KMK)(GAY)

Dear Judge Karas:

I write on behalf of Plaintiff Jeffrey Deskovic in regard to two outstanding matters.

First, on January 30, 2013, we received from defense counsel an affidavit from Craig Mausler, Assistant Counsel to the New York State Board of Parole, relating to Mr. Deskovic's Inmate Status Report. Pursuant to the Court's November 28, 2012 Order, I write to inform the Court that Mr. Deskovic does not object to the disclosure to the parties of those portions of the Inmate Status Report that Mr. Mausler has agreed should be released. Moreover, Mr. Deskovic consents to the disclosure to the parties of any other portions of the Inmate Status Report that the Court deems, after *in camera* review, to be subject to disclosure.

Second, in the Court's November 28, 2012 Order, the Court denied the Peekskill Defendants' request to re-open broad discovery relating to Mr. Deskovic's time at the Westchester County Medical Center in 1990. The Court did, however, permit the parties to talk to Dr. Stanley Rothman. Dr. Rothman had conducted a pediatric neurological consultation of Mr. Deskovic at the Westchester County Medical Center on January 10, 1990. On November 30, 2012, Mr. Deskovic provided a signed release to the Peekskill Defendants permitting them to talk to Dr. Rothman about his care of Mr. Deskovic. Our office also contacted Dr. Rothman. Dr. Rothman informed us that he did not have any detailed recollections of his care of Mr. Deskovic,

but he refused to talk to our office unless we paid him at his hourly rate ($500) for five hours of preparation and review of any documents. In other words, before he would talk to us further or answer any substantive questions, Dr. Rothman demanded a check for $2500. We immediately informed counsel for the Peekskill Defendants of Dr. Rothman's position. We informed the Peekskill Defendants that we could not and would not meet this demand and assumed that they would be in agreement.

Since early December, we have sought to come to an agreement with counsel for the Peekskill Defendants regarding Dr. Rothman. We simply asked the Peekskill Defendants to either a) let us know if Dr. Rothman agreed to speak with them under different terms so that we could approach the Court or b) agree that neither side would seek to call Dr. Rothman at trial given his unusual demands. Despite repeated attempts to come to an agreement with the Peekskill Defendants regarding Dr. Rothman, we have been unable to reach any agreement, and thus we have no choice but to seek to depose Dr. Rothman. Therefore, we respectfully request that the Court slightly modify its November 28, 2012 Order to permit a brief deposition of Dr. Rothman.

Respectfully submitted,

Nick Brustin

cc: All counsel

Dr. Rothman may be deposed.

The Court will review the Inmate Status Report.

So ordered.

2/6/13