

**Crum & Forster**
**Managers Corporation (Ill.)**

| Declarations | Excess Insurance Policy | POLICY NUMBER 531-001915-2 |

| | | |
|---|---|---|
| DATE ISSUED 02-05-91 elj | | RENEWAL OR REPLACEMENT OF NEW |

**Item**
**1. NAMED INSURED & ADDRESS**
CITY OF PEEKSKILL
840 MAIN STREET (CITY HALL)
PEEKSKILL, NY 10566

**2. POLICY PERIOD:** POLICY COVERS FROM 12-31-90 TO 12-31-91
12:01 a.m. Standard Time at the Named Insured's address stated above

**3. COVERAGE IS PROVIDED BY COMPANY CHECKED**
☐ UNITED STATES FIRE INSURANCE COMPANY
☐ THE NORTH RIVER INSURANCE COMPANY
☒ INTERNATIONAL INSURANCE COMPANY

**REPRESENTATIVE:**
Agent or Broker: INTERNATIONAL SPECIAL RISK SERVICES, INC.
Office Address: 10 GOULD CENTER, GOLF ROAD
Town, State & Zip: ROLLING MEADOWS, IL 60008

**4. PREMIUM IS PAYABLE**
$ 47,980 in advance adjustable at a rate of _____ per FLAT CHARGE
annual exposure estimated at: _____

$ 47,980 annual minimum premium

**5. UNDERLYING INSURANCE:**
SECTION II OF THE NORTH RIVER INSURANCE COMPANY POLICY # FTZ 503-086942-8
$1,000,000 EACH OCCURRENCE GENERAL LIABILITY (AGREEMENT C)
$1,000,000 EACH OCCURRENCE LAW ENFORCEMENT LIABILITY (AGREEMENT D)
$1,000,000 EACH CLAIM EMPLOYEE BENEFIT LIABILITY (AGREEMENT N)
$1,000,000 EACH OCCURRENCE AUTOMOBILE LIABILITY (AGREEMENT E)

$3,000,000 AGGREGATE LIMIT APPLIES AS RESPECTS C, D AND N.

**6. LIMIT OF LIABILITY**
$1,000,000 EACH OCCURRENCE AND IN THE AGGREGATE, EXCESS OF THE LIMITS STATED IN ITEM #5 ABOVE.

THE AGGREGATE LIMIT ONLY APPLIES AS RESPECTS TO AGREEMENTS C, D, AND N.
THE AGGREGATE LIMIT DOES NOT APPLY TO AGREEMENT E, AUTO LIABILITY.

**ATTACHMENTS:** ~~XXXXXXXXXXXXXXXXX~~
FORMS AND ENDORSEMENTS MADE A PART OF THIS POLICY ARE LISTED ON ATTACHED SCHEDULE 1A.

Countersigned by _David H. [signature]_
AUTHORIZED REPRESENTATIVE

LWB 301 (9/82)
FM 400.0.65 (5-86)


EXHIBIT D

# EXCESS INSURANCE POLICY



Crum & Forster
Managers Corporation (Ill.)



# EXCESS INSURANCE POLICY

**United States Fire Insurance Company**
A New York Corporation
Home Office: New York, N.Y.

**International Insurance Company**
An Illinois Corporation
Home Office: Chicago, Illinois

**Westchester Fire Insurance Company**
A New York Corporation
Home Office: New York, N.Y.

**The North River Insurance Company**
A New Jersey Corporation
Home Office: Township of Morris, N.J.



**Crum & Forster
Managers Corporation (Ill.)**

In consideration of the payment of premium and in reliance upon the statements in the Declarations and subject to all the terms of this policy, the Company named in the Declarations (a capital stock company, herein called the company) agrees with the insured, also named in the Declarations, to provide coverage as follows:

## INSURING AGREEMENT

To indemnify the insured for that amount of loss which exceeds the amount of loss payable by underlying policies described in the Declarations, but the Company's obligation hereunder shall not exceed the limit of liability stated in Declaration 6.

## CONDITIONS

**A. Application of Underlying Insurance.** Except as otherwise stated herein, and except with respect to (1) any obligation to investigate or defend any claim or suit, or (2) any obligation to renew, the insurance afforded by this policy shall apply in like manner as the underlying insurance described in the Declarations.

**B. Maintenance of Underlying Insurance.** It is warranted by the insured that the underlying policies listed in item 5 of the declarations, or renewals or replacements thereof not more restricted, shall be maintained in force as valid and collectible during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during this policy period. In the event of failure by the insured to so maintain such policies in force or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force. Notice of exhaustion of underlying insurance shall be given the company within thirty (30) days of such exhaustion.

