**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY DESKOVIC, | |
| Plaintiff, | Case Nos.  07-CV-8150 (KMK) |
| v. | 07-CV-9488 (KMK) |
| CITY OF PEEKSKILL, PUTNAM COUTNY, DAVID LEVINE, THOMAS McINTYRE, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, and DANIEL STEPHENS, | |
| Defendants. | |
| LINDA McGARR, | |
| Plaintiffs, | |
| v. | |
| CITY OF PEEKSKILL, DAVID LEVINE, THOMAS McINTYRE, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, and DANIEL STEPHENS, | |
| Defendants. | |
| NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL, | **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT** |
| Intervenor-Plaintiff, | |
| v. | |
| COUNTY OF PUTNAM, DANIEL STEPHENS, JEFFREY DESKOVIC and LINDA McGARR, | |
| Defendants | |

## THE NATURE OF THIS ACTION

1. Intervenor-Plaintiff, NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL (hereinafter "NYMIR") seeks a judicial determination that it has no continued obligation to defend and/or indemnify COUNTY OF PUTNAM ("COUNTY") and DANIEL STEPHENS ("STEPHENS") in connection with underlying actions commenced by Jeffrey Deskovic and Linda McGarr.

2. The action is based upon the terms, conditions, provisions and exclusions of NYMIR Law Enforcement Liability Policy number MLE 037-001 issued to the COUNTY.

## THE PARTIES

3. NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. (hereinafter "FOUNDATION") was and remains a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. FOUNDATION's principal place of business is 146 State Street, Albany, NY 12207 and is a citizen of the State of New York pursuant to 28 U.S.C. §1332 (c)(1).

5. NEW YORK MUNICIPAL INSURANCE RECIPROCAL (hereinafter "NYMIR") was and remains a duly licensed Reciprocal Insurance Company, duly organized and existing under and by virtue of the laws of the State of New York and having its principal place of business located at 150 State Street, Albany, NY 12207 and is a citizen of the State of New York pursuant to 28 U.S.C. §1332 (c)(1).

6. Upon information and belief, COUNTY was and remains municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York with a

principal place of business at 40 Glenadia Avenue, Carmel, NY 10512 and as such is a citizen of the State of New York pursuant to 28 U.S.C. §1332 (c)(1).

7. Upon information and belief, STEPHENS was and still is a citizen of the State of New York residing in Brewster, New York.

8. Upon information and belief, JEFFREY DESKOVIC (hereinafter "DESKOVIC") was and still is a citizen of the State of New York residing in Tarrytown, New York.

9. Upon information and belief, defendant LINDA McGARR (hereinafter "McGARR") was and still is a citizen of the State of New York residing in Cobleskill, New York.

10. Defendants DESKOVIC and McGARR have been joined because their rights may be affected by the determination of this action.

## JURISDICTION AND VENUE

11. This action is filed under and pursuant to the federal Declaratory Judgment Act, 28 U.S.C.§2201.

12. An actual controversy of a justiciable nature exists between the parties as to whether coverage should be afforded under the NYMIR LEL Policy.

13. Supplemental jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C.§1367(a).

14. Venue in this District is proper under 28 U.S.C. § 1391 (b) (1) and (2) in that the claims arose in this District.

15. NYMIR is therefore entitled to bring this action in this Court.

## THE *DESKOVIC* and *McGARR* ACTIONS

16. That in or about September 18, 2007, DESKOVIC commenced an action against the COUNTY, STEPHENS and others in United States District Court for the Southern District of New York, captioned, *Jeffrey Deskovic v. City of Peekskill, Putnam County, Westchester County, David Levine, Thomas McIntyre, Walter Brovarski, Eugene Tumolo, John and Jane Doe Supervisors, Daniel Stephens, Louis Roh, Millard Hyland and Alan Tweed* (hereinafter the "*Deskovic* Action). *Docket No. 1.*

17. That in the *Deskovic* Action, DESKOVIC seeks to recover damages for personal injuries sustained as a result of the allegedly unlawful investigation, prosecution and incarceration of Jeffrey Deskovic. *See Deskovic's Third Amended Complaint at Docket No. 268.*

18. That in or about October 24, 2007 McGARR commenced an action against STEPHENS and others in United States District Court for the Southern District of New York, captioned, *Linda McGarr v. City of Peekskill, Westchester County, David Levine, Thomas McIntyre, Walter Brovarski, Eugene Tumolo, John and jane Doe Supervisors, Daniel Stephens, Louis Roh and Millard Hyland* (hereinafter the "*McGarr* Action.) *See Docket No. 1 under 07-cv-9488.*

19. That in the *McGarr* Action, McGARR seeks to recover damages for personal injuries sustained as a result of the allegedly unlawful investigation, prosecution and incarceration of Jeffrey Deskovic. *See Docket No. 1 under 07-cv-9488.*

20. That that *Deskovic* and *McGarr* actions have been consolidated for the purposes of discovery. *Docket No. 43*

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST COUNTY and STEPHENS

21. That from the period January 1, 1995 through January 1, 1996, COUNTY was the Named Insured under a Law Enforcement Liability Policy ("LEL") issued by NYMIR under policy number MLE-037-001 (the "NYMIR LEL Policy"). *A copy of the Policy is annexed as "Exhibit A".*

