

## HODGES WALSH & SLATER, LLP
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

John J. Walsh II, Esq.
Direct E-Mail: jwalsh@hwslaw.com

(914) 385-6000
FAX (914) 385-6060
www.hwslaw.com

June 6, 2013

Honorable Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas Street
White Plains NY 10601

        Re: Jeffrey Deskovic v. Putnam County, et al.
        **07 cv 8150 (KMK)**
        Our File No: 010-079 JJW

Honorable Sir,

  This office has recently appeared on behalf of the County of Putnam in the Declaratory Judgment action brought against the County, Daniel Stephens, Jeffrey Deskovic and Linda McGarr by the New York State Local Government Services Foundation, Inc. as attorney-in-fact for New York Municipal Insurance Reciprocal.

  The undersigned has received a copy of the May 7, 2013 letter of Richard Nicolello to Your Honor seeking a Briefing Schedule for a summary judgment motion in the third party action, with opening Briefs to be filed by June 10, 2013.

  It is respectfully submitted that at this juncture, such a motion would be premature. This office has not yet had the opportunity to obtain relevant documents in order to make an assessment of the County's position on the Declaratory Judgment action. This office was not present for the argument heard by Your Honor on April 30, 2013 concerning a possible motion in the Declaratory Judgment claim brought by the City of Peekskill.

  Copies of all relevant policies must be obtained and reviewed together with copies of any correspondence between the carrier and it's insured which may raise issues of estoppel. NYMIR has provided a defense for the County of Putnam since the commencement of this action and "as a general rule, where an insured defends an action on behalf of its insured with the knowledge of a defense to the coverage it is thereafter estopped from asserting that the policy does not cover the claim." Corcoran v. Abbott Sommers, Inc., 143 A.D.2d 874, 533 N.Y.S.2d 511 (2d Dept., 1988). As NYMIR has controlled the defense of the underlying action and has had knowledge of the facts constituting the basis of its denial of coverage since the inception, issues arise as to the propriety of any disclaimer at this late date which must also be investigated.

Daimler Chrysler Ins. Co. v. Zurich Insurance Company, 72 A.D.3d 730, 899 N.Y.S.2d 310 (2d Dept., 2010).

Furthermore, it is understood that there was a letter written to the Court by the attorneys for the plaintiff allegedly narrowing claims asserted by the plaintiffs herein. This office is not in receipt of this letter and as such cannot make a determination as to whether or not the letter in fact narrows plaintiff's claims sufficiently to remove them from coverage under the NYMIR policy. This is particularly true in light of possible issues concerning policy language governing coverage dates. See National Casualty Insurance Co. v. The City of Mount Vernon, 128 A.D.2d 332, 515 N.Y.S.2d 27 (2d Dept., 1987).

Finally, without knowing specifically what claims remain and which have been withdrawn, it is impossible for the undersigned to determine whether or not adequate claims remain to at least require NYMIR to continue its defense of the County, regardless of its duty to indemnify.

Absent a clear understanding of remaining claims; copies of relevant policies; and copies of any correspondence between NYMIR and its insured, it is presently impossible for this office to determine its position on the Declaratory Judgment action and as such it is respectfully submitted that at least some minimal discovery is required prior to a motion for summary judgment being brought.

As always, thank you for your attention.

Most respectfully yours,

John J. Walsh

JJW:kl

Cc: Stephen Wellinghorst, Esq.
Robert Louis Delicate, Esq.
Harwood, Lloyd, LLC
130 Main Street
Hackensack, New Jersey 07601

Emery Celli Brinckerhoff & Abady, LLP
75 Rockefeller Plaza
20th Flr.
New York, NY 10019

James A. Randazzo
Gaines, Gruner, Ponzini & Novick, LLP
11 Martine Ave., 8th Floor
White Plains, NY 10606

*The Clerk is respectfully requested to docket this letter.*

*So ordered*

*[signature] 6/11/13*

Neufeld, Scheck & Brustin, LLP
99 Hudson Street
New York, NY 10013

Daniel Stephens
244 Gage Road
Brewster, NY 10509

Stephen Wellinghorst
Harwood, Lloyd, LLC
130 Main Street
Hackensack, NJ 07601

Congdon Flaherty O'Callaghan Reid Donlon Travis & Fishlinger
333 Earle Ovington Boulevard - 5th Floor
Uniondale, NY 11553