UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
JEFFREY DESKOVIC,

       Plaintiff,

v.

CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, PETER INSERO, and LEGAL AID SOCIETY OF WESTCHESTER COUNTY

       Defendants.
_____
NEW YORK STATE LOCAL GOVERNMENT SERVICES FOUNDATION, INC. as attorney-in-fact for NEW YORK MUNICIPAL INSURANCE RECIPROCAL,

       Intervenor-Plaintiff,

v.

COUNTY OF PUTNAM, DANIEL STEPHENS, JEFFREY DESKOVIC, and LINDA McGARR,

       Defendants.
_____

No. CV-07-8150 (KMK)(GAY)

**ANSWER AND COUNTERCLAIM**

JEFFREY DESKOVIC, by his attorneys, NEUFELD SCHECK & BRUSTIN, LLP, as and for his Answer and Counterclaim to Intervenor-Plaintiff's Verified Complaint, sets forth as follows:

1

## ANSWER AS TO "THE NATURE OF THIS ACTION"

1. Jeffrey Deskovic admits that the Intervenor Plaintiff purports to seek the relief described in paragraph "1" of the verified complaint.

2. Jeffrey Deskovic denies that the single policy referenced in paragraph "2" of the verified complaint is the only policy issued by NYMIR that is implicated in this action, and further denies that the single Law Enforcement Liability coverage section within the referenced policy is the only coverage section that is implicated in this action. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "2" of the verified complaint. Despite numerous requests, Jeffrey Deskovic has still not received a full and complete set of the NYMIR primary and excess policies issued to the County of Putnam for the time period from January 1, 1995 to August 1, 2007. Upon information and belief, NYMIR issued annual primary and/or excess policies to the County of Putnam in every year from January 1, 1995 to August 1, 2007, and each of these policies contain both law enforcement liability and commercial general liability coverage sections that are implicated in this action.

## ANSWER AS TO "THE PARTIES"

3. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the verified complaint.

4. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the verified complaint.

5. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the verified complaint.

6. Jeffrey Deskovic admits the allegations in paragraph "6" of the verified complaint.

7. Jeffrey Deskovic admits the allegations in paragraph "7" of the verified complaint.

8. Jeffrey Deskovic admits the allegations in paragraph "8" of the verified complaint insofar as they allege that he was and is a citizen of New York.  He denies the allegation in that paragraph that he resides in Tarrytown, NY; he currently resides in the Bronx, NY.

9. Jeffrey Deskovic admits the allegations in paragraph "9" of the verified complaint.

10. Paragraph "10" of the verified complaint appears to state a conclusion of law to which no response is required.  To the extent paragraph "10" is deemed to contain factual allegations to which a response is required, Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the verified complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

11. Jeffrey Deskovic admits the allegations in paragraph "11" of the verified complaint.

12. Jeffrey Deskovic admits the allegations in paragraph "12" of the verified complaint.

13. Jeffrey Deskovic admits the allegations in paragraph "13" of the verified complaint.

14. Jeffrey Deskovic admits the allegations in paragraph "14" of the verified complaint.

15. Paragraph "15" of the verified complaint appears to state a conclusion of law to which no response is required.  To the extent paragraph "15" is deemed to contain factual allegations to which a response is required, Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the verified complaint.

## ANSWER AS TO "THE *DESKOVIC* AND *McGARR* ACTIONS"

16. Jeffrey Deskovic admits the allegations in paragraph "16" of the verified complaint.

17. Paragraph "17" contains NYMIR's characterization of the claims and allegations of the claims being asserted by Jeffrey Deskovic in the *Deskovic* Action to which no response is required. To the extent this paragraph is deemed to state factual allegation to which a response is required, Jeffrey Deskovic denies that allegations in that paragraph contain a complete description of his claims as his Third Amended Complaint in the *Deskovic* Action speaks for itself and is the best evidence of its contents.

