## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY DESKOVIC,

        Plaintiff,

        v.

CITY OF PEEKSKILL, PUTNAM COUNTY,
WESTCHESTER COUNTY, DAVID LEVINE,
THOMAS MCINTYRE, WALTER BROVARSKI,
EUGENE TUMOLO, JOHN AND JANE DOE
SUPERVISORS, DANIEL STEPHENS, LOUIS ROH,
MILLARD HYLAND, PETER INSERO, and LEGAL
AID SOCIETY OF WESTCHESTER COUNTY

        Defendants.

No. CV-07-8150 (KMK)

NEW YORK STATE LOCAL GOVERNMENT
SERVICES FOUNDATION, INC. as
attorney-in-fact for NEW YORK MUNICIPAL
INSURANCE RECIPROCAL,

        Intervenor-Plaintiff,

        v.

COUNTY OF PUTNAM, DANIEL STEPHENS,
JEFFREY DESKOVIC, and LINDA McGARR,

        Defendants.

JEFFREY DESKOVIC,

        Plaintiff,

        v.

**COMPLAINT FOR
DECLARATORY RELIEF**

WESTPORT INSURANCE CORPORATION as
successor-in-interest to NORTH RIVER
INSURANCE COMPANY and MOUNT AIRY
INSURANCE COMPANY,

        Defendant.

1

## COMPLAINT FOR DECLARATORY RELIEF

Jeffrey Deskovic, by and through his attorneys, the law firm of NEUFELD SCHECK & BRUSTIN, LLP, by and for his Complaint for Declaratory Relief against Westport Insurance Corporation as successor-in-interest to North River Insurance Company and Mount Airy Insurance Company (hereinafter "Westport"), states as follows:

1.      On or about September 18, 2007, Jeffrey Deskovic commenced an action against the County of Putnam ("the County") and one of its investigators, Daniel Stephens ("Stephens"), among others, captioned *Jeffrey Deskovic v. City of Peekskill, et al.*, Case No. CV-07-8150 (KMK)(GAY) in the United States District Court for the Southern District of New York ("the Deskovic Lawsuit").

2.      Deskovic alleges, and seeks to recover damages against the County and Stephens for, various acts, omissions, errors, neglect, and breaches of legal and constitutional duties by the County and Stephens throughout and over the course of the entirety of the period from January of 1990 to September of 2006, as well as the resultant injuries suffered by Deskovic throughout and over the course of this same time period, as set forth in his Third Amended Complaint in the Deskovic Lawsuit (Doc. No. 268).

3.      The Deskovic Lawsuit spawned insurance coverage litigation between certain named Defendants and their insurers to determine the availability of insurance for the claims and allegations being asserted in the Deskovic Lawsuit, including Defendant City of Peekskill, which filed a third-party Complaint against its insurers in the Deskovic Lawsuit (Doc. No. 367).

4.      On April 30, 2013, the New York Municipal Insurance Reciprocal ("NYMIR"),
one of the insurers for the County and Stephens, intervened in the underlying litigation
and filed a Complaint for declaratory relief, naming the County, Stephens and Deskovic,
among others (Doc. No. 582).

5.      Upon information and belief, NYMIR insured the County and Stephens under a
series of consecutive, annual primary and/or excess insurance policies from at least
January 1, 1995 through August 1, 2007.

6.      NYMIR did not, however, name or otherwise seek to join or implead Westport,
which is the entity that insured the County and Stephens from at least January 1, 1990
through the issuance of the first NYMIR policy on January 1, 1995.

7.      Westport is also one of the entities that insured the City of Peekskill, and was
named by the City of Peekskill in the third-party insurance coverage litigation filed by the
City of Peekskill.

## PARTIES

8.      Jeffrey Deskovic is, and at all relevant times was, a citizen and resident of the
State of New York.  He resides in Tarrytown, New York.

9.      Upon information and belief, Westport Insurance Corporation is a Missouri
corporation with its principal place of business in Kansas.  Upon information and belief,
Westport Insurance Corporation is the successor-in-interest to North River Insurance
Company and Mount Airy Insurance Company, or has otherwise assumed all liabilities
under the insurance policies sold to the County and Stephens by those companies.  Upon
information and belief, at all relevant times Westport Insurance Corporation was licensed
to and did transact in the business of insurance in the State of New York.

