
# Tressler LLP

Courtney E. Scott
646-833-0890
cscott@tresslerllp.com

Attorneys at Law
One Penn Plaza
Suite 4701
New York, New York 10119
(646) 833-0900
Fax (646) 833-0877
www.tresslerllp.com

MEMO ENDORSED

October 7, 2013

**VIA FEDERAL EXPRESS**
Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

Re: *Deskovic v. City of Peekskill, et al.*; No. 07-cv-8150 (KMK)

Dear Judge Karas:

     We represent Third Party Defendant Westport Insurance Corporation ("Westport") in connection with the Complaint for Declaratory Relief filed against it by Plaintiff (Docket Entry 614) relating to certain policies of insurance issued by Westport (or its predecessors in interest) to the County of Putnam, New York ("Putnam County"). The Declaratory Action alleges that Westport issued to Putnam County and Defendant Daniel Stephens primary and excess insurance policies for the policy Period January 1, 1990 to January 1, 1991, as well as "four subsequent, consecutive annual primary policies in effect from January 1, 1991 to January 1, 1995. Deskovic seeks a declaration "that Westport owes a duty to defend or reimburse defense costs and to indemnify the County and Stephens in the Deskovic Action under one or more of the Westport Policies."

     Westport would like to immediately move for dismissal of the Complaint for Declaratory Relief under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Deskovic lacks standing to proceed directly against Westport in the absence of a judgment against Putnam County or Daniel Stephens. It is well-established under New York law that an injured party has no standing to proceed against an alleged tortfeasor's insurer before securing a judgment against the tortfeasor. In *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004), the Court of Appeals made clear that judgment against the insured alleged tortfeasor is a statutory pre-requisite for a direct action by a claimant against an insurer. New York has adopted a narrow exception to the common law rule barring such direct actions, currently codified at N.Y. Insurance Law §3420(b)(1), which authorizes "any person who . . . has obtained a judgment against the insured . . . for damages for injury sustained or loss or damages occasioned during the life of the policy or contract" to maintain a direct action against the insurer if judgment against the insured has remained unsatisfied for thirty days after notice of the entry of judgment has been served upon the insured and upon the insurer, as required in N.Y. Ins. Law § 3420 (a)(2). *See, also, U.S. Underwriters v. Ziering*, 2010 U.S. Dist. Lexis 88883, at *18 (E.D.N.Y. Aug. 27, 2010) (under New York Insurance Law § 3420, as interpreted by the New York Court of Appeals in *Lang*, plaintiff in underlying tort action had no standing to seek judgment, declaratory or otherwise, against insurer of underlying defendant).

California | Illinois | New Jersey | New York

That the relief sought by Deskovic is declaratory only does not afford him standing to proceed directly against Westport. The Court of Appeals in *Lang* held that the plaintiff's reliance on New York's declaratory judgment statute, NY CPLR §3001, as the basis for standing was misplaced:

> CPLR 3001 authorizes a court to declare "the rights and other legal relations of the parties to a justiciable controversy," providing a procedure for parties to resolve disputes over existing rights and obligations. What distinguishes declaratory judgment actions from other types of actions or proceedings is the nature of the primary relief sought--a judicial declaration rather than money damages or other coercive relief. But nothing in the language of CPLR 3001 alters the precedent regarding an injured party's standing to sue a tortfeasor's insurer. Plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer, and the statutory right created in Insurance Law § 3420 arises only after plaintiff has obtained a judgment in the underlying personal injury action.

3 N.Y.3d at 355 (internal citation omitted). Federal courts in New York, when presented with the issue of a claimant's pre-judgment status to bring a direct action for declaratory judgment under the federal declaratory judgment act against an alleged wrongdoer's insurer have reached the same conclusion. *See, e.g., Murphy v. Federal Ins. Co.*, 2005 U.S. Dist. LEXIS 7151, at *6 (relying on *Lang* in holding that plaintiff's declaratory judgment claims were premature and that plaintiff lacked standing to seek a declaratory judgment against insurer); *U.S. Underwriters v. Ziering*, 2010 U.S. Dist. Lexis 88883, at *18. The same result should obtain here.

We are aware that Your Honor has scheduled a pre-motion conference for Wednesday, October 23, 2013 at 11:00 a.m. in connection with NYMIR's request to file a motion for summary judgment in connection with its Intervenor Complaint. Westport respectfully requests that its request to file a motion to dismiss the Complaint for Declaratory Relief also be addressed at that conference.

Respectfully submitted,

Courtney E. Scott

cc: Nick Brustin (via email - nick@nsbcivilrights.com)
Anna Benvenutti Hoffmann (via email - anna@nsbcivilrights.com
Aaron Scherzer (via email - aaron@nsbcivilrights.com)
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
*Counsel for Plaintiff Jeffrey Deskovic*

Plaintiff is to respond to this letter by October 15, 2013.

So ordered.

KMK
10/8/13

Diane L. Houk  (via email - dhouk@ecbalaw.com)
Debra L. Greenberger  (via email - dgreenberger@ecbalaw.com)
EMERY CELLI BRINCKERHOFF & ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, New York  10019
*Counsel for Plaintiff Linda McGarr*

Joan M. Gilbride  (via email - jgilbride@kbrlaw.com)
Brian M. Scher  (via email - bsher@kbrlaw.com)
KAUFMAN, BORGEEST & RYAN, LLP
120 Broadway, 14th Floor
New York, New York  10271
*Counsel for Intervenor-Plaintiff*
*New York Municipal Insurance Reciprocal*

John J. Walsh  (via email - jwalsh@hwslaw.com)
HODGES, WALSH & SLATER, LLP
55 Church Street, Suite 211
White Plains, NY  10601
*Counsel for Putnam County Defendants*