**NEUFELD SCHECK & BRUSTIN, LLP**
99 Hudson Street
New York, New York 10013

Tel: 212-965-9081
Fax: 212-965-9084

| | |
|---|---|
| Johnnie L. Cochran, Jr. | Hon. Nancy Gertner (Ret.) |
| (1937-2005) | |
| Peter J. Neufeld | |
| Barry C. Scheck | |
| Nick Brustin | |
| Anna Benvenutti Hoffmann | |
| Emma Freudenberger | |
| Vanessa Buch | |
| Aaron Scherzer | |
| Alexandra Lampert | October 15, 2013 |

**Via ECF and Next Day Air**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

RE: *Deskovic v. City of Peekskill, et al.*, 07-CV-8150(KMK)

Dear Judge Karas:

I write on behalf of Plaintiff Jeffrey Deskovic in response to the October 7, 2013 letter from Courtney Scott on behalf of Westport Insurance Corporation.

As we explained in our July 10, 2013 letter to the Court, Plaintiff Deskovic originally filed his declaratory judgment complaint against Westport because NYMIR had earlier named Mr. Deskovic in a declaratory judgment complaint relating to Putnam County's insurance coverage. We believed that it was an inefficient use of judicial resources to have a declaratory judgment action relating to Putnam's insurance coverage with one relevant insurer (NYMIR) but not the other (Westport).

After reviewing the authority in Ms. Scott's October 7, 2013 letter, however, we agree that before judgment in the underlying action, Mr. Deskovic is not the real party in interest for the Westport declaratory judgment action under New York law. Instead, Putnam County would be the proper real party in interest at this stage. Accordingly, the County is now considering substituting in for Plaintiff Deskovic in the Westport declaratory judgment action. Federal Rule of Civil Procedure 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has

been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Especially in light of the efficiency interests discussed above, we therefore ask the Court to delay further action on the Complaint at least until the October 23, 2013 court conference. At that time, we hope that the parties can discuss the substitution of Putnam County for Plaintiff Deskovic in the Westport declaratory judgment action. Thank you in advance for your consideration of this request.

Respectfully submitted,

Anna Benvenutti Hoffmann

cc: All counsel (via ECF)