Neufeld Scheck & Brustin, LLP

Tel [212] 965-9081         99 Hudson Street 8th Floor
Fax [212] 965-9084         New York, New York 10013
                           nsbcivilrights.com

**MEMO ENDORSED**

May 8, 2014

<u>Via ECF</u>
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

   RE: *Deskovic v. City of Peekskill, et al.*, 07-CV-8150 (KMK)

Dear Judge Karas:

   Plaintiff requests permission to file a very brief surreply memorandum in response to Defendants' May 6, 2014 Reply Memorandum of Law in Further Support of Defendants' Motion in Limine. D.E. 697. The proposed surreply is attached as Exhibit A.

   Permission to file a surreply is left to the sound discretion of the Court, but such filings are particularly appropriate to address new issues raised in reply. *See, e.g., Duraku v. Tishman Speyer Props., Inc.*, 714 F. Supp. 2d 470, 473 (S.D.N.Y. 2010) (Cote, J.); *Totonelly v. Cardiology Assocs. of Corpus Christi, Inc.*, 936 F. Supp. 165, 166 (S.D.N.Y. 1996) (Parker, J.).

   In this case, Defendants' Reply raises two new issues which are relevant to the hearing scheduled to take place on May 13, 2014. First, Defendants have provided a case that they claim demonstrates that courts in this circuit apportion fault in the manner that Defendants' suggest. *See* D. E. 697 at 3–4 (discussing *Sinkov v. Americor, Inc.*, 419 F. App'x 86 (2d Cir. 2011)). Second, Defendants for the first time argue that Plaintiff is judicially estopped from contesting the propriety of apportionment of fault in the upcoming trial. *See id.* at 4–6. Plaintiff submits that this brief surreply will aid the Court in its consideration of these issues at the May 13 hearing.

*[handwritten endorsement:]* The Court will allow the filing of this surreply memorandum. So ordered. [signature] 5/9/14

Respectfully submitted,

*[signature]*

Farhang Heydari
*Attorney for Plaintiff*

CC: All Counsel (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY DESKOVIC, | : |
| Plaintiff, | : |
| v. | : |
| CITY OF PEEKSKILL, PUTNAM COUNTY, WESTCHESTER COUNTY, DAVID LEVINE, THOMAS MCINTYRE, WALTER BROVARSKI, EUGENE TUMOLO, JOHN AND JANE DOE SUPERVISORS, DANIEL STEPHENS, LOUIS ROH, MILLARD HYLAND, PETER INSERO, and LEGAL AID SOCIETY OF WESTCHESTER COUNTY, | : No. 07-CV-8150 (KMK) |
| Defendants. | : |

### PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

Plaintiff writes in brief surreply to address two new issues raised in Defendants' May 6, 2014 Reply Memorandum of Law in Further Support of Defendants' Motion *in Limine*. D.E. 697.

Defendants, for the first time, have offered a case that they suggest demonstrates that courts in this circuit apportion fault as part of a § 1983 jury trial. *See* D.E. 697 at 3–4 (citing *Sinkov v. Americor, Inc.*, 419 F. App'x 86 (2d Cir. 2011)). A closer examination of the facts and procedural history of *Sinkov*, however, belies Defendants' claims.[1] Indeed, the fact that

---

[1] The Second Circuit's decision does not provide much of the relevant factual or procedural background. Plaintiff's information is drawn from the district court's docket, *see Sinkov v. Smith*, No. 07 Civ. 2866, and from conversations with and materials obtained from

1

Defendants hold *Sinkov* out as their best precedent should give the Court pause in considering their apportionment request.

The *Sinkov* plaintiffs—the parents of a pre-trial detainee who committed suicide—brought claims for § 1983 deliberate indifference, state law wrongful death, and state law negligence against two sets of defendants: Putnam[2] (the county, its sheriff, and two employees) and Americor (a contractor). All of the defendants proceeded to trial. On the eve of closing arguments, however, the Putnam defendants settled. After Putnam settled, Americor requested that the jury determine percentages of fault. There is no indication that plaintiffs objected to this request. Indeed, there would be no reason for the plaintiffs to do so because the full case against both Americor and Putnam had already been presented to the jury; the plaintiffs thus suffered no prejudice from having the jury issue an apportionment finding.

After the *Sinkov* jury decided total damages, the court undertook the task of deciding how to treat the Putnam settlement. The parties did not brief the issue. *See Sinkov v. Smith*, No. 07 Civ. 2866, D.E. 145 at 2 n.1 (S.D.N.Y. Dec. 23, 2009) (Attached as Exhibit 1). Nevertheless, Magistrate Judge Davison's approach was distinctly protective of the plaintiffs. The court first ensured that the plaintiffs would recover their full measure of damages, and then the court implemented a measure of future deterrence by determining that Americor would pay the entire cost of the plaintiffs' attorneys' fees. This approach was appropriately protective of the dual principles of § 1983.

