**Neufeld Scheck & Brustin, LLP**

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

June 3, 2014

**Via ECF**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

      **RE:**   *Deskovic v. City of Peekskill, et al.*, 07-CV-8150(KMK)

Dear Judge Karas:

      In further support of Plaintiff's pending omnibus motion *in Limine*, D.E. 691, Plaintiff writes to notify the Court of today's decision by the Second Circuit in *Stanczyk v. City of New York*, No. 13-1582-cv (2d Cir. June 3, 2014). (Attached as Exhibit A).

      Plaintiff's motion seeks permission from the Court to reference specific, lump-sum damages amounts and specific, unit-of-time damages amounts as part of counsel's arguments to the jury. *See* D.E. 691 at 23–27 (Plaintiff's Proposed Arguments Regarding Damages). *Stanczyck* further supports Plaintiff's motion. The plaintiff in *Stanczyk*, who had prevailed on her § 1983 excessive force claim and been awarded $59,000 in damages by the jury, appealed the jury's damages verdict, arguing that she was entitled to a new trial on damages. *See* Ex. A at 3, 12.

      In rejecting the plaintiff's argument on appeal, the Second Circuit explicitly faulted plaintiff's counsel for not suggesting specific damages amounts to the jury. The Court wrote:

> Moreover, although Stanczyk's counsel elicited substantial testimony and submitted numerous exhibits concerning Stanczyk's physical and emotional pain and suffering, he failed to submit a single medical bill or elicit any testimony from Stanczyk's experts and treating physicians regarding the cost of her medical treatment. **Further compounding this error, Stanczyk's counsel never provided the jury with a reference point from which to gauge Stanczyk's damages. For instance, he elected not to suggest, nor even move for the opportunity to suggest, a specific damages figure to the jury.** *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912-13 (2d Cir. 1997). Rather, as a review of his summation makes clear, Stanczyk's counsel relegated to the jury full discretion to award what it deemed proper.

1

      As this Court has stated, albeit in a somewhat different context, "[a] plaintiff is not permitted to throw [herself] on the generosity of the jury. If [s]he wants damages, [s]he must prove them." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 119 (2d Cir. 2004) (internal quotation marks omitted). Stanczyk's counsel effectively abdicated this duty; in light of the unique facts of this case, his failure to provide evidence as to cost or **to provide the jury with a monetary reference point** precludes a finding that the challenged conduct, even if improper, erroneous, or an abuse of discretion, caused prejudice to the jury's award of compensatory damages.

Ex. A at 14–15 (emphasis added).

      Plaintiff respectfully requests that the Court consider this supplemental authority.

Respectfully submitted,

*/s/ Farhang Heydari*

Farhang Heydari
*Attorney for Plaintiff*

cc: All counsel (via ECF)