

Neufeld Scheck & Brustin, LLP

Tel: [212] 965-9081
Fax: [212] 965-9084

99 Hudson Street, 8th Floor
New York, New York 10013
nsbcivilrights.com

# MEMO ENDORSED

June 18, 2014



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**Via U.S. Mail**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

RE: *Deskovic v. City of Peekskill, et al.*, 07-CV-8150(KMK)

Dear Judge Karas:

    We write, as instructed by your clerk during a phone call with all parties on June 10, to alert the Court that the parties in *Deskovic v. City of Peekskill, et al.* have reached an agreement concerning the upcoming June 30, 2014 trial and related proceedings.[1] The parties have agreed to enter into a settlement wherein Mr. Deskovic will receive one of two amounts—depending on whether the jury finds liability on any one of Mr. Deskovic's claims—following a trial on liability and damages. As part of this agreement: (1) Defendants would waive their right to any setoffs from any prior settlements; (2) Plaintiffs would waive their right to seek punitive damages from Defendant Stephens; (3) should the jury be deadlocked, all parties would consent to a less-than-unanimous liability verdict; and (4) all parties would waive their right to any post-trial motions or appeals. The settlement amount will encompass all attorneys' fees, costs and disbursements, thereby obviating the need for any post-verdict motion practice concerning fees.

    Furthermore, through the process of negotiating this agreement, the parties have agreed on additional stipulations that will narrow the scope of trial considerably. In addition to the stipulation concerning Mr. Deskovic's lost wages previously filed with the Court (D.E. 709), the parties have agreed on a stipulation concerning Mr. Deskovic's psychiatric damages to be read to the jury, eliminating the need for any expert testimony on damages. The parties also have agreed to eliminate three liability experts. And the parties have agreed to read deposition testimony from an additional fact witnesses, George Bolen, in lieu of live testimony.

---

[1]     In order to keep the information contained in this letter from being made public to the jury, we are submitting this letter to the Court *via* U.S. Mail rather than by ECF, pursuant to Section I.A. of Your Honor's Individual Rules of Practice.

Finally, Defendants have agreed to withdraw their opposition to Plaintiff's motion seeking permission from the Court to reference specific, lump-sum damages amounts and specific, unit-of-time damages amounts as part of counsel's arguments to the jury. See D.E. 691 at 23–27 (Plaintiff's Proposed Arguments Regarding Damages). Thus, the Court need not decide that motion.

The parties will submit an amended pretrial order accounting for these additional stipulations and agreements under separate cover, and will promptly provide any additional information the Court requests.

Respectfully,

Nick Brustin

cc: All counsel (*via email*)

The Clerk of the Court is respectfully requested to docket this letter.

So Ordered.

6/18/14