**C. Loss Payable.** Liability of the company with respect to any one occurrence shall not attach unless and until the insured, or the insured's underlying insurer, has paid the amount of underlying insurance stated in Declaration 5. The insured shall make a definite claim for loss for which the company may be liable within twelve (12) months after the insured has paid any amount of excess loss, as stated in Declaration 6; or after the insured's liability shall have been made certain by final judgment after actual trial; or by written agreement of the insured, the claimant, and the company. Any subsequent payments made by the insured on account of the same occurrence shall be payable by the company within thirty (30) days after additional claim is made by the insured; and after the insured has shown proof in conformity with this policy.

**D. Premium Computation.** The premium for this policy shall be based upon the rating basis set forth in the declarations and shall be computed by applying the rate set forth in the declarations to each unit of exposure generated by the insured during the policy period. The advance premium is based upon the estimated exposures for the policy period as stated in the declarations. Upon expiration of this policy or its termination during the policy period, the earned premium shall be computed as thus defined. If the computed earned premium is more than the advance premium paid, the named insured shall immediately pay the excess to the company; if less, the company shall return the difference to the named insured; but the company shall receive and retain the annual minimum premium for each twelve (12) months of the policy period.

**E. Assistance and Co-operation.** The company shall not be called upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the insured; but the company shall have the right and opportunity to associate with the insured in the defense and control of any claim or proceeding reasonably likely to involve the company. In such event the insured and the company shall cooperate fully.

**F. Expenses.** Loss and legal expenses incurred by the insured with the consent of the company in the investigation or defense of claims, including court costs and interest, shall be borne by both the company and the insured in the proportion that each party's share of loss bears to the total amount of such loss. Salaries and expenses of the insured's employees shall not be considered as part of the above expenses. Expenses thus paid by the company shall be paid in addition to the limit of liability stated in Declaration 6.

**G. Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve the company hereunder, written notice shall be given as soon as practicable to the company or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and the fullest information obtainable at the time.

The insured shall give like notice of any claim made on account of such occurrence. If legal proceedings are begun, the insured, when requested by the company, shall forward to it each paper thereon, or a copy thereof, received by the insured or the insured's representatives, together with copies of reports of investigations made by the insured with respect to such claim proceedings.

**H. Appeals.** In the event the insured or the insured's underlying insurer elects not to appeal a judgment which exceeds the underlying insurance, the company may elect to do so at its own expense, and shall be liable for the taxable costs, disbursements and interest incidential thereto, but in no event shall the liability of the company for excess loss exceed the amount set forth in Declaration 6.

**I. Subrogation.** In the event of payment under this policy, the company will participate with the insured and any underlying insurer in the exercise of all the insured's rights of recovery against any person or organization liable therefor. Recoveries shall be applied first to reimburse any interest (including the insured) that may have paid any amount, with respect to liability in excess of the limit of the company's liability hereunder, then to reimburse the company up to the amount paid hereunder, and lastly to reimburse such interests (including the insured) to whom this insurance is excess as are entitled to claim the residue, if any. Such expenses incurred in the exercise of rights of recovery shall be apportioned among all interests in the ratio of their respective losses for which recovery is sought.

**J. Cancellation.** this policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents, or by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

Premium adjustment shall be made by the company either at the time cancellation is effected or as soon as practicable thereafter. The check of the company or its representative, mailed or delivered, shall be sufficient tender of any refund due the named insured.

If this policy insures more than one named insured, cancellation may be effected by the first of such named insureds for the account of all insureds; and notice of cancellation by the company to such first named insured shall be notice to all insureds. Payment of any unearned premium to such first named insured shall be for the account of all interests therein.

**K. Other Insurance.** If other valid and collectible insurance is available to the insured which covers a loss also covered by this policy, other than insurance that is specifically purchased as being in excess of this policy, this policy shall operate in excess of, and not contribute with, such other insurance.

**IN WITNESS WHEREOF,** the company has caused this policy to be signed by its vice chairman of the board and secretary but this policy shall not be valid unless completed by the attachment hereto of a Declarations page countersigned by a duly authorized representative of the company.

Antoinette C. Beeney
Secretary

Robert J. Vidro
Vice Chairman of the Board

## NUCLEAR ENERGY LIABILITY
## EXCLUSION ENDORSEMENT

It is agreed that:

I. This policy does not apply:

(a) to injury, sickness, disease, death, destruction or loss

1. with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

2. resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had its policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

(b) to injury, sickness, disease, death, destruction or loss resulting from the hazardous properties of nuclear material, if

1. the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (b) has been discharged or dispersed therefrom;

2. the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

3. the injury, sickness, disease, death, destruction or loss arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to injury to or destruction of or loss of property at such nuclear facility;

II. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (1) or (2) thereof;

"nuclear facility" means

1. any nuclear reactor,

2. any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packaging waste,

3. any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235.