22. That the NYMIR LEL Policy affords in relevant part, occurrence-based coverage for "damages" because of "wrongful acts" which result in "personal injury", "bodily injury", or "property damage" caused by an "occurrence" and "arising out of the performance of the INSURED'S duties to provide law enforcement and/or other departmentally approved activities as declared in the Application[.]" *Exhibit A at MLE 100-0393 page 1.*

23. That the term "occurrence" is defined by the LEL Policy as "an event, including the continuous or repeated exposure to conditions, which results in PERSONAL INJURY, BODILY INJURY or PROPERTY DAMAGE sustained during the policy period, by any person or organization and arising out of the performance of the INSURED's law enforcement duties." *Exhibit A at MLE 100-0393 page 3.*

24. That NYMIR has been providing the COUNTY and STEPHENS with a defense in the *Deskovic and McGarr* Actions pursuant to a Reservation of Rights.

25. That the defense provided by NYMIR to the COUNTY and STEPHENS was based upon the broad allegations of wrongdoing and injury spanning from 1989 through September 2006.

26. That by letter dated April 27, 2011, Plaintiff DESKOVIC, through his counsel, advised this Court that he intended to drop all claims pending against defendant STEPHENS except for the claims for (1) COUNT II (fabrication of evidence), (2) COUNTS IV and

5

X11 (state and federal malicious prosecution), COUNT VII (failure to intercede) and COUNT IX (conspiracy).

27. That by letter dated November 7, 2011, NYMIR advised the COUNTY and STEPHENS that if plaintiff narrowed his claims as his letter stated he intended to do, no coverage would exist under the NYMIR LEL policy for the remaining claims because all of the allegations of wrongdoing and resulting injury alleged from the remaining claims wholly occurred prior to the inception of the NYMIR LEL policy.

28. That pursuant to the Decision and Order of this Court (Hon. Kenneth M. Karas) dated September 25, 2012, the *McGarr* Action was dismissed as against defendant STEPHENS. *Docket No. 505.*

29. That in its Decision and Order dated September 25, 2012, the Court acknowledged that plaintiff had narrowed the claims he intended to pursue to (1) COUNT II (fabrication of evidence), (2) COUNTS IV and X11 (state and federal malicious prosecution), COUNT VII (failure to intercede) and COUNT IX (conspiracy). *Docket No. 505.*

30. That any and all injury resulting from the alleged fabrication of evidence occurred wholly prior to the inception of the NYMIR LEL Policy.

31. That any and all injury resulting from the alleged state and federal malicious prosecution claims occurred wholly prior to the inception of the NYMIR LEL Policy.

32. That any and all injury resulting from the alleged failure to intercede occurred wholly prior to the inception of the NYMIR LEL Policy.

33. That any and all injury resulting from the alleged conspiracy occurred wholly prior to the inception of the NYMIR LEL Policy.

34. That the only claim against the COUNTY is for respondent superior for the torts alleged against STEPHNS.

35. That because all of the injuries alleged by DESKOVIC and McGARR resulting from the remaining claims alleged against STEPHENS and the COUNTY occurred prior to the inception of the NYMIR LEL Policy, NYMIR is entitled to a declaration that it has no continued duty to defend or indemnify the COUNTY or STEPHENS in the *Deskovic or McGarr* Actions.

36. That because NYMIR has no duty to defend or indemnify the COUNTY or STEPHENS in the *Deskovoic or McGarr* Actions, NYMIR is entitled to a declaration that it may immediately withdraw from providing the COUNTY and STEPHENS a defense in the *Deskovic and McGarr* Actions.

37. That the Plaintiff-Intervenor has commenced the within action to obtain a declaration of the parties' respective rights and obligations under the NYMIR Policy.

38. That an actual controversy exists between the parties, requiring adjudication by this Court pursuant to 28 U.S.C.§2201.

39. That Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff-Intervenor, NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE COMPANY, respectfully requests that declaratory judgment be made and entered herein, adjudging and declaring that NYMIR has no continued duty to defend or indemnify

PUTNAM COUNTY or DANIEL STEPHENS in the main *Deskovic* and *McGarr* Actions.

Dated: Uniondale, NY
      November 29, 2012

                                Yours, etc.,

                                CONGDON, FLAHERTY, O'CALLAGHAN,
                                REID, DONLON, TRAVIS & FISHLINGER

                                By: _____

                                Richard J. Nicolello (RN 4619)
                                Attorneys for Proposed Plaintiff-Intervenor,
                                New York Municipal Insurance Reciprocal
                                333 Earle Ovington Blvd., Suite 502
                                Uniondale, NY 11553
                                rnicolello@cfolegal.com
                                (516) 542-5900

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ALBANY  )

That deponent is the Executive Director of the NEW YORK MUNICIPAL INSURANCE RECIPROCAL, the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponents believes it to be true.

KEVIN CRAWFORD

Sworn to before me this
26th day of November, 2012

Notary Public

JOHN A. MANCINI
Notary Public - State of New York
No. 02MA6107561
Qualified in Saratoga County
My Commission Expires 4/1/2016

9