18. Jeffrey Deskovic admits the allegations in paragraph "18" of the verified complaint.

19. Jeffrey Deskovic admits the allegations in paragraph "19" of the verified complaint.

20. Jeffrey Deskovic admits the allegations in paragraph "20" of the verified complaint.

## ANSWER AS TO "FIRST CAUSE OF ACTION AGAINST COUNTY AND STEPHENS"

21. Jeffrey Deskovic denies that the attached is a complete copy of the policy referenced rather than merely a copy of one of many coverage sections within the policy referenced, and further denies this is the only policy issued by NYMIR that is implicated in this action. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "21" of the verified complaint. Despite numerous requests, Jeffrey Deskovic has still not received a full and complete set of the NYMIR primary and excess policies issued to the County of Putnam for the time period from January 1, 1995 to August 1, 2007.

22. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the verified complaint. Despite numerous requests, Jeffrey Deskovic has still not received a full and complete set of the NYMIR primary and excess policies issued to the County of Putnam for the time period from January 1, 1995 to August 1, 2007.

23. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the verified complaint.  Despite numerous requests, Jeffrey Deskovic has still not received a full and complete set of the NYMIR primary and excess policies issued to the County of Putnam for the time period from January 1, 1995 to August 1, 2007.

24. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the verified complaint.

25. Jeffrey Deskovic admits there are broad allegations of wrongdoing and injury in his Third Amended Complaint.  Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "25" of the verified complaint.

26. Jeffrey Deskovic admits the allegations in paragraph "26" of the verified complaint.

27. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the verified complaint.

28. Jeffrey Deskovic admits the allegations in paragraph "28" of the verified complaint.

29. Jeffrey Deskovic admits the allegations in paragraph "29" of the verified complaint.

30. Jeffrey Deskovic denies the allegations contained in paragraph "30" of the verified complaint.

31. Jeffrey Deskovic denies the allegations contained in paragraph "31" of the verified complaint.

32. Jeffrey Deskovic denies the allegations contained in paragraph "32" of the verified complaint.

33. Jeffrey Deskovic denies the allegations contained in paragraph "33" of the verified complaint.

34. Jeffrey Deskovic admits the allegations in paragraph "34" of the verified complaint that his only claim against the County is one for respondeat superior liability.

35. Jeffrey Deskovic denies the allegations contained in paragraph "35" of the verified complaint.

36. Jeffrey Deskovic denies the allegations contained in paragraph "36" of the verified complaint.

37. Jeffrey Deskovic denies the allegations in paragraph "37" of the verified complaint because the single policy referenced in paragraph "37" of the verified complaint is not the only policy issued by NYMIR that is implicated in this action, and the single Law Enforcement Liability coverage section within the referenced policy is not the only coverage section that is implicated in this action.

38. Jeffrey Deskovic admits the allegations in paragraph "38" of the verified complaint.

39. Jeffrey Deskovic denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the verified complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40. Upon information and belief, the allegations in the underlying Complaint filed by Jeffrey Deskovic fall within the scope of the risks undertaken by Intervenor-Plaintiff as consideration for payment of premiums by the County of Putnam.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

41. Upon information and belief, the Intervenor-Plaintiff has defended the *Deskovic* Action with full knowledge of available defenses to coverage and is estopped from asserting that its policy does not cover the claims asserted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

42. Upon information and belief, Intervenor-Plaintiff accepted tender of the defense of the Putnam Defendants without reserving its right to disclaim coverage and is estopped from denying coverage or discontinue its defense of the Putnam Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

43. Upon information and belief, the Intervenor-Plaintiff has controlled the defense of the Putnam Defendants in the *Deskovic* Action to the prejudice of the Putnam Defendants and is estopped from disclaiming coverage as a result of the same and its own laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

44. Upon information and belief, as a result of the undertaking of the defense of the Putnam Defendants, Intervenor-Plaintiff has caused the Putnam Defendants to be prejudiced through losing the right to conduct its own defense and as a result Intervenor-Plaintiff is estopped from now disclaiming coverage.