10.     Upon information and belief, North River Insurance Company is a New Jersey corporation with its principal place of business in New Jersey.  Upon information and belief, at all relevant times North River Insurance Company was licensed to and did transact in the business of insurance in the State of New York.

11.     Upon information and belief, Mount Airy Insurance Company is an Indiana corporation with its principal place of business in Chicago, Illinois.  Upon information and belief, at all relevant times Mount Airy Insurance Company was licensed to and did transact in the business of insurance in the State of New York.

### JURISDICTION & VENUE

12.     This Court has jurisdiction pursuant to both 28 U.S.C. § 2201 (the federal Declaratory Judgment Act) and 42 U.S.C. §1367 (supplemental jurisdiction).

13.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

### COVERAGE UNDER THE WESTPORT POLICIES

14.     Westport insured the County and Stephens under a primary insurance policy, Policy No. FTZ 503075711, covering the period from January 1, 1990 to January 1, 1991 ("the 1990 Westport Primary Policy").

15.     The 1990 Westport Primary Policy has limits of $1,000,000.00 per occurrence and $3,000,000.00 in the aggregate, with a $100,000.00 self-insured retention that is eroded by the insured's payment of defense costs.

16.     The 1990 Westport Primary Policy also has a defense obligation that is outside of and does not erode the limits.

4

17.     Westport also insured the County and Stephens under an excess policy, Policy No. 531-001380-6, covering the period from January 1, 1990 to January 1, 1991 ("the 1990 Westport Excess Policy").

18.     The 1990 Westport Excess Policy has a $5,000,000.00 per occurrence and aggregate limit.

19.     This policy also has a defense obligation, which is outside of and does not reduce the limits.

20.     The 1990 Westport Excess Policy follows the form of the 1990 Westport Primary Policy.

21.     The 1990 Westport Primary Policy contains a simple, broad insuring agreement that promises to cover <u>any event during the policy period that results in damage</u>, provided it involves an act, error or omission while performing law enforcement duties.  Nothing more is required to trigger coverage under the Westport Policies.

22.      Once triggered, the 1990 Westport Primary Policy and the 1990 Westport Excess Policy cover "Ultimate Net Loss" in excess of the self-insured retention, which in addition to damages is defined to include, among other things, the following: pre- and post-judgment interest, law costs, lawyers, litigation, and settlement.

23.     Westport also insured the County and Stephens under at least four subsequent, consecutive annual primary policies in effect from January 1, 1991 to January 1, 1995 ("the Additional Westport Primary Policies").

24.     Upon information and belief, the terms, conditions, limits and other provisions of the Additional Westport Primary Policies are identical or substantially similar to the terms, conditions, limits and other provisions of the 1990 Westport Primary Policy.

25.     Notably, the 1990 Westport Primary Policy, the 1990 Westport Excess Policy and, upon information and belief, the Additional Westport Primary Policies (collectively, "the Westport Policies"), were all written and purchased specifically to provide coverage for law enforcement liabilities.

26.     As set forth above, Deskovic alleges, and seeks to recover damages against the County and Stephens for various acts, omissions, errors, neglect, and breaches of legal and constitutional duties committed by the County and Stephens while performing law enforcement duties and acting in furtherance of law enforcement throughout and over the course of the entirety of the period from January of 1990 to September of 2006, as well as the resultant injuries suffered by Deskovic throughout and over the course of this same time period, as set forth in his Third Amended Complaint in the Deskovic Lawsuit (Doc. No. 268).

27.     The claims and allegations in the Deskovic Lawsuit thus trigger the defense and other obligations and, if proven, the indemnity obligation, under all of the Westport Policies.

28.     Upon information and belief, Westport has denied coverage or other benefits, and/or reserved the right to deny coverage or other benefits, to the County and/or Stephens for the Deskovic Lawsuit under one or more of the Westport Policies.

29.     In the Peekskill insurance coverage litigation, the insurance carriers for the City of Peekskill, including Westport, argued that the only policies that could provide coverage to the City of Peekskill and its defendant officers for the Deskovic Lawsuit were the policies in effect at the time Deskovic was arrested and/or convicted.