The Second Circuit, in an unpublished decision, affirmed the district court. *See Sinkov*, 419 F. App'x 86. The issues on appeal had nothing to do with the propriety of apportionment as

---

counsel for Defendants, James Randazzo, who also represented the two Putnam County employees sued in the *Sinkov* action.

[2] The Second Circuit's decision mistakenly refers to Suffolk County. *See Sinkov*, 419 F. App'x at 89.

2

part of a § 1983 trial. Likely because the procedure was consented to below, neither party even raised that issue on appeal. The Second Circuit did, however, specifically affirm the district court's decision not to apportion attorneys' fees, noting that Americor and Putnam were jointly and severally liable, and Americor was the only defendant that chose not to settle. *Id.* at 93–94.

The contrast between *Sinkov* and this case could not be more stark. First, unlike this case, the *Sinkov* plaintiffs asserted two state law claims that were entirely distinct from their § 1983 claim—one state law claim asserted a different theory of liability (negligence), and the other sought different damages (wrongful death). Second, unlike this case, the settling defendants were part of trial until near the very end, meaning that apportionment would not change the course of the trial. Third, the *Sinkov* plaintiffs consented to apportionment because they would suffer no prejudice. Finally, unlike this case, as a result of Putnam's late settlement, the court was required to make a quick decision without the benefit of briefing. Given these clear differences, Defendants' attempt to rely on *Sinkov* demonstrates the dearth of support for their position.

The second new issue that Defendants have raised is that Plaintiff "should be judicially estopped from arguing that the roles and misconduct of the released tortfeasors would confuse the issues, cause unnecessary complexity, or prejudice the plaintiff." D.E. 697 at 4–5. This argument is confused, at best.

The Second Circuit "has consistently limited the application of judicial estoppel to 'situations where a party both takes a position that is inconsistent with one taken in a prior proceeding, and has had that earlier position adopted by the tribunal to which it was advanced.'" *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 148 (2d Cir. 2005) (quoting *Stichting v. Schreiber*, 407 F.3d 34, 45 (2d Cir. 2005)). Moreover, the doctrine is further limited "to

3

situations where the risk of inconsistent results with its impact on judicial integrity is certain." *Id.* (quoting *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997)).

None of the requirements for judicial estoppel are met in this case. First, Plaintiff's positions in this litigation are in no way inconsistent. Plaintiff has always maintained, and still maintains, that the settling defendants violated Plaintiff's constitutional rights. But now that those defendants are no longer parties, their misconduct is irrelevant to the issues that remain to be tried. Second, regardless of Plaintiff's position with regard to the settling defendants, the Second Circuit has expressly refused to apply judicial estoppel where the prior proceeding resulted in a settlement. *See Simon*, 128 F.3d at 71–72. Finally, Defendants do not even suggest the possibility of inconsistent results or any impact on judicial integrity. In short, Defendants' judicial estoppel argument has absolutely no basis.

Dated: May 8, 2014                                   Respectfully submitted,

                                                     /s/Farhang Heydari
                                                     Nick Brustin
                                                     Anna Benvenutti Hoffmann
                                                     Emma Freudenberger
                                                     Aaron Scherzer
                                                     Farhang Heydari
                                                     Neufeld Scheck & Brustin, LLP
                                                     99 Hudson St, 8th Floor
                                                     New York, NY 10013
                                                     Tel: (212) 965-9081
                                                     Fax: (212) 965-9084

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of *Plaintiff's Surreply in Opposition to Defendants' Motion in Limine* was served via ECF on May 8, 2014 upon all parties of record.

/s/ Farhang Heydari
Farhang Heydari
*Attorney for Plaintiff*
*Jeffrey Deskovic*

5

# EXHIBIT 1

Case 7:07-cv-08150-KMK Document 706 Filed 05/09/14 Page 8 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONNY A. SINKOV, as Administrator of the Estate
of Spencer E. Sinkov, deceased, DONNY A.
SINKOV, and HARA SINKOV,

                07 Civ. 2866 (PED)

        Plaintiffs,

- against -

                **MEMORANDUM AND ORDER**

DONALD B. SMITH, individually and in his official
Capacity as Sheriff of Putnam County, JOSEPH A.
VASATURO, individually, LOUIS G. LAPOLLA,
Individually, THE COUNTY OF PUTNAM,
New York, and AMERICOR, INC.,

        Defendants.
------------------------------------------------------------X

PAUL E. DAVISON, U. S. Magistrate Judge:

After commencement of trial in this action but prior to the close of the case, Plaintiffs and Defendants Smith, Vasaturo, LaPolla, and the County of Putnam reached a settlement agreement whereby Plaintiffs would release all claims, both federal and state, against the referenced defendants in exchange for payment of $500,000.00. *See* Trial Transcript, p. 762, ll. 8-13. Subsequently, the jury reached a verdict determining that the remaining defendant, AmeriCor, Inc., was liable to Plaintiffs under 42 U.S.C. § 1983 as well as for negligence and awarded damages totaling $757,000.00. The jury further determined that AmeriCor, Inc., was responsible for 35% of damages sustained by Plaintiffs. Defendants Smith, Vasaturo, LaPolla, and the County of Putnam were held responsible, cumulatively, for 65% of damages sustained by Plaintiffs.