4. any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in self-supporting chain reaction or to contain a critical mass of fissionable material.

With respect to injury to or destruction of or loss of property, the word "injury" or "destruction" or "loss" includes all forms of radioactive contamination of property.

All other terms and conditions of this policy remain unchanged.

FM 400.0.214 (7-87)

```
                              SCHEDULE 1A
                   SCHEDULE OF FORM(S) AND ENDORSEMENT(S)
                                                        POL NO: 531-001915-2
INSURED: CITY OF PEEKSKILL
REFERENCE NO: P285261-M58-01-01         RENEWAL OR REPLACEMENT OF:
-----------------------------------    --------------------------------------

     FM 400.0.214 (7/87)
     COMMERCIAL - EXCESS LIABILITY

09   09 (12/90)
     AIDS DISCRIMINATION EXCLUSION
PA   PA
     PUBLIC OFFICIALS ERRORS & OMISSIONS EXCLUSION
ZA   ZA01
     RIOT OR CIVIL COMMOTION EXCLUSION
PR   PR
     SCHOOL DISTRICT LEGAL LIABILITY EXCLUSION
04   04
     SEXUAL MISCONDUCT EXCLUSION
```

ORIGINAL

ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AIDS DISCRIMINATION EXCLUSION

THIS POLICY DOES NOT PROVIDE COVERAGE FOR VIOLATION OF CIVIL RIGHTS OR DISCRIMINATION RESULTING FROM OR ARISING OUT OF THE ACQUIRED IMMUNE DEFICIENCY SYNDROME (AIDS).

09

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY, UNLESS ANOTHER DATE IS SHOWN BELOW.

| MUST BE COMPLETED | COMPLETE ONLY WHEN THIS ENDORSEMENT IS NOT PREPARED WITH THE POLICY OR IS NOT TO BE EFFECTIVE WITH THE POLICY. |
|---|---|
| POLICY # 531-001915-2 | EFFECTIVE ON AND AFTER DEC 31, 1990 12:01 A.M. STANDARD TIME. ISSUED TO: CITY OF PEEKSKILL ISSUED BY: THE NORTH RIVER INSURANCE COMPANY EXPIRATION DATE: DEC 31, 1991 |

COUNTERSIGNED BY _David H. [signature]_
AUTHORIZED REPRESENTATIVE

PRODUCER'S COPY (1)

ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

PUBLIC OFFICIALS ERRORS OR OMISSIONS EXCLUSION

THIS POLICY DOES NOT APPLY TO ANY CLAIM MADE AGAINST ANY INSURED IN HIS CAPACITY AS, OR ARISING OUT OF HIS ACTIVITIES AS A PUBLIC OFFICIAL AND CAUSED BY, OR ALLEGED TO HAVE BEEN CAUSED BY, ANY NEGLIGENT ACT, ERROR, OR OMISSION OF ANY INSURED, OR ANY OTHER PERSON FOR WHOSE ACTIONS ANY INSURED IS LEGALLY RESPONSIBLE.

PA

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY, UNLESS ANOTHER DATE IS SHOWN BELOW.

| MUST BE COMPLETED | COMPLETE ONLY WHEN THIS ENDORSEMENT IS NOT PREPARED WITH THE POLICY OR IS NOT TO BE EFFECTIVE WITH THE POLICY. |
|---|---|
| POLICY # 531-001915-2 | EFFECTIVE ON AND AFTER DEC 31,1990 12:01 A.M. STANDARD TIME. ISSUED TO: CITY OF PEEKSKILL ISSUED BY: THE NORTH RIVER INSURANCE COMPANY EXPIRATION DATE: DEC 31,1991 |

COUNTERSIGNED BY _David N. Thompson_
AUTHORIZED REPRESENTATIVE

ORIGINAL

ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

RIOT OR CIVIL COMMOTION EXCLUSION

THIS POLICY DOES NOT APPLY TO LIABILITY FOR PERSONAL INJURY OR PROPERTY DAMAGE ARISING OUT OF MOB ACTION, RIOT OR CIVIL COMMOTION, OR OUT OF ANY ACT OR OMISSION IN CONNECTION WITH THE THE PREVENTION OR SUPPRESSION OF ANY OF THE FOREGOING.