**FIRST COUNTERCLAIM AGAINST NYMIR**

45. Upon information and belief, the New York Municipal Insurance Reciprocal ("NYMIR") insured the County of Putnam and Daniel Stephens ("the Putnam Defendants") under a series of annual primary and/or excess insurance policies covering the period from at least January

1, 1995 through August 1, 2007 ("the NYMIR Policies").[1] Upon information and belief, each of the NYMIR Policies contains both a Commercial General Liability ("CGL") coverage section and a law enforcement liability ("LEL") coverage section (as well as other potentially applicable coverage sections), and each coverage section has at least a $1,000,000.00 limit of liability and a defense obligation that does not erode this limit.

46. Upon information and belief, the NYMIR Policies do not contain any provisions that restrict coverage for a claim to just a single coverage section, nor any provisions that prevent the stacking of limits when multiple coverage sections are triggered.  To the contrary, the Policies actually contemplate multiple coverage sections may be triggered (and in such instances provide that the policies will cover the "actual amount of the loss or damage"), and each coverage section contains a separate limit of liability amount.

47. Jeffrey Deskovic's claims can thus trigger <u>either or both</u> of these coverage sections, and there are up to $2,000,000.00 in combined limits available under each Policy if both coverage sections are triggered.

48. Upon information and belief, the CGL coverage sections of the NYMIR Policies contain broad insuring agreements that require nothing more than "detention or imprisonment" during the policy period in order to trigger coverage:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" . . . to which this coverage part applies. . . .
>
> This insurance applies to . . . "Personal Injury" caused by an offense arising out of your business . . . but <u>only if the offense was committed . . . during the policy period</u>.

---

[1] Despite the fact that Jeffrey Deskovic's case has been pending for years, and despite his multiple requests, Mr. Deskovic has yet to receive a complete copy of all of the primary and excess policies issued by NYMIR for the periods identified.

> "Personal Injury" means <u>injury</u>, other than bodily injury, <u>arising out of one or more of the following offenses</u>: (a) false arrest, <u>detention or imprisonment</u> . . . . (Emphasis added).

49. Upon information and belief, the LEL coverage sections of the NYMIR Policies also contain broader insuring agreements that only require "detention or imprisonment," "humiliation or mental distress," or "violation of civil rights" during the policy period to trigger coverage (provided these result from a "wrongful act" caused by an "occurrence," <u>neither of which need be during the policy period</u>):

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of "Wrongful Act(s)" which result in . . . "Personal Injury" . . . caused by an "Occurrence" . . . .
>
> "Wrongful Act" means any actual or alleged act, error, omission, neglect or breach of duty . . . .
>
> "Occurrence" means an event, including continuing or repeated exposure to conditions, <u>which results in . . . "Personal Injury" sustained, during the policy period</u> . . . .
>
> "Personal Injury" means . . . detention or imprisonment . . . humiliation or mental distress . . . [or] violation of civil rights. (Emphasis added).

50. Upon information and belief, the Putnam Defendants complied with all terms and provisions of the NYMIR policies, or were otherwise excused from complying with the same.

51. Upon information and belief, the Putnam Defendants paid substantial premiums for each of the NYMIR Policies, and each of the NYMIR Policies constitutes a valid and enforceable contract.

52. The Putnam Defendants caused Jeffrey Deskovic to suffer detention and imprisonment, humiliation and mental distress, *and* violations of his civil rights, as well as other injuries and offenses, during each of the policy periods from at least January 1, 1995 to August 1, 2007, as set forth in his Third Amended Complaint.

9

53. Upon information and belief, none of the NYMIR Policies contain even a single relevant exclusion, much less any exclusion, exclusionary language, or other term or provision that could be viewed as reducing or aggregating all damages to some single point in time.

54. Upon information and belief, every one of the NYMIR Policies in effect between at least January 1, 1995 and August 1, 2007 is triggered and provides coverage to the Putnam Defendants for Jeffrey Deskovic's claims, including a defense obligation that does not erode the limits of liability.