30.     Upon information and belief, NYMIR intends to similarly argue that the only policy providing coverage to the County and/or Stephens for the Deskovic Lawsuit is the Westport policies in effect at the time Deskovic was arrested and/or convicted.

31.     The complete resolution of the insurance coverage dispute initiated by NYMIR with respect to coverage for the County and Stephens in the Deskovic Lawsuit thus requires a determination as to which policies issued to the County and/or Stephens between January 1, 1990 and August 1, 2007 provide coverage, as well as the rights and obligations of the parties under the policies providing coverage.

32.     As an injured claimant, Deskovic has a direct and indirect interest in the outcome of any dispute related to Putnam's insurance coverage for his injuries.

33.     An actual controversy of justiciable nature thus exists between the parties to this action as to whether there is coverage for the County and Stephens for the Deskovic Lawsuit under the policies issued to the County and/or Stephens by Westport and NYMIR.

34.     Upon information and belief, the County and/or Stephens paid all premiums required for each of the Westport Policies, provided timely notice under each of the Westport Policies, and have otherwise complied with all terms and conditions for coverage under each of the Westport Policies.

35.     There are no coverage defenses under any of the Westport Policies and/or Westport has waived and/or is estopped from relying on any such defenses.

## COUNT FOR DECLARATORY RELIEF

36.     Deskovic incorporates by reference the allegations set forth in paragraphs 1 through 34 above as though fully set forth herein.

37.     Deskovic seeks a declaration of the various rights, duties, responsibilities and obligations of the parties to this action under each of the policies issued to the County and/or Stephens by Westport and NYMIR.

WHEREFORE Jeffrey Deskovic respectfully prays this Court grant the following relief:

   a. A declaration that Westport owes a duty to defend or reimburse defense costs and to indemnify the County and Stephens in the *Deskovic* Action under one or more of the Westport Policies;

   b. A declaration of the various other rights, duties, responsibilities and obligations of the parties to this action under each of the Westport Policies as they relate to the *Deskovic* Action;

   c. An award of costs of suit, attorneys' fees and other costs; and

   d. Such other legal and equitable relief that this Court shall deem just and equitable.

Dated:  New York, NY
        July 22, 2013

                              Respectfully Submitted,

                              Nick Brustin
                              Anna Benvenutti Hoffmann
                              Aaron Scherzer
                              NEUFELD SCHECK & BRUSTIN, LLP
                              99 Hudson Street, 8th Floor
                              New York, NY 10013
                              (212) 965-9081
                              *Attorneys for Plaintiff Jeffrey Deskovic*

## CERTIFICATE OF SERVICE

I, Rhianna Rey, hereby certify that on July 22, 2013 a true and accurate copy of the foregoing Complaint for Declaratory Relief was hand-delivered to the United States District Court for the Southern District of New York for filing on ECF. Also, a courtesy copy was delivered by UPS Overnight Mail to the chambers of the Hon. Kenneth M. Karas and then served to the following counsel by electronic mail:

**Diane L. Houk**
**Debbie Greenberger**
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Phone:  212.763.5000
Fax:  212.763.5001
E-mail: dhouk@ecbalaw.com
E-mail: dgreenberger@ecbalaw.com
*Attorneys for Plaintiff Linda McGarr*

**Joan M. Gilbride**
**Brian M. Sher**
Kaufman, Borgeest & Ryan, LLP
120 Broadway, 14th Floor
New york, NY 10271
Phone: 212.980.9600
Fax: 212.980.9291
Email: jgilbride@kbrlaw.com
Email: bsher@kbrlaw.com
*Attorneys for Intervenor-Plaintiff*
*New York Municipal Insurance Reciprocal*

**John J. Walsh**
Hodges, Walsh & Slater, LLP
55 Church Street, Suite 211
White Plains, NY 10601
Phone: 914.385.6000
Fax: 914.385.6060
E-mail: jwalsh@hwslaw.com
*Attorney for the Putnam County Defendants*

Rhianna Rey
Rhianna Rey
Paralegal

9