A non-settling defendant's entitlement to a setoff for any amount received by a plaintiff in settlement from joint tortfeasors in a § 1983 action is a fact-driven inquiry.

*Compare Banks v. Yokemick*, 177 F.Supp.2d 239, 263 (S.D.N.Y. 2001)(holding defendant "is not entitled to the full setoff" available under applicable state statute in § 1983 action), *and Mason v. City of New York*, 949 F. Supp. 1068, 1078 (S.D.N.Y. 1996)(allowing full setoff of amount of settlement in § 1983 action as setoff did not result in diminution of damage award). Given the applicability of the pertinent New York state setoff statute, N.Y. Gen Oblig. Law § 15-108(a)(2009), to the state law negligence claim and the fact that, as in *Mason*, Plaintiffs will recover (as set forth, *infra*) the whole sum of damages as determined by the jury, the Court concludes that it is appropriate to apply § 15-108(a) to the § 1983 claim as well.[1] § 15-108(a) reads, in pertinent part:

> When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

In explaining practical application of the requirements of § 15-108, the New York Court of Appeals held:

> [C]alculating the amount to be paid by nonsettling defendants is a simple task. If the settlement figure is below the settling defendant's equitable share, the nonsettling defendants pay only their equitable share of the verdict. If the settlement exceeds the settling defendant's equitable share, the nonsettling defendants pay only the difference between the settlement and the verdict, equitably apportioned among them. If the settlement exceeds the verdict, the nonsettling defendants have no liability at all.

---

[1] Neither Plaintiffs nor AmeriCor, Inc., have briefed the issue of setoff with regard to the settlement achieved.

2

*Williams v. Niske*, 81 N.Y.2d 437, 440 (N.Y. 1993).[2] In the instant matter, the settlement figure, i.e., $500,000.00, exceeds the settling defendant's equitable share, i.e., $492,050.00. In this situation, as set forth in *Williams*, the nonsettling defendant, AmeriCor, Inc., is to pay only the difference between the settlement and the verdict. Thus, AmeriCor, Inc., is liable in the amount of $257,000.00.[3]

§ 15-108 does not set forth how the amount to be paid by the nonsettling defendant is to be allotted amongst multiple plaintiffs awarded damages from the same injury and there appears to be no binding precedent on the issue. In the absence of statutory direction, equity dictates that, in the face of a reduction of a damages award due to a settlement accepted by all plaintiffs, plaintiffs should recover the same proportion of the award as that to which they would have been entitled had no such reduction taken place. In the instant matter, the Estate of Spencer Sinkov was awarded $750,000.00; the Estate of Hara Sinkov and Donny A. Sinkov were awarded $3,500.00 each. Thus, subject to rounding, the Estate of Spencer Sinkov was awarded 99% of the total amount of damages, and the remaining plaintiffs were awarded .5% of the total amount of damages each. Of the $257,000.00 judgment to be entered against AmeriCor, Inc., then, the Estate of Spencer Sinkov is entitled to $254,430.00 and the remaining plaintiffs are entitled to $1,285.00 each.

---

[2] The formulation set forth by the New York Court of Appeals was held to apply "[w]here there is only one settling defendant whose equitable share of the damages has been determined...." *Williams*, 81 N.Y.2d at 440. As the jury determined the equitable share of damage of the settling defendants in this matter, i.e., 65%, and said defendants reached a global settlement encompassing all claims against them, they may be treated as a singular unit for purposes of applying § 15-108.

[3] Had no settlement occurred, the jury's apportionment would have rendered AmeriCor, Inc., liable for damages totaling $264,950.00.

3

Based on the foregoing and the concurrently filed order on Plaintiffs' Motion for Attorney's Fees and Costs, it is hereby

**ORDERED**, that the Clerk of the Court enter judgment in favor of Plaintiffs and against defendant, AmeriCor, Inc., as follows:

In favor of plaintiff Estate of Spencer E. Sinkov in the sum of $254,430.00;

In favor of plaintiff Donny A. Sinkov in the sum of $1,285.00;

In favor of plaintiff Estate of Hara Sinkov in the sum of $1,285.00;

In favor of plaintiff Estate of Spencer E. Sinkov in the sum of $274,320.00 for attorneys' fees plus plus taxable costs in the amount of $11,302.20.

**SO ORDERED.**

Dated:   White Plains, New York
         December 23, 2009

PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE

4