ZA

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY, UNLESS ANOTHER DATE IS SHOWN BELOW.

| MUST BE COMPLETED | COMPLETE ONLY WHEN THIS ENDORSEMENT IS NOT PREPARED WITH THE POLICY OR IS NOT TO BE EFFECTIVE WITH THE POLICY. |
|---|---|
| POLICY # 531-001915-2 | EFFECTIVE ON AND AFTER DEC 31,1990 12:01 A.M. STANDARD TIME. ISSUED TO: CITY OF PEEKSKILL ISSUED BY: THE NORTH RIVER INSURANCE COMPANY EXPIRATION DATE: DEC 31,1991 |

COUNTERSIGNED BY _____
AUTHORIZED REPRESENTATIVE

ORIGINAL

ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SCHOOL DISTRICT LEGAL LIABILITY EXCLUSION

THIS POLICY DOES NOT APPLY TO ANY CLAIMS FOR WRONGFUL ACTS MADE AGAINST THE INSURED AS A RESULT OF ACTUAL OR ALLEGED ERRORS, MISSTATEMENTS OR MISLEADING STATEMENTS, ACTS OR OMISSIONS OR NEGLECT OR BREACH OF DUTY BY THE INSURED INDIVIDUALLY OR COLLECTIVELY, IN THE DISCHARGE OF SCHOOL DISTRICT DUTIES.

PR

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY, UNLESS ANOTHER DATE IS SHOWN BELOW.

| MUST BE COMPLETED | COMPLETE ONLY WHEN THIS ENDORSEMENT IS NOT PREPARED WITH THE POLICY OR IS NOT TO BE EFFECTIVE WITH THE POLICY. |
|---|---|
| POLICY # 531-001915-2 | EFFECTIVE ON AND AFTER DEC 31,1990 12:01 A.M. STANDARD TIME. ISSUED TO: CITY OF PEEKSKILL ISSUED BY: THE NORTH RIVER INSURANCE COMPANY EXPIRATION DATE: DEC 31,1991 |

COUNTERSIGNED BY _____
AUTHORIZED REPRESENTATIVE

ORIGINAL

ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SEXUAL MISCONDUCT EXCLUSION

SEXUAL OR PHYSICAL ABUSE OR MOLESTATION OF ANY PERSON BY ANY INSURED, ANY EMPLOYEE OF ANY INSURED OR ANY VOLUNTEER WORKER DOES NOT CONSTITUTE PERSONAL INJURY WITHIN THE TERMS OF THIS POLICY AS SHOWN ON THE UNDERLYING POLICIES LISTED IN ITEM #5 OF THE DECLARATIONS, AND AS SUCH ANY CLAIM ARISING, DIRECTLY OR INDIRECTLY, FROM THE AFOREMENTIONED IS EXCLUDED.

THE COMPANY SHALL NOT HAVE ANY DUTY TO DEFEND ANY CLAIM AND/OR LAWSUIT AGAINST THE INSURED, AND/OR THE INSURED'S EMPLOYEES AND/OR AGENTS SEEKING DAMAGES ON ACCOUNT OF SUCH INJURY.

FOR PURPOSES OF THIS ENDORSEMENT, "MOLESTATION" MEANS AN INTENTIONAL TOUCHING, OR DISPLAY OF THE BODY OF ANY PERSON BY THAT PERSON OR BY ANY OTHER PERSON FOR THE PURPOSE OF ANNOYING, DEGRADING, HUMILIATING, SEXUALLY GRATIFYING OR SEXUALLY AROUSING ANY PERSON.

FOR PURPOSES OF THIS ENDORSEMENT, INTENTIONAL TOUCHING MAY BE, BUT SHALL NOT BE LIMITED TO TOUCHING OF ANY PERSON WITH ANY BODY PART, OBJECT OR ANIMAL WHETHER DIRECTLY OR THROUGH CLOTHING.

04

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

THIS ENDORSEMENT IS A PART OF YOUR POLICY AND TAKES EFFECT ON THE EFFECTIVE DATE OF YOUR POLICY, UNLESS ANOTHER DATE IS SHOWN BELOW.

| MUST BE COMPLETED | COMPLETE ONLY WHEN THIS ENDORSEMENT IS NOT PREPARED WITH THE POLICY OR IS NOT TO BE EFFECTIVE WITH THE POLICY. |
|---|---|
| POLICY # 531-001915-2 | EFFECTIVE ON AND AFTER DEC 31,1990 12:01 A.M. STANDARD TIME. ISSUED TO: CITY OF PEEKSKILL ISSUED BY: THE NORTH RIVER INSURANCE COMPANY EXPIRATION DATE: DEC 31,1991 |

COUNTERSIGNED BY _____
AUTHORIZED REPRESENTATIVE

ORIGINAL