55. Upon information and belief, no defenses to coverage apply under the NYMIR Policies and/or NYMIR has waived or is estopped from asserting any such defenses.

56. An actual controversy of justiciable nature exists between the parties to this action as to whether there is coverage under any of the NYMIR Policies.

57. Jeffrey Deskovic seeks a declaration pursuant to 28 U.S.C. § 2201 of the various rights, duties, responsibilities and obligations of the parties to this action under each of the NYMIR Policies as they relate to the *Deskovic* Action.

WHEREFORE Jeffrey Deskovic respectfully prays this Court grant the following relief:

   a. A declaration that NYMIR owes a duty to defend or reimburse defense costs and to indemnify the Putnam Defendants in the *Deskovic* Action under one or more of the NYMIR Policies;

   b. A declaration of the various other rights, duties, responsibilities and obligations of the parties to this action under each of the NYMIR Policies as they relate to the *Deskovic* Action;

    c.  A judgment that NYMIR has denied its duty to defend or reimburse defense costs and to indemnify (including funding a settlement), and otherwise failed to provide benefits owed to the Putnam Defendants and to which the Putnam Defendants are entitled, under one or more of the NYMIR Policies for the *Deskovic* Action;

    d.  An award of costs of suit, attorneys' fees, and other costs plus pre- and post-judgment interest; and

    e.  Such other legal and equitable relief that this Court shall deem just and equitable.

Dated:  New York, NY
         July 8, 2013

                                    Respectfully Submitted,

                                    /s/ Aaron Scherzer
                                  Nick Brustin
                                  Anna Benvenutti Hoffmann
                                  Aaron Scherzer
                                  NEUFELD SCHECK & BRUSTIN, LLP
                                  99 Hudson Street, 8th Floor
                                  New York, NY 10013
                                  (212) 965-9081
                                  *Attorneys for Defendant Jeffrey Deskovic*

## CERTIFICATE OF SERVICE

      I, Rhianna Rey, hereby certify that on July 8, 2013 the foregoing Answer and Counterclaim was delivered by UPS Overnight Mail to the chambers of the Hon. Kenneth M. Karas, and was served via ECF upon all counsel of record. It was also served via e-mail on the following counsel on July 8, 2013:

**Stephen Wellinghorst**
**Robert L. Delicate**
Harwood, Lloyd, LLC
130 Main Street
Hackensack, NJ 07601
Phone: 215.359.3535
E-mail: swellinghorst@harwoodlloyd.com
E-mail: rdelicate@harwoodlloyd.com
*Attorneys for the Putnam Defendants*

**Jim A. Randazzo**
Gaines, Novick, Ponzini, Cossuu & Venditti, LLP
11 Martine Avenue, 8th Floor
White Plains, NY 10606
Phone: 914.288.9595 ext. 6291
Fax: 914.288.0850
E-mail: jrandazzo@ggpnllp.com
*Attorney for the Putnam Defendants*

**John J. Walsh**
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
White Plains, NY 10601
Phone: 914.385.6000
Fax: 914.385.6060
E-mail: jwalsh@hwslaw.com
*Attorney for the Putnam Defendants*

**Diane L. Houk**
**Debbie Greenberger**
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Phone: 212.763.5000
Fax: 212.763.5001
E-mail: dhouk@ecbalaw.com
E-mail: dgreenberger@ecbalaw.com
*Attorneys for Defendant Linda McGarr*

**Richard J. Nicolello**
Congdon Flaherty O'Callaghan Reid Donlon Travis & Fishl
333 Earle Ovington Boulevard, 5th Floor
Uniondale, NY 11553
Phone: 516.542.5900
Fax: 516.542.5912
Email: rnicolello@cfolegal.com
*Attorney for Intervenor-Plaintiff New York Municipal Insurance Reciprocal*

      /s/ Rhianna Rey
      Rhianna Rey
      Paralegal